I Jeffrey Adamson, make the following declaration pursuant to 28 U.S.C. § 1746

1. I am employed by the Department of veterans Affairs at the VA Pittsburgh Healthcare System located in Pittsburgh, Pennsylvania.

2. I was the acting VISN 4 FOIA officer for the Pittsburgh VISN 4 office from January 3, 2015 through February 28, 2015 and processed the portion of Dr. Wadhwa's request that pertained to VISN 4 records.

3. I received Dr. Wadhwa's FOIA/PA request on February 6, 2015 after being referred from the Philadelphia VA Medical Center (Exhibit A).

4. I reviewed the written request and confirmed that the portions of the request pertaining to the interim VISN 4 director and determined that records regarding this portion would fall under VISN 4 custody.

5. I provided an initial acknowledgment letter to Dr. Wadhwa on February 10, 2015 in reference to the portion of the request pertaining to the VISN 4 interim director (Exhibit B). In this letter I also asked for clarification and provided him the guidelines for him to respond to my letter within 30 days, as well as my contact information.

6.  On February 17, 2015 Dr. Wadhwa responded to my request for clarification along with Lauren Russo's' request for clarification, titled "Second Formal FOIA/Privacy Act Request". Mr. Wadhwa did respond to my portion of the request pertaining to VISN 4 records.

7.  On February 20, 2015 I sent a follow up letter to Dr. Wadhwa acknowledging receipt of his clarification regarding VISN 4 records (Exhibit C) and advised him of the scope of search that would be conducted based on a good faith effort to understand the records he was seeking. This letter also contained his denial of a fee waiver and he was offered appeal rights pertaining to this fee waiver denial.

8. On February 24, 2015 I began to search for VISN 4 records by sending an Email search request to the VISN 4 Privacy Officer Barbara Becker, asking her to direct this search request to the correct staff within VISN 4.

9. On March 6, 2015 I received a reply regarding the search for VISN 4 records from Ed Grezenda which included the responsive VISN 4 records.

10. I conducted a review of the responsive records, and provided an initial agency decision to Dr. Wadhwa on March 10, 2015 and he was provided a copy of 17 pages of paper documents which contained redactions under FOIA exemption B6, to protect personal privacy interest.  Dr. Wadhwa was offered his appeal rights regarding this Initial Agency Decision.

11. At the conclusion of processing this FOIA request for the VISN 4 office, I was completed with my time as acting VISN 4 FOIA officer and any further correspondence was routed to the VISN 4 office.

I declare under penalty of perjury that all of the forgoing statements are true and correct to the best of my knowledge and belief.

Executed this 6th day of July 2015.

_____

Jeffrey Adamson

# Exhibit A

**Dom Wadhwa, M.D.**
Philadelphia VA Medical Center
3900 Woodland Avenue
Philadelphia, PA 19104
Telephone: (215) 823-5859

January 21, 2015

<u>VIA E-MAIL & FAX</u>

Ed Grzenda, FOIA & Privacy Officer
Department of Veterans Affairs Medical Center
3900 Woodland Avenue
Philadelphia, PA 19104
Telephone: (610) 384-7711, ext. 2239; Fax: (202) 632-7581

Civil Action Lawsuit – filed January 20, 2015
U.S. District Court for the Eastern District of Pennsylvania

*Dom Wadhwa, M.D., pro se*
*v. Secretary for Veterans Affairs*
Department of Veterans Affairs (Agency)

**Title VII Violation**
**False Reporting to State Medical Licensing Board to revoke Medical License**
**And Proposed Removal from Employment for *alleged* Misconduct**

Dear Mr. Grzenda,

Please be advised that I, Dom Wadhwa, M.D., as pro se plaintiff, filed a civil action lawsuit on January 20, 2015, against management officials at the Philadelphia VA Medical Center (Agency), with regard to Title VII violation of Federal law, "**False Reporting to State Medical Licensing Board to revoke Medical License And Proposed Removal from Employment of VA Physicians, including myself, for *alleged* Misconduct.**"

As part of the civil action lawsuit that I filed on January 20, 2015, I am making a formal request for documents under the Freedom of Information Act (FOIA), as amended, 5 U.S.C. §552, in conjunction with the Privacy Act, 5 U.S.C. §552a., including, but not limited to, the details surrounding the Title VII violation by management officials at the Philadelphia VA Medical Center (PVAMC, Agency), which resulted in posting of "Notice to Employees" by Gary W. Devansky (Mr. Devansky), former Interim Network Director, VISN 4, dated December 2, 2014, which expires on February 3, 2015. (**Exhibit A**)

If this request has been misdirected, I request that you inform me immediately in writing and either apprise me of the proper individual to whom this request should be made, or, in the alternative, direct this Freedom of Information Act/Privacy Act request to the appropriate official. If any part of my request is denied, please list the specific exemptions which are being claimed to withhold information. If you determine that some portions of the requested material are

exempt, please provide me with the remaining non-exempt portions in accordance with the Act. I reserve my right to appeal any decision to withhold information and request that you inform me of the address and office where such an appeal can be sent.

**Please number the items furnished to correspond with my request.** If any of the requested information does not exist, please so state.

I agree to pay all reasonable costs for locating the requested information and reproducing it. However, in the interests of justice, I request that you waive all fees in connection with this request. If this request is processed under the Privacy Act, I expect, as the Act provides, that no fees will be charged for locating requested files. If the fee waiver is not granted and fees will exceed $50.00, I request permission to review the records which are responsive to this request and select those which I want copied. In the event a delay is encountered with regard to any portion of the requested information, I request that the remaining portions be sent to me without delay.

For the purposes of this **Freedom of Information Act (FOIA)/Privacy Act** request, the term "document", or "documents" means any written, electronic, computer stored, recorded, filmed, or graphic matter, whether produced, reproduced or on paper, cards, tapes, films, electronic facsimile, computer storage devices or any other media, including, but not limited to, memoranda, notes, emails, minutes, records, photographs, correspondence, faxes, diaries, reports, studies, charts, graphs, statements, notebooks, handwritten notes, appointment calendars, notes, records and recordings of oral conversations, work papers, and also including, but not limited to, originals and all copies which are different in any way from the original ...ther by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise, and drafts which are in the possession, custody or control of your present or former agents, representatives, or attorneys or any and all persons acting on their behalf, including documents at any time in the possession, custody or control of such individuals or entities known by you to exist.

This FOIA/Privacy Act request concerns information and documents related to the details surrounding the Final Agency Decision issued by the Office of Employment Discrimination Complaint Adjudication (OEDCA), which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. Title VII Federal law requires that there is no discrimination against any employee or applicant because of the person's **race, color, religion, sex, national origin, age or physical or mental disability** with respect to hiring, firing, promotion, compensation, or other terms, conditions or privileges of employment. Federal law also **prohibits reprisal** against employees who participate in EEO proceedings or otherwise oppose unlawful discriminatory employment practices.

Mr. Devanksy's "Notice to Employees" dated December 2, 2014 (**Exhibit A**), states, "The Department of Veterans Affairs Medical Center in Philadelphia, supports and will comply with such Federal law and will **not retaliate** against individuals because they exercised their rights under law. The Department of Veterans Affairs Medical Center in Philadelphia, Pennsylvania, has **remedied** the discrimination found in the OEDCAs Final Action or decision. The Department of Veterans Affairs Medical Center in Philadelphia, Pennsylvania, will **not** in any manner restrain, interfere, coerce or **retaliate** against any individual who exercises his or her right to oppose practices made

unlawful by, or who participate in proceedings pursuant to, Federal Equal Employment Opportunity law."

The documents requested under the FOIA/Privacy Act are described below.

1.     Produce all documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails) reviewed by OEDCA, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

2.     Produce all documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails) considered by OEDCA, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

3.     Produce all documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails) supporting OEDCAs decision, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. This request also includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

4.     Produce all documents (including electronic versions, such as emails, and also attachments to the emails) concerning, reflecting, representing and/or summarizing any findings or conclusions by OEDCA, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

5.     Produce all documents (including electronic versions such as emails, and also attachments to the emails) reflecting, representing and/or summarizing any communications by, between and among agency personnel with respect to hiring, firing, promotion, compensation, reporting of *alleged* misconduct to the State Licensing Board, a *proposed* removal from VA employment for *alleged* misconduct, or other terms, conditions or privileges of employment, including, but not limited to:

    a. Daniel Hendee, Medical Center Director, PVAMC;

    b. Gary Devansky, former Director, Interim Network VISN 4;

    c. Ralph Schapiro, M.D., Chief of Staff, PVAMC;

    d. Elizabeth Datner, M.D., Associate Chief of Staff, PVAMC;

    e. Rosalinda Dirienzo, M.D., Chief of Compensation & Pension (C&P) Section, PVAMC;

    f. William Kavesh, M.D., Staff Physician, C&P Section, PVAMC;

g. Ramesh Gupta, M.D., former Staff Physician, PV. C;

h. Mukesh Jain, M.D., former Assistant Chief of Staff, PVAMC;

i. Chief, Patient Advocate, PVAMC;

j. Gregory Weller, Chief of Employment Labor Relations, PVAMC;

k. Richard Nelson, Chief of Human Resources, PVAMC; and

l. any other VA agency official;

who were involved with respect to hiring, firing, promotion, compensation, reporting of *alleged* misconduct to the State Licensing Board, a *proposed* removal from VA employment for *alleged* misconduct, or other terms, conditions or privileges of employment of Mukesh Jain, M.D., former Assistant Chief of Staff at PVAMC, and Ramesh Gupta, M.D., former Staff Physician at PVAMC, and any other employee, which resulted in posting of "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expires February 3, 2015). This request also includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

6. Produce all documents by, between and among agency personnel (including electronic versions, such as emails, and also attachments to the emails) related to hiring, firing, promotion, compensation, reporting of *alleged* misconduct to the State Licensing Board, a *proposed* removal from VA employment for *alleged* misconduct, or other terms, conditions or privileges of employment of Mukesh Jain, M.D., former Assistant Chief of Staff at PVAMC, and Ramesh Gupta, M.D., former Staff Physician at PVAMC, and any other employee, which resulted in posting of "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expires February 3, 2015). This request also includes copies of all documents (electronic or hard copies) which represent copies or blind copies, but not limited to:

a. Daniel Hendee, Medical Center Director, PVAMC;

b. Gary Devansky, former Director, Interim Network VISN 4;

c. Ralph Schapiro, M.D., Chief of Staff, PVAMC;

d. Elizabeth Datner, M.D., Associate Chief of Staff, PVAMC;

e. Rosalinda Dirienzo, M.D., Chief of Compensation & Pension (C&P) Section, PVAMC;

f. William Kavesh, M.D., Staff Physician, C&P Section, PVAMC;

g. Ramesh Gupta, M.D., former Staff Physician, PVAMC;

h. Mukesh Jain, M.D., former Assistant Chief of Staff, PVAMC;

i. Chief, Patient Advocate, PVAMC;

j. Gregory Weller, Chief of Employment Labor Relations, PVAMC;

k. Richard Nelson, Chief of Human Resources, PVAMC; and

l. any other VA agency official;

All notes created or maintained by, or in the possession of the above or any other agency officials related to hiring, firing, promotion, compensation, reporting of *alleged* misconduct to the State Licensing Board, a *proposed* removal from VA employment for *alleged* misconduct, or other terms, conditions or privileges of employment of Mukesh Jain, M.D., former Assistant Chief of Staff at PVAMC, and Ramesh Gupta, M.D., former Staff Physician at PVAMC, and any other employee, which resulting in posting of "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expires February 3, 2015).

Also, please include the following documents:

1. Produce all documents used as evidence in the evidence folder which resulted in removal of Mukesh Jain, M.D., from his position as Assistant Chief of Staff at PVAMC;

2. Produce all documents used as evidence in the evidence folder for *proposed* **reporting the State Licensing Board** of *alleged* misconduct (**Exhibit B**) and *proposed* removal of Ramesh Gupta, M.D., from his 27- year full-time VA employment as Staff Physician at PVAMC, on or about December 18, 2014;

3. Produce all documents used as evidence in the evidence folder which resulted in removal or *proposed* removal, or any other incident/disciplinary action cited as Title VII violation of any employee, from his/her position at PVAMC, that resulted in posting of "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expires February 3, 2015). (**Exhibit A**);

4. Produce all documents used as evidence in charging me (Dr. Wadhwa) for *alleged* misconduct with <u>reduction in my performance pay</u> by 21% on February 25, 2014 for the fiscal year 2013 (**Exhibit C**), and a <u>further reduction</u> in my performance pay by 56% on January 8, 2014 for the fiscal year 2014 (**Exhibit D**), i.e., a **progressive punitive disciplinary action** <u>taken against me</u> by the management officials at PVAMC;

5. Produce all documents compiled against me by the management officials at PVAMC, to use as evidence for my *alleged* misconduct, and subsequent *proposed* disciplinary action, inclusive but not limited to reduction in performance pay (**Exhibits C & D**), *proposed* major disciplinary action, including but not limited to *proposed* removal from my full-time VA employment, as was done so, for Dr. Gupta, on or about December 18, 2014;

6. Produce all documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails, and training sessions, etc.) of all the steps taken by management officials at PVAMC (Agency) to **remedy** the discrimination

found in the OEDCAs Final Action or decision, as stated in "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expires February 3, 2015).

Please note, as stated above, this request of documents is being made pursuant to the Privacy Act, 5 U.S.C. § 552, and FOIA, 5 U.S.C. §552a, as well as 38 C.F.R. §1.550 and 38 C.F.R. §1.577. Please respond to this request within twenty (20) days of the date of this request pursuant to 5 U.S.C. §552 (a)(6)(A)(2)(i).

Additionally, although an extension of time to respond may be requested, it may only be granted for 'unusual circumstance.' Predictable agency workload is not typically considered unusual circumstance, as stated in 5 U.S.C. §552 (a)(6)(C)(ii). Moreover even to the extent that an unusual circumstance could be demonstrated in this instance, the time limit for the extension is limited to '10 working days' pursuant to 38 C.F.R. §1.553 (d).

Please be advised that failure to respond to this request within twenty (20) days may result in filing an administrative appeal with office of the Secretary of the Department of Veterans Affairs pursuant to 38 C.F.R. §1.557 and 5 U.S.C. §552 (a)(6)(A)(2)(ii), and potentially filing a federal lawsuit in the U.S. District Court of New Jersey, to compel the production of this information, and be subjected to court fees in compelling production of this information, pursuant to 38 U.S.C. § 552a (g)(I) of the Privacy Act, and 38 U.S.C. §552 (a)(4)(B) of FOIA.

I am an individual seeking the above limited documents, for personal use as evidence in my civil lawsuit of the prohibited personnel practices, employment discrimination based on a physician's race, color, national origin, age, and repeated title VII violation of Federal Law, by management officials at PVAMC, and not for commercial use. Please advise me when the requested documents will be supplied, so that I may provide this information to the U.S. District Court for the Eastern District of Pennsylvania, and if I may be permitted to submit a supplement to this request (after receipt of the requested documents).

Please do not hesitate to call me on my cell phone (609) 220-2771.

Respectfully submitted,

Dom Wadhwa MD

Dom Wadhwa, M.D., *pro se*

Dated: January 21, 2015

Enclosures: Exhibit A – Notice to Employees by Gary W. Devansky, Interim Network Director, VISN 4

Exhibit B - False reporting to State Licensing Board of *alleged* misconduct
Exhibit C - 21% reduction in performance pay for *alleged* misconduct FY 2013
Exhibit D - 56% reduction in performance pay for *alleged* misconduct FY 2014

Please mail the above requested documents for personal use to my home address:

Dom Wadhwa, M.D.
215 East Camden Avenue, H-13
Moorestown, NJ 08057
Telephone: (856) 235-7530

cc: Timothy Burke, M.D., Acting Chief Medical Officer (CMO), VISN 4
            (Telephone: (724) 477 5003)
    Gary Devansky, former Interim Network Director, VISN 4
    James P. Horan, Director, FOIA Service
        VA Central Office, Washington, D.C. 20420 (Telephone: (202) 632 7543)
            (Fax: (202) 632-7581)
    Tammy L. Kennedy, Principal Deputy General Counsel (024)
        VA Central Office, Washington, D.C. 20420
    Sloan Gibson, Deputy Secretary of Veterans Affairs
        VA Central Office, Washington. D.C. 20420
    Maxanne R. Witkin, Director
        VA Office of Employment Discrimination Complaint Adjudication (OEDCA)
        1575 I Street, NW, Washington, DC 20420

Exhibit A

**NOTICE TO EMPLOYEES**

This Notice is posted pursuant to a recent Final Agency Decision issued by the Office of Employment Discrimination Complaint Adjudication (OEDCA), which found that a violation of Title VII occurred at this facility.

Federal law requires that there be no discrimination against any employee or applicant because of the person's RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE OR PHYSICAL or MENTAL DISABILITY with respect to hiring, firing, promotion, compensation, or other terms, conditions or privileges of employment. Federal law also prohibits REPRISAL against employees who participate in EEO proceedings or otherwise oppose unlawful discriminatory employment practices.

The Department of Veterans Affairs Medical Center in Philadelphia, Pennsylvania, supports and will comply with such Federal law and will not retaliate against individuals because they have exercised their rights under law.

The Department of Veterans Affairs Medical Center in Philadelphia, Pennsylvania, has remedied the discrimination found in OEDCAs Final Action or decision.

The Department of Veterans Affairs Medical Center in Philadelphia, Pennsylvania, will ensure that officials responsible for personnel decisions and terms and conditions of employment will abide by the requirements of all federal equal employment opportunity laws and will not retaliate against employees who file EEO complaints.

The Department of Veterans Affairs Medical Center in Philadelphia, Pennsylvania, will not in any manner restrain, interfere, coerce or retaliate against any individual who exercises his or her right to oppose practices made unlawful by, or who participates in proceedings pursuant to, Federal equal employment opportunity law.

Gary W. Devansky Interim Network Director, VISN 4

Date Posted: _Dec 2, 2014_

Posting Expires: _Feb. 3, 2015_

Exhibit B

reply.  You may make arrangements for your oral reply by calling ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓, Human Resources Specialist, at (215) 823-▓▓▓▓

4.  **RIGHT TO REVIEW MATERIAL:** The evidence on which this notice of proposed action is based is enclosed for your review.  You will be allowed eight (8) hours of official duty time for reviewing the evidence relied on to support the reason in this notice, preparing a written reply, securing affidavits, and for making a personal reply.  Arrangements for the use of official time or requests for additional time should be made with me.

5.  **RIGHT TO REPRESENTATION:** You may be represented by an attorney or other representative of your choice at all stages of this matter, up to and including the issuance of the decision.  Any representative must be designated in writing (Designation of Representative form enclosed).

6.  **DECISION:** The final decision to effect the action proposed has not been made. Daniel D. Hendee, FACHE, Medical Center Director, who will make the final decision, will give full and impartial consideration to your reply(ies), if submitted, along with the Supervisor's Checklist for any Mitigating or Aggravating Factors. You will be informed in writing of the final decision as soon as possible after your reply has been considered or after the expiration of the time allowed for reply, if you do not reply.  If an action is effected, your right to appeal under the VA Grievance Procedure will be included in the decision letter.

7.  **DUTY STATUS:** You will be retained in a pay and duty status during the period of advance notice.

8.  **EFFECTIVE DATE:** If it is decided to take the proposed action, such action will be effective not less than 30 calendar days from the day following the date you received this notice.

9.  **REPORTING TO STATE LICENSING BOARD:** It is the policy of the VA to report to the State Licensing Board those licensed healthcare professionals, whether currently employed or separated, voluntarily or otherwise, whose clinical practice during VA employment so significantly failed to meet generally accepted standards of clinical professional practice as to raise reasonable concerns for the safety of patients.  In the event you are found to not meet standards of care, consideration will be given whether, under these criteria, you should be reported to the State Licensing Board(s).

9

# Exhibit C

## Department of Veterans Affairs

### PERFORMANCE PAY RECOMMENDATION & APPROVAL

| PERIOD COVERED | SERVICE/LOCATION |
|---|---|
| 10/1/12-9/30/13 | Compensation and Pension |

| NAME | | LAST 4 DIGITS OF SSN | PAY TABLE/TIER |
|---|---|---|---|
| Wadhwa  Dom | | | VM 15/14 |

| ANNUAL PAY | MAXIMUM TARGET PERFORMANCE PAY | % OF ANNUAL PAY |
|---|---|---|
| | 14,884 | 7.5 |

1. Mandatory Training (See Attached)

2. Professionalism (See Attached)

3. Timeliness (See Attached)

4. Quality of Reports (See Attached)

5. Special Contributions (See Attached)

| SUPERVISORY OFFICIAL (Print name below) | SIGNATURE | DATE 2-25-14 |
|---|---|---|
| EMPLOYEE (Print name below) | SIGNATURE | DATE |

| RECOMMENDED PERFORMANCE PAY | 11,330  B/1722 | % OF ANNUAL PAY 6.75 |
|---|---|---|

**DESCRIBE THE DEGREE TO WHICH GOALS AND OBJECTIVES WERE MET**

Please see attached supporting document

| RECOMMENDING OFFICIAL (Print name and title) | SIGNATURE | DATE 12/30/13 |
|---|---|---|

APPROVED AMOUNT (if different than recommended amount)

| APPROVING OFFICIAL (Print name and title) | SIGNATURE | DATE 3/12/14 |
|---|---|---|
| DANIEL B. HENDEE, FACHE, Director | Daniel D Hendee | |

VA FORM
DEC 2005   **10-0432**

Exhibit D

# PERFORMANCE PAY
## RECOMMENDATION & APPROVAL

**VA** Department of Veterans Affairs

| PERIOD COVERED | SERVICE/LOCATION |
|---|---|
| 10/1/13 to 9/30/14 | Philadelphia VA Medical Center |

| NAME | LAST 4 DIGITS OF SSN | PAY TABLE/TIER |
|---|---|---|
| WADhWA, Dom. | | |

| ANNUAL PAY | MAXIMUM TARGET PERFORMANCE PAY | % OF ANNUAL PAY |
|---|---|---|
| | | 7.5% |

1. PROFESSIONALISM (SEE ATTACHED): 2%

2. QUALITY (SEE ATTACHED): 2%

3. TIMELINESS (SEE ATTACHED): 2%

4. COLLATERAL DUTIES/SPECIAL CONTRIBUTIONS (SEE ATTACHED): 1.5%

5.

| SUPERVISORY OFFICIAL (Print name below) | SIGNATURE | DATE |
|---|---|---|
| ████████████████ | ████████████ | 1-8-15 |

| EMPLOYEE (Print name below) | SIGNATURE | DATE |
|---|---|---|
| | | |

| RECOMMENDED PERFORMANCE PAY | 6500 | % OF ANNUAL PAY | |
|---|---|---|---|

DESCRIBE THE DEGREE TO WHICH GOALS AND OBJECTIVES WERE MET

CSSC coordinator for C+P
Regularly Assists NHS with C+P Assignment.
Several complaints from veterans/ staff.

| RECOMMENDING OFFICIAL (Print name and title ) | SIGNATURE | DATE |
|---|---|---|
| | | |

APPROVED AMOUNT (if different than recommended amount)

| APPROVING OFFICIAL (Print name and title) | SIGNATURE | DATE |
|---|---|---|
| | | |

# Exhibit B



University Drive
Pittsburgh, PA 15240
412.822.2222

February 10, 2015                                              FOIA Request 15-06922-FP

Dom Wadhwa, M.D.
215 East Camden Ave, H-13
Moorestown, NJ 08057

Dear Mr. Wadhwa:

This letter acknowledges receipt of your January 21, 2015 request under the Freedom of
Information Act (FOIA), 5 U.S.C. § 552, to the Philadelphia VA Medical Center, FOIA case #
15-06143-FP. A portion of your request was received in the VISN 4 FOIA Office on February 6,
2015 after being transferred from the Philadelphia VA Medical Center for the portion of the
request in reference to records regarding Gary Devansky, former Director Interim Network
VISN 4. Specifically you are asking for:

Item # 5

Produce all documents (including electronic versions such as Emails, and also attachments to the emails)
reflecting, representing and/or summarizing any communications by, between, and among agency
personnel with respect to hiring, firing, promotion and compensation, reporting of alleged misconduct to
the state licensing board, a proposed removal from VA for alleged misconduct, or other terms conditions
or privileges of employment including but not limited to

Gary Devansky, former Director Interim Network VISN 4

Who were involved with respect to hiring, firing, promotion, compensation, reporting of alleged
misconduct to the state licensing board, a proposed removal from VA employment for alleged
misconduct, or other terms, conditions, or privileges of employment of Mukesh Jain, MD former
assistant Chief of staff at PVAMC, and Ramesh Gupta, MD former staff physician at PVAMC and any
other employee which resulted in posting of "notice to employees" by Mr. Devansky, on December 2,
2014. This request also includes copies of all documents (electronic or hard copy) which represent
copies or blind copies.

Produce all documents, by between and among agency personnel ( including electronic versions, such as
emails and also attachments to the emails) related to hiring, firing, promotion, compensation, reporting
of alleged misconduct to the state licensing board, a proposed removal from VA employment for alleged
misconduct, or other terms, conditions or privileges of employment of Mukesh Jain MD, former
assistance chief of staff at PVAMC, and Ramesh Gupta MD staff physician at PVAMC and any other
employee which resulted in posting of "notice to employees" by Mr. Devansky on December 2, 2014.
This request also includes copies of all documents (electronic or hard copy) which represent copies or

Dom Wadhwa, M.D.
Page 2
February 10, 2015

blind copies, but not limited to

Gary Devansky, former Director Interim Network VISN 4.

All notes created or maintained by, or in the possession of the above or any other agency officials related to hiring , firing,  promotion, compensation, reporting of alleged misconduct to the state licensing board, a proposed removal from VA employment for alleged misconduct, or other terms, conditions or privileges of employment of Mukesh Jain MD, former assistance chief of staff at PVAMC, and Ramesh Gupta MD staff physician at PVAMC and any other employee which resulted in posting of "notice to employees" by Mr. Devansky on December 2, 2014.

The VISN 4 FOA Office received your FOIA request from the Philadelphia VA medical Center on February 6, 2015. We assigned the VISN 4 portion of your FOIA request the tracking number at the top of this letter. Please include this tracking number in all future communications concerning this FOIA request. Also be advised that based on the amount of time necessary for processing this FOIA request, it has been placed in the complex processing track.

As the Philadelphia VA Medical center has sent you a letter seeking clarification, our office will await your response with clarification regarding your request prior to proceeding. Specifically we also seek clarification regarding item 5, and specifically are looking for clarification regarding:

1. The time period covered by this request
2. For the individual listed above, whether that individual is the subject of the requested records, or a potential custodian of the requested records.

In accordance with VA's implementing regulations, found at 38 C.F.R. § 1.554(d) (4), I am providing you with 30 calendar days to provide clarification on your request. If I have not heard from you by March 10, 2015, I will assume that you are no longer interested in pursuing your request and will take the appropriate measures to administratively close your request.  Please keep in mind that the timeframe, which we have to respond to your FOIA request does not run while we are waiting your response to our request for clarification.

If you have any questions about your request, you may contact me at (412)-822-1124 between the hours of 8:00 am and 4:30 pm Monday through Friday except for Federal Holidays.

Dom Wadhwa, M.D.
Page 3
February 10, 2015

Sincerely,

JEFFREY ADAMSON
VAPHS Privacy/FOIA Officer
VISN 4 FOIA Officer (Acting)

# Exhibit C



University Drive
Pittsburgh, PA 15240
412.822.2222

February 20, 2015                                          FOIA Request 15-06922-FP

Dom Wadhwa, M.D.
215 East Camden Ave, H-13
Moorestown, NJ 08057

Dear Mr. Wadhwa:

This letter acknowledges receipt of your February 17, 2015 follow up clarification letter in reference to your request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to the Philadelphia VA Medical Center, FOIA case # 15-06143-FP. A portion of your request was received in the VISN 4 FOIA Office on February 6, 2015 after being transferred from the Philadelphia VA Medical Center for the portion of the request in reference to records regarding Gary Devansky, former Director Interim Network VISN 4. Specifically you are asking for:

Item # 5

Produce all documents (including electronic versions such as Emails, and also attachments to the emails) reflecting, representing and/or summarizing any communications by, between, and among agency personnel with respect to hiring, firing, promotion and compensation, reporting of alleged misconduct to the state licensing board, a proposed removal from VA for alleged misconduct, or other terms conditions or privileges of employment including but not limited to

Gary Devansky, former Director Interim Network VISN 4

Who were involved with respect to hiring, firing, promotion, compensation, reporting of alleged misconduct to the state licensing board, a proposed removal from VA employment for alleged misconduct, or other terms, conditions, or privileges of employment of Mukesh Jain, MD former assistant Chief of staff at PVAMC, and Ramesh Gupta, MD former staff physician at PVAMC and any other employee which resulted in posting of "notice to employees" by Mr. Devansky, on December 2, 2014. This request also includes copies of all documents (electronic or hard copy) which represent copies or blind copies.

Produce all documents, by between and among agency personnel ( including electronic versions, such as emails and also attachments to the emails) related to hiring, firing, promotion, compensation, reporting of alleged misconduct to the state licensing board, a proposed removal from VA employment for alleged misconduct, or other terms, conditions or privileges of employment of Mukesh Jain MD, former assistance chief of staff at PVAMC, and Ramesh Gupta MD staff physician at PVAMC and any other employee which resulted in posting of "notice to employees" by Mr. Devansky on December 2, 2014. This request also

Dom Wadhwa, M.D.
Page 2
February 20, 2015

includes copies of all documents (electronic or hard copy) which represent copies or blind copies, but not limited to

Gary Devansky, former Director Interim Network VISN 4.

All notes created or maintained by, or in the possession of the above or any other agency officials related to hiring , firing,  promotion, compensation, reporting of alleged misconduct to the state licensing board, a proposed removal from VA employment for alleged misconduct, or other terms, conditions or privileges of employment of Mukesh Jain MD, former assistance chief of staff at PVAMC, and Ramesh Gupta MD staff physician at PVAMC and any other employee which resulted in posting of "notice to employees" by Mr. Devansky on December 2, 2014.

The VISN 4 FOA Office received your FOIA request from the Philadelphia VA medical Center on February 6, 2015. We assigned the VISN 4 portion of your FOIA request the tracking number at the top of this letter. Please include this tracking number in all future communications concerning this FOIA request. Also be advised that based on the amount of time necessary for processing this FOIA request, it has been placed in the complex processing track.

As the Philadelphia VA Medical center has sent you a letter seeking clarification, that office will provide a response to you in reference to the portion of the FOIA request that they will be addressing. In your clarification response, you indicated a search time as a two year time period for the individual(s) who were subjected to employment discrimination at PVAMC which resulted in OEDCA's final agency decision as stated in "notice to employees" by Mr. Devansky, dated December 2, 2014.  As we have made a good faith effort to understand what records you seek, and try to establish a reasonable scope, we will search for all records responsive to your FOIA request beginning December 2, 2013 through February 20, 2015. Specifically we will search for records limited to the following scope:

1. Documents in Mr. Devansky's custody from OEDCA of the employees at the PVAMC against whom the unlawful discriminatory employment practice occurred, and the circumstances that led to the issuance of the final agency decision by OEDCA which found that violation of title VII occurred at this facility, as stated in Mr. Devansky's "Notice to employees", dated December 2, 2014.

2. Documents (including electronic versions such as Emails, and also attachments to the emails) reflecting, representing and/or summarizing any communications by, between, and among agency personnel with respect to hiring, firing, promotion and compensation, reporting of alleged misconduct to the state licensing board, a proposed removal from VA for alleged misconduct, or other terms conditions or privileges of employment including but not limited to

   Gary Devansky, former Director Interim Network VISN 4

Dom Wadhwa, M.D.
Page 3
February 20, 2015


Please be advised that this search will pertain to the VISN 4 office only and you will receive correspondence from the Philadelphia VA Medical Center, and the OEDCA offices in respect to other elements of your request. Also be advised that when determining the scope of a FOIA request, courts have generally held that agencies are not required to answer questions posed as FOIA request, nor are they required to respond to request by creating records. So in reference to elements of your request that ask "who were involved", that element of your request will not be considered in this search as it is posed as a question.

In addition to requesting information, you also seek a waiver of the associated fees.

The FOIA, 5 U.S.C. § 552(A) (4) (a) (II), places all FOIA requesters in one of three categories for fee purposes.  The statute establishes the fees that may be charged for each category of requester.  The three statutory categories of FOIA requesters are commercial use requesters; educational institutions, noncommercial scientific institutions, and representative of the news media; and all other requesters.  Based upon information provided in your FOIA request, I have determined your request to be an "all other requestor."
As an "all other" requestor, VA's implementing FOIA regulations found at 38 C.F.R. §1.561 (c) (4) state that an all other requestor will be charged fees to recover the full reasonable direct cost of searching for and reproducing records responsive to a FOIA request, except that the first 2 hours of search time and the first 100 pages of reproduction will be furnished without cost.  The fees associated with processing of your request will be addressed at a later date.

Based on the analysis of the information you presented in your fee waiver request, I have determined that VHA is not required to waive the fees associated with producing records responsive to your FOIA request.

Agencies are to apply the statutory test for fee waivers neutrally to all FOIA requesters to determine whether they qualify for FOIA fee waivers.  The factors in determining whether an Agency should waive the fees associated with a particular FOIA request are stated in the statute, 5 U.S.C. § 552(a) (4) (a) (iii), "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of government and is not primarily in the commercial interest of the requester."

The statutory fee waiver standard contains two basic requirements, both of which must be met before fees can be waived.  The first requirement is that "disclosure of the requested information is in the public interest because it is likely to contribute significantly to the public understanding of the operations or activities of the government."  The second requirement is that the "disclosure of the information is not primarily in the commercial interest of the requester."  Where one or both of these requirements is not satisfied, a fee waiver is not warranted under the statute.  Further, the requester should address both of the statutory requirements in sufficient detail for the agency to make an informed decision as to whether it

Dom Wadhwa, M.D.
Page 4
February 20, 2015

can appropriately waive fees.  In this regard, it is the requester's responsibility to provide sufficient evidence to demonstrate his or her entitlement to a fee waiver.

To waive the FOIA fees associated with producing the requested records, I must determine, based upon a review of the documents and the materials submitted by requester, that the records in question: (1) concern VHA operations or activities,  (2) the information in the documents is "likely to contribute" to an understanding of VHA's operations and activities, (3) after disclosure to the requester, the information in the documents will contribute to the "public understanding" of VHA operations, and (4) the contribution to the public's understanding will be "significant".  I must also determine that (1) the requester does not have a commercial interest that would be furthered by the requested disclosure, or, if so, (2) the magnitude of the identified commercial interest of the requester is not sufficiently large, in comparison with the public interest in disclosure, that the disclosure would be "primarily in the commercial interest of the requester."

I have determined your request does not contain sufficient detail to meet the public interest requirement, as you do not specify how this information is likely to contribute *significantly* to the public's understanding of VHA's operations or activities in any identified area. Your request also does not describe how you are in a position to disseminate the information requested to members of the general public and therefore contribute to the general public's understanding. For these reasons, your request for a fee waiver is denied.

Please be advised you may appeal the denial of your fee waiver request to:

> Office of the General Counsel (024)
> Department of Veterans Affairs
>  810 Vermont Avenue, N.W.
> Washington, D.C.  20420

If you should choose to file an appeal, your appeal must be postmarked no later than sixty (60) calendar days from the date of this letter.  Please include a copy of this letter with your written appeal and clearly state why you disagree with the determinations set forth in this response.

Dom Wadhwa, M.D.
Page 5
February 20, 2015

If you have any questions about your request, you may contact me at (412)-822-1124 between the hours of 8:00 am and 4:30 pm Monday through Friday except for Federal Holidays.

Sincerely,

JEFFREY ADAMSON
VAPHS Privacy/FOIA Officer
VISN 4 FOIA Officer (Acting)

# Exhibit D



University Drive
Pittsburgh, PA 15240
412.822.2222

March 10, 2015                                         FOIA Request 15-06922-FP

Dom Wadhwa, M.D.
215 East Camden Ave, H-13
Moorestown, NJ 08057

Dear Mr. Wadhwa:

This letter is the initial agency decision to your January 21, 2015 request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to the Philadelphia VA Medical Center, FOIA case # 15-06143-FP and specifically the portion of your request that was received in the VISN 4 FOIA Office on February 6, 2015 after being transferred from the Philadelphia VA Medical Center in reference to records regarding Gary Devansky, former Director Interim Network VISN 4. Specifically you are asking for:

Item # 5

Produce all documents (including electronic versions such as Emails, and also attachments to the emails) reflecting, representing and/or summarizing any communications by, between, and among agency personnel with respect to hiring, firing, promotion and compensation, reporting of alleged misconduct to the state licensing board, a proposed removal from VA for alleged misconduct, or other terms conditions or privileges of employment including but not limited to

Gary Devansky, former Director Interim Network VISN 4

Who were involved with respect to hiring, firing, promotion, compensation, reporting of alleged misconduct to the state licensing board, a proposed removal from VA employment for alleged misconduct, or other terms, conditions, or privileges of employment of Mukesh Jain, MD former assistant Chief of staff at PVAMC, and Ramesh Gupta, MD former staff physician at PVAMC and any other employee which resulted in posting of "notice to employees" by Mr. Devansky, on December 2, 2014. This request also includes copies of all documents (electronic or hard copy) which represent copies or blind copies.

Produce all documents, by between and among agency personnel ( including electronic versions, such as emails and also attachments to the emails) related to hiring, firing, promotion, compensation, reporting of alleged misconduct to the state licensing board, a proposed removal from VA employment for alleged misconduct, or other terms, conditions or privileges of employment of Mukesh Jain MD, former assistance chief of staff at PVAMC, and Ramesh Gupta MD staff physician at PVAMC and any other employee which resulted in posting of "notice to employees" by Mr. Devansky on December 2, 2014. This request also

Dom Wadhwa, M.D.
Page 2
March 10, 2015

includes copies of all documents (electronic or hard copy) which represent copies or
blind copies, but not limited to

Gary Devansky, former Director Interim Network VISN 4.

All notes created or maintained by, or in the possession of the above or any other agency
officials related to hiring , firing,  promotion, compensation, reporting of alleged misconduct to
the state licensing board, a proposed removal from VA employment for alleged misconduct, or
other terms, conditions or privileges of employment of Mukesh Jain MD, former assistance
chief of staff at PVAMC, and Ramesh Gupta MD staff physician at PVAMC and any other
employee which resulted in posting of "notice to employees" by Mr. Devansky on December 2,
2014.

The VISN 4 FOA Office received your FOIA request from the Philadelphia VA medical Center
on February 6, 2015. We assigned the VISN 4 portion of your FOIA request the tracking
number at the top of this letter. Please include this tracking number in all future
communications concerning this FOIA request. Also be advised that based on the amount of
time necessary for processing this FOIA request, it has been placed in the complex processing
track.

As the Philadelphia VA Medical center has sent you a letter seeking clarification, that office will
provide a response to you in reference to the portion of the FOIA request that they will be
addressing.

In your clarification response, you indicated a search time as a two year time period for the
individual(s) who were subjected to employment discrimination at PVAMC which resulted in
OEDCA's final agency decision as stated in "notice to employees" by Mr. Devansky, dated
December 2, 2014.  As we have made a good faith effort to understand what records you
seek, and try to establish a reasonable scope, a search for all records responsive to your FOIA
request beginning December 2, 2013 through February 20, 2015 was conducted.

My review of the documents revealed that they contained information that falls within the
disclosure protections of FOIA Exemption 6, [5 U.S.C. § 552(b) (6)].  FOIA Exemption 6
permits VA to withhold information within a document if disclosure of the information would
constitute a clearly unwarranted invasion of a living individual's personal privacy.  Stated
another way, VA may withhold information under Exemption 6 where disclosure of the
information, either by itself or in conjunction with other information available to either the public
or the FOIA requester, would result in an unwarranted invasion of an individual's personal
privacy without contributing significantly to the public's understanding of the activities of the
federal government.

Specifically, the information I am withholding, as indicated on the enclosed documents, under
FOIA Exemption 6 consists of individual names, former positions/titles and agency case

Dom Wadhwa, M.D.
Page 3
March 10, 2015

numbers pertaining to individual names as the individuals associated with this information have
a personal privacy interest in it.

The coverage of FOIA Exemption 6 is absolute unless the FOIA requester can demonstrate a
countervailing public interest in the requested information by demonstrating that the individual
is in a position to provide the requested information to members of the general public and that
the information requested contributes significantly to the public's understanding of the activities
of the Federal government.  Additionally, the requester must demonstrate how the public's
need to understand the information significantly outweighs the privacy interest of the person to
whom the information pertains.  Upon consideration of the materials provided, I have not been
able to identify a countervailing public interest of sufficient magnitude to outweigh the privacy
interest in this case.  The individuals associated with this information have a personal privacy
interest in information that outweighs any public interest served by disclosure of their identities
under FOIA.  Consequently, I am denying your request for this information under FOIA
Exemption 6, 5 U.S.C. § 552 (b) (6).  We have provided you a copy of 17 pages of paper
documents however we have redacted or blacked out information under FOIA exemption 6.

If you disagree with my determination to withhold the information under FOIA Exemption 6,
please be advised you may appeal to:

> Office of the General Counsel (024)
> Department of Veterans Affairs
> 810 Vermont Avenue, N.W.
> Washington, D.C. 20420

If you should choose to file an appeal, your appeal must be postmarked no later than sixty (60)
calendar days from the date of this letter.  Please include a copy of this letter with your written
appeal and clearly state why you disagree with the determinations set forth in this response.

Please be advised that this search pertains to the VISN 4 office only and you will receive
correspondence from the Philadelphia VA Medical Center, and the OEDCA offices in respect
to other elements of your request.

Sincerely,

JEFFREY ADAMSON
VAPHS Privacy/FOIA Officer
VISN 4 FOIA Officer (Acting)