# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOM WADHWA, M.D. ) | |
| ) | |
| **Plaintiff** ) | Civil Action No. 1:15-cv-02777-RBK- |
| **KMW** | |
| ) | |
| ) | |
| **v.** ) | |
| ) | |
| ROBERT MCDONALD, SECRETARY ) | |
| DEPARTMENT OF VETERANS ) | |
| AFFAIRS, ) | |
| **Defendant** ) | |
| ) | |

## DECLARATION OF LAUREN RUSSO

I, Lauren Russo, make the following declaration pursuant to 28 U.S.C. §1746:

1. I am employed by the Department of Veterans Affairs at the Office of Regional Counsel located in Philadelphia, Pennsylvania.

2. I was the Acting FOIA Officer at the Philadelphia VA Medical Center during from August 2014 through April 2015 and processed Dr. Wadhwa's FOIA/Privacy Act Request.

3. I received Dr. Wadhwa's FOIA/Privacy Act Request via the Philadelphia VA Medical Center's FOIA email account on January 21, 2015. (Exhibit A).

4. I reviewed the written request and determined that the Philadelphia VA Medical Center was not the custodian of the records responsive to Items 1-4, documents related to an Office of Employment Discrimination Complaint Adjudication file nor records responsive to items 5b and 6b, documents related to Gary Devansky, former Interim VISN 4 Director.

5. I searched the VHA FOIA Directory and the OEDCA website tor the contact information for FOIA requests and finally determined that Laurie Karnay was the appropriate FOIA Officer to handle the requests for the documents pertaining to the OEDCA files. I referred that part (items 1-4) of Dr. Wadhwa's request to Ms. Karnay in FOIAXpress.

6. I further determined that Jeffrey Adamson was the appropriate FOIA Officer to handles those parts of Dr. Wadhwa's request that pertained to the Interim VISN Director.  I referred that part (items 5b and 6b) of Dr. Wadhwa's request to Mr. Adamson in FOIAXpress.

7. I researched fee waivers and prepared my response regarding Dr. Wadhwa's request for a fee waiver. I also determined that items 5, 6, 11, and 12 (I renumbered Dr. Wadhwa's second list of 6 items to form a continuous list of 12 items).  (Exhibit B).

8. In my response to Dr. Wadhwa on February 6, 2015, I acknowledge receipt of his request.  I also requested clarification of his request for items 5, 6, 11, and 12. Further, I notified him of the "no records" responses for items 1-4, 5b, and 6b. Finally, I denied Dr. Wadhwa's request for a fee waiver.  I provided the regulation authorizing me to request clarification. I also provided him with his appeal rights to contest the "no records" responses and the denial of fee waiver.  (Exhibit B).

9. On February 17, 2015, Dr. Wadhwa responded to both my request for clarification and Jeffrey Adamson's similar request in a letter he deemed a "Second Forma FOIA/Privacy Act Request." (Exhibit C).  The letter is mostly dedicated to outlining Dr. Wadhwa's allegations of impropriety on the part of the Agency, but he did respond to Mr. Adamson's request for clarification regarding Mr. Devanksy's documents and my request for a time frame for the documents pertaining to the employment actions and discrimination complaint discussed in his request.  However, Dr. Wadhwa did not respond to the bulk of my questions regarding the documents requested in items 5 and 6. Dr. Wadhwa concluded by ignoring the 30pday deadline for clarification and provided his opinion that an extension was not appropriate.  (Exhibit C).

10. I began to search for records responsive to the clarified items while I awaited further clarification from Dr. Wadhwa.  I searched the Employee Relations (ER) files for records related to Dr. Jain's reassignment (item #7), the HR file for Dr. Gupta (item #8) and any personnel disciplined as a result of a finding of discrimination in December 2014 (item #9).  I also conducted a search of the ER files for a file pertaining to disciplinary action against Dr. Wadhwa.

11. I requested all performance pay documents for Dr. Wadhwa from HR's processing section, Compensation and Pension, and the Chief of Staff.  I searched through the Compensation and Pension files on complaints for the relevant time period for the "administrative mishaps" Dr. Wadhwa referred to.

12. On March 3, 2015, Dr. Wadhwa sent a response to Mr. Adamson, which he deemed a "third request."  (Exhibit D)

13. On March 6, 2015, I sent the Initial Agency Decision on Dr. Wadhwa's FOIA Request (IAD). (Exhibit E). I enclosed documents responsive to Items 10 and 11. (IAD, March 6, 2015). The patient complaints were redacted to preserve patient privacy under Exemption 6 and there was no disciplinary action (or any even contemplated, much less pending), so there was no corresponding disciplinary file to attach. (Exhibit E). I reiterated the deadline for clarifying items 5 and 6. (Exhibit D). The IAD contained a notice of Dr. Wadhwa's right to appeal my decision to the Office of General Counsel and included the mailing address for such appeals and the relevant deadline. (Exhibit E).

14. On March 10, 2015, I received a letter from Dr. Wadhwa purporting to be a "Fourth Formal Request for the Same Documents under the FOIA/Privacy Act," (emphasis in original). (Exhibit F). The letter protested that Dr. Wadhwa was still interested in pursuing his request for the items he did not provide clarification for; however, he did not provide any further clarification with regards to those items. (Exhibit F). Incredibly, he claimed not to have received any of the documents he requested, despite receiving a packet of documents some 16 pages in length, containing all the documentation that (1) had been reasonably described; (2)existed; (3) was in Philadelphia VA Medical Center's custody; and (4) was not subject to withholding under a relevant exemption. (Exhibit E).

15. The letter further quoted the "Notice to Employees" written by Mr. Devanksy and asserted that Mr. Devanksy's authorship of this Notice was proof positive that the OEDCA filed reviewed by Mr. Devanksy was, in fact, a VISN 4 document under the custody and control over VHA VISN 4. (Exhibit F). Dr. Wadhwa's renewed his request to review documents that pertained to Mr. Devanksy, which, as I had explained in my February 6, 2015 and March 6, 2015 letters, were not records created by the Philadelphia VA Medical Center. (Exhibit B, Exhibit E). Dr. Wadhwa further requested to review the items responsive to Item 11 that were withheld under Exemption 6 in a redacted format. (Exhibit F). However, I had already provided these records, subject to redaction of the Personally Identifiable Information (PII) in my March 6, 2015 IAD. (Exhibit E). No documents responsive to item 11 were withheld in their entirety; and there is no notice in the letter that any pages were withheld, just that the PII was withheld. (Exhibit E).

16. I consulted with Barbara Swailes of the VHA FOIA Office concerning the handling of this request. I determined that the request was a duplicate and logged it as such in the FOIAXpress tracking system.

17. On March 16, 2015, I responded to Dr. Wadhwa's duplicate request notifying him that the request was considered a duplicate, had been logged as such, and would be closed. (Exhibit G). I attached my IAD of March 6, 2015, along with a courtesy copy of the responsive records to my IAD on March 16, 2015. (Exhibit G). The March 16, 2015 IAD contained an additional notice of Dr. Wadhwa's right to administratively appeal, along with the mailing address where such appeals should be sent and the relevant deadline. (Exhibit G).

I declare under penalty of perjury that all of the forgoing statements are true and correct to the best of my knowledge and belief.

EXECUTED this 19th Day of June 2015.

Lauren Russo

# Exhibit A

**Dom Wadhwa, M.D.**
Philadelphia VA Medical Center
3900 Woodland Avenue
Philadelphia, PA 19104
Telephone: (215) 823-5859

January 21, 2015

<u>VIA E-MAIL & FAX</u>

Ed Grzenda, FOIA & Privacy Officer
Department of Veterans Affairs Medical Center
3900 Woodland Avenue
Philadelphia, PA 19104
Telephone: (610) 384-7711, ext. 2239; Fax: (202) 632-7581

Civil Action Lawsuit – filed January 20, 2015
U.S. District Court for the Eastern District of Pennsylvania

*Dom Wadhwa, M.D., pro se*
*v. Secretary for Veterans Affairs*
Department of Veterans Affairs (Agency)

**Title VII Violation**
**False Reporting to State Medical Licensing Board to revoke Medical License**
**And Proposed Removal from Employment for *alleged* Misconduct**

Dear Mr. Grzenda,

Please be advised that I, Dom Wadhwa, M.D., as pro se plaintiff, filed a civil action lawsuit on January 20, 2015, against management officials at the Philadelphia VA Medical Center (Agency), with regard to Title VII violation of Federal law, "**False Reporting to State Medical Licensing Board to revoke Medical License And Proposed Removal from Employment of VA Physicians, including myself, for *alleged* Misconduct.**"

As part of the civil action lawsuit that I filed on January 20, 2015, I am making a formal request for documents under the Freedom of Information Act (FOIA), as amended, 5 U.S.C. §552, in conjunction with the Privacy Act, 5 U.S.C. §552a., including, but not limited to, the details surrounding the Title VII violation by management officials at the Philadelphia VA Medical Center (PVAMC, Agency), which resulted in posting of "Notice to Employees" by Gary W. Devansky (Mr. Devansky), former Interim Network Director, VISN 4, dated December 2, 2014, which expires on February 3, 2015. (**Exhibit A**)

If this request has been misdirected, I request that you inform me immediately in writing and either apprise me of the proper individual to whom this request should be made, or, in the alternative, direct this Freedom of Information Act/Privacy Act request to the appropriate official. If any part of my request is denied, please list the specific exemptions which are being claimed to withhold information. If you determine that some portions of the requested material are

exempt, please provide me with the remaining non-exempt portions in accordance with the Act. I reserve my right to appeal any decision to withhold information and request that you inform me of the address and office where such an appeal can be sent.

**Please number the items furnished to correspond with my request.** If any of the requested information does not exist, please so state.

I agree to pay all reasonable costs for locating the requested information and reproducing it. However, in the interests of justice, I request that you waive all fees in connection with this request. If this request is processed under the Privacy Act, I expect, as the Act provides, that no fees will be charged for locating requested files. If the fee waiver is not granted and fees will exceed $50.00, I request permission to review the records which are responsive to this request and select those which I want copied. In the event a delay is encountered with regard to any portion of the requested information, I request that the remaining portions be sent to me without delay.

For the purposes of this **Freedom of Information Act (FOIA)/Privacy Act** request, the term "document", or "documents" means any written, electronic, computer stored, recorded, filmed, or graphic matter, whether produced, reproduced or on paper, cards, tapes, films, electronic facsimile, computer storage devices or any other media, including, but not limited to, memoranda, notes, emails, minutes, records, photographs, correspondence, faxes, diaries, reports, studies, charts, graphs, statements, notebooks, handwritten notes, appointment calendars, notes, records and recordings of oral conversations, work papers, and also including, but not limited to, originals and all copies which are different in any way from the original "her by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise, and drafts which are in the possession, custody or control of your present or former agents, representatives, or attorneys or any and all persons acting on their behalf, including documents at any time in the possession, custody or control of such individuals or entities known by you to exist.

This FOIA/Privacy Act request concerns information and documents related to the details surrounding the Final Agency Decision issued by the Office of Employment Discrimination Complaint Adjudication (OEDCA), which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. Title VII Federal law requires that there is no discrimination against any employee or applicant because of the person's **race, color, religion, sex, national origin, age or physical or mental disability** with respect to hiring, firing, promotion, compensation, or other terms, conditions or privileges of employment. Federal law also **prohibits reprisal** against employees who participate in EEO proceedings or otherwise oppose unlawful discriminatory employment practices.

Mr. Devanksy's "Notice to Employees" dated December 2, 2014 (**Exhibit A**), states, "The Department of Veterans Affairs Medical Center in Philadelphia, supports and will comply with such Federal law and will **not retaliate** against individuals because they exercised their rights under law. The Department of Veterans Affairs Medical Center in Philadelphia, Pennsylvania, has **remedied** the discrimination found in the OEDCAs Final Action or decision. The Department of Veterans Affairs Medical Center in Philadelphia, Pennsylvania, will **not** in any manner restrain, interfere, coerce or **retaliate** against any individual who exercises his or her right to oppose practices made

unlawful by, or who participate in proceedings pursuant to, Federal Equal Employment Opportunity law."

The documents requested under the FOIA/Privacy Act are described below.

1.    Produce all documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails) reviewed by OEDCA, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

2.    Produce all documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails) considered by OEDCA, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

3.    Produce all documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails) supporting OEDCAs decision, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. This request also includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

4.    Produce all documents (including electronic versions, such as emails, and also attachments to the emails) concerning, reflecting, representing and/or summarizing any findings or conclusions by OEDCA, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

5.    Produce all documents (including electronic versions such as emails, and also attachments to the emails) reflecting, representing and/or summarizing any communications by, between and among agency personnel with respect to hiring, firing, promotion, compensation, reporting of *alleged* misconduct to the State Licensing Board, a *proposed* removal from VA employment for *alleged* misconduct, or other terms, conditions or privileges of employment, including, but not limited to:

a. Daniel Hendee, Medical Center Director, PVAMC;

b. Gary Devansky, former Director, Interim Network VISN 4;

c. Ralph Schapiro, M.D., Chief of Staff, PVAMC;

d. Elizabeth Datner, M.D., Associate Chief of Staff, PVAMC;

e. Rosalinda Dirienzo, M.D., Chief of Compensation & Pension (C&P) Section, PVAMC;

f. William Kavesh, M.D., Staff Physician, C&P Section, PVAMC;

g. Ramesh Gupta, M.D., former Staff Physician, PV___ ___;

h. Mukesh Jain, M.D., former Assistant Chief of Staff, PVAMC;

i. Chief, Patient Advocate, PVAMC;

j. Gregory Weller, Chief of Employment Labor Relations, PVAMC;

k. Richard Nelson, Chief of Human Resources, PVAMC; and

l. any other VA agency official;

who were involved with respect to hiring, firing, promotion, compensation, reporting of *alleged* misconduct to the State Licensing Board, a *proposed* removal from VA employment for *alleged* misconduct, or other terms, conditions or privileges of employment of Mukesh Jain, M.D., former Assistant Chief of Staff at PVAMC, and Ramesh Gupta, M.D., former Staff Physician at PVAMC, and any other employee, which resulted in posting of "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expires February 3, 2015). This request also includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

6. Produce all documents by, between and among agency personnel (including electronic versions, such as emails, and also attachments to the emails) related to hiring, firing, promotion, compensation, reporting of *alleged* misconduct to the State Licensing Board, a *proposed* removal from VA employment for *alleged* misconduct, or other terms, conditions or privileges of employment of Mukesh Jain, M.D., former Assistant Chief of Staff at PVAMC, and Ramesh Gupta, M.D., former Staff Physician at PVAMC, and any other employee, which resulted in posting of "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expires February 3, 2015). This request also includes copies of all documents (electronic or hard copies) which represent copies or blind copies, but not limited to:

a. Daniel Hendee, Medical Center Director, PVAMC;

b. Gary Devansky, former Director, Interim Network VISN 4;

c. Ralph Schapiro, M.D., Chief of Staff, PVAMC;

d. Elizabeth Datner, M.D., Associate Chief of Staff, PVAMC;

e. Rosalinda Dirienzo, M.D., Chief of Compensation & Pension (C&P) Section, PVAMC;

f. William Kavesh, M.D., Staff Physician, C&P Section, PVAMC;

g. Ramesh Gupta, M.D., former Staff Physician, PVAMC;

h. Mukesh Jain, M.D., former Assistant Chief of Staff, PVAMC;

i. Chief, Patient Advocate, PVAMC;

j. Gregory Weller, Chief of Employment Labor Relations, PVAMC;

k. Richard Nelson, Chief of Human Resources, PVAMC; and

l. any other VA agency official;

All notes created or maintained by, or in the possession of the above or any other agency officials related to hiring, firing, promotion, compensation, reporting of *alleged* misconduct to the State Licensing Board, a *proposed* removal from VA emplo   ent for *alleged* misconduct, or other terms, conditions or privileges of employment of Mukesh Jain, M.D., former Assistant Chief of Staff at PVAMC, and Ramesh Gupta, M.D., former Staff Physician at PVAMC, and any other employee, which resulting in posting of "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expires February 3, 2015).

Also, please include the following documents:

1. Produce all documents used as evidence in the evidence folder which resulted in removal of Mukesh Jain, M.D., from his position as Assistant Chief of Staff at PVAMC;

2. Produce all documents used as evidence in the evidence folder for *proposed* **reporting the State Licensing Board** of *alleged* misconduct (**Exhibit B**) and *proposed* removal of Ramesh Gupta, M.D., from his 27- year full-time VA employment as Staff Physician at PVAMC, on or about December 18, 2014;

3. Produce all documents used as evidence in the evidence folder which resulted in removal or *proposed* removal, or any other incident/disciplinary action cited as Title VII violation of any employee, from his/her position at PVAMC, that resulted in posting of "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expires February 3, 2015). (**Exhibit A**);

4. Produce all documents used as evidence in charging me (Dr. Wadhwa) for *alleged* misconduct with <u>reduction in my performance pay</u> by 21% on February 25, 2014 for the fiscal year 2013 (**Exhibit C**), and a <u>further reduction</u> in my performance pay by 56% on January 8, 2014 for the fiscal year 2014 (**Exhibit D**), i.e., a **progressive punitive disciplinary action** <u>taken against me</u> by the management officials at PVAMC;

5. Produce all documents compiled against me by the management officials at PVAMC, to use as evidence for my *alleged* misconduct, and subsequent *proposed* disciplinary action, inclusive but not limited to reduction in performance pay (**Exhibits C & D**), *proposed* major disciplinary action, including but not limited to *proposed* removal from my full-time VA employment, as was done so, for Dr. Gupta, on or about December 18, 2014;

6. Produce all documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails, and training sessions, etc.) of all the steps taken by management officials at PVAMC (Agency) to **remedy** the discrimination

found in the OEDCAs Final Action or decision, as stated in "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expires Fe- ry 3, 2015).

Please note, as stated above, this request of documents is being made pursuant to the Privacy Act, 5 U.S.C. § 552, and FOIA, 5 U.S.C. §552a, as well as 38 C.F.R. §1.550 and 38 C.F.R. §1.577. Please respond to this request within twenty (20) days of the date of this request pursuant to 5 U.S.C. §552 (a)(6)(A)(2)(i).

Additionally, although an extension of time to respond may be requested, it may only be granted for 'unusual circumstance.' Predictable agency workload is not typically considered unusual circumstance, as stated in 5 U.S.C. §552 (a)(6)(C)(ii). Moreover even to the extent that an unusual circumstance could be demonstrated in this instance, the time limit for the extension is limited to '10 working days' pursuant to 38 C.F.R. §1.553 (d).

Please be advised that failure to respond to this request within twenty (20) days may result in filing an administrative appeal with office of the Secretary of the Department of Veterans Affairs pursuant to 38 C.F.R. §1.557 and 5 U.S.C. §552 (a)(6)(A)(2)(ii), and potentially filing a federal lawsuit in the U.S. District Court of New Jersey, to compel the production of this information, and be subjected to court fees in compelling production of this information, pursuant to 38 U.S.C. § 552a (g)(I) of the Privacy Act, and 38 U.S.C. §552 (a)(4)(B) of FOIA.

I am an individual seeking the above limited docum °. for personal use as evidence in my civil lawsuit of the prohibited personnel practices, employment discrimination based on a physician's race, color, national origin, age, and repeated title VII violation of Federal Law, by management officials at PVAMC, and not for commercial use. Please advise me when the requested documents will be supplied, so that I may provide this information to the U.S. District Court for the Eastern District of Pennsylvania, and if I may be permitted to submit a supplement to this request (after receipt of the requested documents).

Please do not hesitate to call me on my cell phone (609) 220-2771.

Respectfully submitted,

Dom Wadhwa MD

Dom Wadhwa, M.D., *pro se*

Dated: January 21, 2015

Enclosures: Exhibit A – Notice to Employees by Gary W. Devansky, Interim Network Director, VISN 4

Exhibit B - False reporting to State Licensing Board of *alleged* misconduct
Exhibit C - 21% reduction in performance pay for *alleged* misconduct FY 2013
Exhibit D - 56% reduction in performance pay for *alleged* misconduct FY 2014

<u>Please mail the above requested documents for personal use to my home address:</u>

Dom Wadhwa, M.D.
215 East Camden Avenue, H-13
Moorestown, NJ 08057
Telephone: (856) 235-7530

cc: Timothy Burke, M.D., Acting Chief Medical Officer (CMO), VISN 4
                        (Telephone: (724) 477 5003)
    Gary Devansky, former Interim Network Director, VISN 4
    James P. Horan, Director, FOIA Service
        VA Central Office, Washington, D.C. 20420 (Telephone: (202) 632 7543)
                                        (Fax: (202) 632-7581)
    Tammy L. Kennedy, Principal Deputy General Counsel (024)
        VA Central Office, Washington, D.C. 20420
    Sloan Gibson, Deputy Secretary of Veterans Affairs
        VA Central Office, Washington. D.C. 20420
    Maxanne R. Witkin, Director
        VA Office of Employment Discrimination Complaint Adjudication (OEDCA)
        1575 I Street, NW, Washington, DC 20420

# Exhibit A

**NOTICE TO EMPLOYEES**

This Notice is posted pursuant to a recent Final Agency Decision issued by the Office of Employment Discrimination Complaint Adjudication (OEDCA), which found that a violation of Title VII occurred at this facility.

Federal law requires that there be no discrimination against any employee or applicant because of the person's RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE OR PHYSICAL or MENTAL DISABILITY with respect to hiring, firing, promotion, compensation, or other terms, conditions or privileges of employment. Federal law also prohibits REPRISAL against employees who participate in EEO proceedings or otherwise oppose unlawful discriminatory employment practices.

The Department of Veterans Affairs Medical Center in Philadelphia, Pennsylvania, supports and will comply with such Federal law and will not retaliate against individuals because they have exercised their rights under law.

The Department of Veterans Affairs Medical Center in Philadelphia, Pennsylvania, has remedied the discrimination found in OEDCAs Final Action or decision.

The Department of Veterans Affairs Medical Center in Philadelphia, Pennsylvania, will ensure that officials responsible for personnel decisions and terms and conditions of employment will abide by the requirements of all federal equal employment opportunity laws and will not retaliate against employees who file EEO complaints.

The Department of Veterans Affairs Medical Center in Philadelphia, Pennsylvania, will not in any manner restrain, interfere, coerce or retaliate against any individual who exercises his or her right to oppose practices made unlawful by, or who participates in proceedings pursuant to, Federal equal employment opportunity law.

_(signature)_

Gary W. Devansky Interim Network Director, VISN 4

Date Posted: _Dec 2, 2014_

Posting Expires: _Feb. 3, 2015_

# Exhibit B

reply. You may make arrangements for your oral reply by calling ▓▓▓▓
▓▓▓▓▓▓ Human Resources Specialist, at (215) 823-▓▓▓▓

4. **RIGHT TO REVIEW MATERIAL:** The evidence on which this notice of proposed action is based is enclosed for your review. You will be allowed eight (8) hours of official duty time for reviewing the evidence relied on to support the reason in this notice, preparing a written reply, securing affidavits, and for making a personal reply. Arrangements for the use of official time or requests for additional time should be made with me.

5. **RIGHT TO REPRESENTATION:** You may be represented by an attorney or other representative of your choice at all stages of this matter, up to and including the issuance of the decision. Any representative must be designated in writing (Designation of Representative form enclosed).

6. **DECISION:** The final decision to effect the action proposed has not been made. Daniel D. Hendee, FACHE, Medical Center Director, who will make the final decision, will give full and impartial consideration to your reply(ies), if submitted, along with the Supervisor's Checklist for any Mitigating or Aggravating Factors. You will be informed in writing of the final decision as soon as possible after your reply has been considered or after the expiration of the time allowed for reply, if you do not reply. If an action is effected, your right to appeal under the VA Grievance Procedure will be included in the decision letter.

7. **DUTY STATUS:** You will be retained in a pay and duty status during the period of advance notice.

8. **EFFECTIVE DATE:** If it is decided to take the proposed action, such action will be effective not less than 30 calendar days from the day following the date you received this notice.

9. **REPORTING TO STATE LICENSING BOARD:** It is the policy of the VA to report to the State Licensing Board those licensed healthcare professionals, whether currently employed or separated, voluntarily or otherwise, whose clinical practice during VA employment so significantly failed to meet generally accepted standards of clinical professional practice as to raise reasonable concerns for the safety of patients. In the event you are found to not meet standards of care, consideration will be given whether, under these criteria, you should be reported to the State Licensing Board(s).

# Exhibit C

**VA** Department of Veterans Affairs

**PERFORMANCE PAY RECOMMENDATION & APPROVAL**

| PERIOD COVERED | SERVICE/LOCATION |
|---|---|
| 10/1 12-9/30/13 | Compensation and Pension |

| NAME | | LAST 4 DIGITS OF SSN | PAY TABLE/TIER |
|---|---|---|---|
| Wadhwa  Dom | | | VM 15/14 |

| ANNUAL PAY | MAXIMUM TARGET PERFORMANCE PAY | % OF ANNUAL PAY |
|---|---|---|
| | 14,884 | 7.5 |

1  Mandatory Training (See Attached)

2  Professionalism (See Attached)

3  Timeliness (See Attached)

4  Quality of Reports (See Attached)

5  Special Contributions (See Attached)

| SUPERVISORY OFFICIAL (Print name below) | SIGNATURE | DATE |
|---|---|---|
| | | 2-25-14 |

| EMPLOYEE (Print name below) | SIGNATURE | DATE |
|---|---|---|
| | | |

| RECOMMENDED PERFORMANCE PAY | 12,330 $11722 AWi | % OF ANNUAL PAY | 6.75 |
|---|---|---|---|

**DESCRIBE THE DEGREE TO WHICH GOALS AND OBJECTIVES WERE MET**

Please see attached supporting document.

| RECOMMENDING OFFICIAL (Print name and title ) | SIGNATURE | DATE |
|---|---|---|
| | | 12/30/13 |

**APPROVED AMOUNT (if different than recommended amount)**

| APPROVING OFFICIAL (Print name and title) | SIGNATURE | DATE |
|---|---|---|
| DANIEL B. HENDEE, FACHE, Director | Daniel D Hendee | 3/12/14 |

VA FORM 10-0432
DEC 2005

Exhibit D

## PERFORMANCE PAY RECOMMENDATION & APPROVAL

**Department of Veterans Affairs**

| PERIOD COVERED | SERVICE/LOCATION |
|---|---|
| 10/1/13 to 9/30/14 | Philadelphia VA Medical Center |

| NAME | LAST 4 DIGITS OF SSN | PAY TABLE/TIER |
|---|---|---|
| WADhWA, Dom. | | |

| ANNUAL PAY | MAXIMUM TARGET PERFORMANCE PAY | % OF ANNUAL PAY |
|---|---|---|
| | | 7.5% |

1. PROFESSIONALISM (SEE ATTACHED): 2%

2. QUALITY (SEE ATTACHED): 2%

3. TIMELINESS (SEE ATTACHED): 2%

4. COLLATERAL DUTIES/SPECIAL CONTRIBUTIONS (SEE ATTACHED): 1.5%

5.

| SUPERVISORY OFFICIAL (Print name below) | SIGNATURE | DATE 1-8-15 |
|---|---|---|
| EMPLOYEE (Print name below) | SIGNATURE | DATE |

| RECOMMENDED PERFORMANCE PAY | 6500 | % OF ANNUAL PAY | |
|---|---|---|---|

**DESCRIBE THE DEGREE TO WHICH GOALS AND OBJECTIVES WERE MET**

CSSC coordinator for C+P
Regularly assists NHS with C+P Assignment.
Several complaints from veterans/staff.

| RECOMMENDING OFFICIAL (Print name and title) | SIGNATURE | DATE |
|---|---|---|

| APPROVED AMOUNT (if different than recommended amount) | | |
|---|---|---|
| APPROVING OFFICIAL (Print name and title) | SIGNATURE | DATE |

# Exhibit B



**DEPARTMENT OF VETERANS AFFAIRS**
**Medical Center**
**University and Woodland Avenue**
**Philadelphia, Pennsylvania  19104**

February 6, 2015

FOIA Request No.:  15-06143-FP

Dom Wadhwa, M.D.
215 East Camden Ave., H-13
Moorestown, NJ 08057

**VIA 1ˢᵗ Class and Certified Mail, Tracking #7013 1090 0002 3225 8357**

Dear Dr. Wadhwa:

This letter acknowledges receipt of your January 21, 2105 request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to the Philadelphia VA Medical Center. Your FOIA request was received in my office on January 22, 2015.  Your FOIA request was assigned the tracking number at the top of this letter.  Please include tracking number in all future communications concerning this FOIA request.

This letter also seeks clarification to your January 21, 2015 request under the FOIA.  The FOIA provides that agencies are to search for records responsive to FOIA requests that "reasonably describe" the records requested.  Essentially, VHA will search for records responsive to a FOIA request when that request describes the records sought so that a professional agency employee familir with the subject area may identify the records that would be responsive to the FOIA request and locate those records with a "reasonable amount of effort."  For example, a request for any and all documents that refer or relate in any way to a subject generally would not be considered to reasonably describe the records requested, and would impose an unduly burdensome search responsibility on VHA.

I have determined that your FOIA request does not reasonably describe the records with sufficient particularity for VHA employees to identify and search for the records with a reasonable amount of effort. . I need clarification as follows:

Item 5 requests:

[A]ll documents (including electronic versions such as emails, and also attachments to the emails) <u>reflecting, representing and/or summarizing any communications by, between, and among agency personnel with respect to</u> hiring, firing, promotion, compensation, reporting of *alleged* misconduct to the State Licensing Board, a *proposed* removal from VA

employment for *alleged* misconduct, or other terms, conditions or privileges of employment, including but not limited to:

a. Daniel Hendee, Medical Center Director, PVAMC;
b. Gary Devanksy, former Director, Interim Network [sic] VISN 4;
c. Ralph Schapiro [sic], M.D., Chief of Staff, PVAMC;
d. Elizabeth Datner, M.D., Associate Chief of Staff, PVAMC
e. Rosalinda Dirienzo, M.D., Chief of Compensation & Pension (C&P) Section, PVAMC;
f. William Kavesh, M.D., Staff Physician, C&P Section, PVAMC;
g. Ramesh Gupta, M.D., former Staff Physician; PVAMC;
h. Muken Jain, M.D., former Assistant Chief of Staff, PVAMC;
i. Chief, Patient Advocate, PVAMC;
j. Gregory Weller, Chief of Employment [sic] Labor Relations; PVAMC;
k. Richard Nelson, Chief of Human Resources, PVAMC; and
l. [A]ny other VA agency official;

Who were involved with respect to hiring, firing, promotion, compensation, reporting of *alleged* misconduct to the State Licensing Board, a *proposed removal from VA employment for* alleged misconduct, or other terms, conditions or privileges of employment of Mukesh Jain, M.D., former Assistant Chief of Staff at PVAMC, and Ramesh Gupta, M.D., former Staff Physician at PVAMC, and any other employee, which resulted in posting of "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expires February 3, 2015). This request also includes copies of all documents (electronic or hard copies) which represent copies or blind copies. (All emphasis in orginal).

With regards to Item 5, please clarify the following:
1. The time period covered by the request;
2. Please clarify, for each individual listed above, whether that individual is the subject of the requested records, or a potential custodian of the requested records;
3. The name of the employee(s) that are the subject of the requested records;
4. The subject(s) of the hiring referred to in the request;
5. The subject(s) of the firing referred to in the request;
6. The subject(s) of the promotion referred to in the request;
7. The subject(s) of the compensation action referred to in the request;
8. The subject(s) of the alleged reporting to the State Licensing Board contained in responsive records;
9. The subject(s) of the alleged proposed removal contained in responsive records;
10. Relevant search terms to be used in an email search of the potential custodians; and
11. A precise definition of "any other VA agency official." The VA employs over 300,000 employees and it is not practicable to search the records of all who may be considered "officials." Please provide a list of names, or official titles for those officials and clarify whether those individuals would be the subject of responsive records or a potential custodian of responsive

2

records.  Please note, that for certain individuals, PVAMC may not be the custodian of responsive records and a request for such records may be referred to another FOIA Officer.

Item 6 requests:

[A]ll documents, by, between and among agency personnel (including electronic versions, such as emails, and also attachments to the emails) related to hiring, firing, promotion, compensation, reporting of *alleged* misconduct to the State Licensing Board, a *proposed* removal from VA employment for *alleged* misconduct, or other terms, conditions, or privleges of employment of Mukesh Jain, M.D., former Assistant chief of staff at PVAMC, and Reamesh Gupta, M.D., former Staff Physician at PVAMC, and any other employee, which resulted in posting of "Notice to Employees" by Mr. Devanksy, on December 2, 2014 (posting expires February 3, 2015). This request also includes copies of all documentts (electronic or hard copies) which represent copies or blind copies, but not limited to:

a.  Daniel Hendee, Medical Center Director, PVAMC;
b.  Gary Devanksy, former Director, Interim Network [sic] VISN 4;
c.  Ralph Schapiro [sic], M.D., Chief of Staff, PVAMC;
d.  Elizabeth Datner, M.D., Associate Chief of Staff, PVAMC
e.  Rosalinda Dirienzo, M.D., Chief of Compensation & Pension (C&P) Section, PVAMC;
f.  William Kavesh, M.D., Staff Physician, C&P Section, PVAMC;
g.  Ramesh Gupta, M.D., former Staff Physician; PVAMC;
h.  Muken Jain, M.D., former Assistant Chief of Staff, PVAMC;
i.  Chief, Patient Advocate, PVAMC;
j.  Gregory Weller, Chief of Employment [sic] Labor Relations; PVAMC;
k.  Richard Nelson, Chief of Human Resources, PVAMC; and
l.  [A]ny other VA agency official;

All notes created or maintained by, or in the possession of the above or any other agency officials related to hiring, firing, promotion, compensation, reporting of *alleged* misconduct ot the State Licensing Board, a *proposed* removal from VA employment for *alleged* misconduct, or other terms, condictions, or privileges of employment of Mukesh Jain, M.D., fomer Assistant Chief of Staff at PVAMC, and Ramesh Gupta, M.D., fomer Staff Physician at PVAMC, and any other employee, which resulting [sic] in posting of "Notice to Employees" by Mr. Devanksy, on December 2, 2014 (posting expires February 3, 2015). (All emphasis in orginal).

With regards to Item 6, please clarify:

1.  The time period covered by the request;
2.  Please clarify, for each individual listed above, whether that individual is the subject of the requested records, or a potential custodian of the requested records;
3.  The name of the employee(s) that are the subject of the requested records;
4.  The subject(s) of the hiring referred to in the request;

3

5.  The subject(s) of the firing referred to in the request;
6.  The subject(s) of the promotion referred to in the request;
7.  The subject(s) of the compensation action referred to in the request;
8.  The subject(s) of the alleged reporting to the State Licensing Board contained in responsive records;
9.  The subject(s) of the alleged proposed removal contained in responsive records;
10. Relevant search terms to be used in an email search of the potential custodians;  and
11. A precise definition of "any other VA agency official."  The VA employs over 300,000 employees and it is not practicable to search the records of all who may be considered "officials."  Please provide a list of names, or official titles for those officials and clarify whether those individuals would be the subject of responsive records or a potential custodian of responsive records. Please note, that for certain individuals, PVAMC may not be the custodian of responsive records and a request for such records may be referred to another FOIA Officer.

In your January 21, 2015 request, you included a second list of items you would like included in my response.  In your request letter, the items are numbered one (1) through six (6). In order to avoid confusion and for our mutual convenience, I have renumbered those items seven (7) through twelve (12).

Item 11 requests:

[A]ll documents compiled against me by the management official at PVAMC to use as evidence for my *alleged* misconduct, and subsequent *proposed* disciplinary action, inclusive [sic] but not limited to reduction in performance pay (**Exhibits C & D**), *proposed* major disciplinary action, including but not limited to *proposed* removal from my full-time VA employments, as was done so, for Dr. Gupta [sic], on or about December 18, 2014. (All emphasis in original).

With regards to Item 11, please clarify:

1.  The time period covered by the request;
2.  The date(s) of each proposed disciplinary action proposal letter you received from PVAMC;
3.  The date(s) of each proposed major disciplinary [sic] action proposal letter you received from PVAMC; and
4.  The date(s) of each proposed removal proposal letter you received from PVAMC.

Item 12 requests:

[A]ll documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails, and training sessions, etc.) of all of the steps taken by management officials at PVAMC (Agency) to **remedy** the discrimination found in OEDCAs [sic] Final Actrion or decision, as stated in "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expires February 3, 2015). (All emphasis in original).

4

With regards to Item 12, please clarify:
1. The time period covered by the request; and
2. Relevant search terms to be used in an email search of the potential custodians.

**In accordance with VA's implementing regulations, found at 38 C.F.R § 1.554(d)(4), I am providing you with 30 calendar days to provide clarification on your request. If I have not heard from you by March 8, 2015 (reply must be postmarked on or before March 8, 2015, as it is a Sunday), I will assume that you are no longer interested in pursing your request and will take the appropriate measures to administratively close your request. Please keep in mind that the timeframe, which we have to respond to your FOIA request does not run while we are waiting for your response to our request for clarification.**

After conducting a reasonable search, I have concluded that we do not have records responsive to the following items:
1.     All documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails) reviewed by OEDCA, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center.  This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies. (Emphasis in original).
2.     All documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails) considered by OEDCA, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center.  This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies. (Emphasis in original).
3.     All documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails) supporting OEDCAs [sic], decision, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center.  This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies. (Emphasis in original).
4.     All documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails) concerning, reflecting, representing and/or summarizing any findings or conclusions by OEDCA, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center.  This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies. (Emphasis in original).

With regard to these items, I am issuing a "no records" response for Philadelphia VA Medical Center.  However, please be advised that *if* the documents exist, the VA Office of Employment Discrimination Complaint Adjudication may possess the records you seek.  Accordingly, I have referred your request to Laurie Karnay, FOIA Officer for further processing and direct response to you.  Ms. Karnay may be reached at (202) 632-7465.

I have also concluded that PVAMC does not have records related to items 5b and 6b (documents related to Gary Devansky); therefore, I am issuing a "no records" response for Philadelphia VA Medical Center. However, please be advised that *if* the documents exist, the VISN 4 Offices may possess the records you seek. Accordingly, I have referred your request to Jeff Adamson, FOIA Officer for further processing and direct response to you. Mr. Adamson may be reached at (412) 822-1124.

In your January 21, 2015, FOIA request, you also requested a waiver of all fees in connection with your request.

The FOIA, 5 U.S.C. § 552(A)(4)(a)(II), places all FOIA requesters in one of three categories for fee purposes. The statute establishes the fees that may be charged for each category of requester. The three statutory categories of FOIA requesters are commercial use requesters; educational institutions, noncommercial scientific institutions, and representative of the news media; and all other requesters. Based upon information provided in your FOIA request, I have determined your request to be an "all other" requester. As an "all other" requester and in accordance with VA's implementing FOIA regulations found at 38 C.F.R. §1.561 (c)(4) an "all other" requester must be charged for the full reasonable direct cost of searching for and reproducing records that are responsive to the request, except that the first 100 pages of reproduction and the first two hours of search time will be furnished without charge. The fees associated with processing of your request will be addressed at a later date.

Based on the analysis of the information you presented in your fee waiver request, I have determined that VHA is not required to waive the fees associated with producing records responsive to your FOIA request.

Agencies are to apply the statutory test for fee waivers neutrally to all FOIA requesters to determine whether they qualify for FOIA fee waivers. The factors in determining whether an Agency should waive the fees associated with a particular FOIA request are stated in the statute, 5 U.S.C. § 552(a)(4)(a)(iii), "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of government and is not primarily in the commercial interest of the requester."

The statutory fee waiver standard contains two basic requirements, both of which must be met before fees can be waived. The first requirement is that "disclosure of the requested information is the public interest because it is likely to contribute significantly to the public understanding of the operations or activities of the government." The second requirement is that the "disclosure of the information is not primarily in the commercial interest of the requester." Where one or both of these requirements is not satisfied, a fee waiver is not warranted under the statute. Further, the requester should address both of the statutory requirements in sufficient detail for the agency to make an informed decision as to whether it can appropriately waive fees. In this regard, it is the requester's responsibility to provide sufficient evidence to demonstrate his or her entitlement to a fee waiver.

To waive the FOIA fees associated with producing the requested records, I must determine, based upon a review of the documents and the materials submitted by

requester, that the records in question: (1) concern VHA operations or activities, (2) the information in the documents is "likely to contribute" to an understanding of VHA's operations and activities, (3) after disclosure to the requester, the information in the documents will contribute to the "public understanding" of VHA operations, and (4) the contribution to the public's understanding will be "significant". I must also determine that (1) the requester does not have a commercial interest that would be furthered by the requested disclosure, or, if so, (2) the magnitude of the identified commercial interest of the requester is not sufficiently large, in comparison with the public interest in disclosure, that the disclosure would be "primarily in the commercial interest of the requester."

I have determined your request does not contain sufficient detail to meet the public interest requirement, as you do not specify how this information is likely to contribute *significantly* to the public's understanding of VHA's operations or activities in any identified area. Your request also does not describe how you are in a position to disseminate the information requested to members of the general public and therefore contribute to the general public's understanding. For these reasons, your request for a fee wavier is denied.

Please be advised you may appeal the denial of your fee waiver request or the "no records" response to:

> Office of the General Counsel (024)
> Department of Veterans Affairs
> 810 Vermont Avenue, N.W.
> Washington, D.C. 20420

If you should choose to file an appeal, your appeal must be postmarked no later than sixty (60) calendar days from the date of this letter. Please include a copy of this letter with your written appeal and clearly state why you disagree with the determinations set forth in this response.

If you have any questions about your request, you may contact me at 215-823-5254.

Sincerely,

Lauren Russo
Acting FOIA Officer

# Exhibit C

**Dom Wadhwa, M.D.**
Philadelphia VA Medical Center
3900 Woodland Avenue
Philadelphia, PA 19104
Telephone: (215) 823-5859

February 17, 2015

Lauren Russo, Acting FOIA & Privacy Officer
Philadelphia VA Medical Center (PVAMC)
3900 Woodland Avenue, Philadelphia, PA 19104
Telephone: (215) 823-5800; Fax: (202) 632-7581
**FIOA Request No. 15-06143-FP (Exhibit A)**

Jeffrey Adamson, Acting FOIA & Privacy Officer, VISN 4
VAPHS FOIA Officer, University Drive
Pittsburgh, PA 15240
Telephone: (412) 822-1124; Fax: (202) 632-7581
**FIOA Request No. 15-06922-FP (Exhibit B)**

**cc: Laurie Karnay, FOIA Officer**
   VA Office of Employment Discrimination Complaint Adjudication (**OEDCA**)
   1100 First Street, NE, 005RIC
   Washington, D.C. 20420
   Telephone: (202) 632-7465

### SECOND FORMAL FOIA/PRIVACY ACT REQUEST
### In Response to PVAMC FOIA Officer Letter, dated February 6, 2015
### & VISN 4 FOIA Officer Letter, dated February 10, 2015

Dear Ms. Russo and Mr. Adamson,

I have received your responses (Exhibit A & Exhibit B) to my *first* FOIA/Privacy Act request, dated January 21, 2015.

Both of you (Lauren Russo and Jeffrey Adamson) in the letters dated February 6, 2015 (Exhibit A) and February 10, 2015 (Exhibit B), have decided to delay providing me the information I requested by using the same VA regulation 38 C.F.R. 1.554 (d) (4), which states:

*The time limit for VA to process the FOIA request will not start until the FOIA Officer determines that the requester has reasonably described the records sought in the FOIA request If the FOIA Officer seeks additional clarification regarding the request and does not receive the requester's written response within thirty (30) calendar days of the date of its communication with the requester, he or she will conclude that the requester is no longer interested in pursuing the request and will close VA's files on the request.*

I am making my *second* formal request for the same information, under the Freedom of Information Act (FOIA), as amended, 5 U.S.C. §552, in conjunction with the Privacy Act, 5 U.S.C. §552a, based on the following information in regard to my request:

1. "Notice to Employees" by Gary Devansky (Mr. Devansky), former Interim Network Director, VISN 4, dated December 2, 2014 (**Exhibit AA**), states:

   a. The **recent** Final Agency decision issued by the VA Office of Employment Discrimination Complaint Adjudication (OEDCA) found that a violation of Title VII Federal Law occurred at the Philadelphia VA Medical Center (PVAMC).

   b. PVAMC has remedied the discrimination with respect to hiring, firing, promotion, compensation, either terms, conditions or privileges of employment based on the person's race, color, religion, sex, national origin, age, or physical or mental disability, found in OEDCA's (recent) Final Action or decision.

   Based on the above information in the "Notice to Employees," dated December 2, 2014, it is obvious to me that Mr. Devansky had custody of the OEDCA's Final Agency decision prior to his issuance of this notice.

2. Mukesh Jain, M.D., (Dr. Jain) and Ramesh Gupta, M.D., (Dr. Gupta) were involuntarily removed from their full-time VA employment by the management officials at PVAMC, and they (Dr. Jain and Dr. Gupta) are no longer employees at PVAMC, and both (Dr. Jain and Dr. Gupta) are non-Caucasian physicians, who appear to over the age of 55, with a brown skin color, foreign born, and are Asian-Indian Americans, like myself.

3. Sometime in the year 2013, Dr. Jain was removed from his position as Associate Chief of Staff at PVAMC, and he (Dr. Jain) was replaced by a Caucasian female physician by the management officials at PVAMC.

4. I have unconfirmed report that after Dr. Jain transferred to another VA facility, he (Dr. Jain) *allegedly* filed an employment discrimination complaint against the management officials at PVAMC.

5. I have unconfirmed report that on or about December 18, 2014, Dr. Gupta (who prefers to stay anonymous due to fear of retaliation) was issued *proposed* removal from his 27-year full-time VA employment, and he (Dr. Gupta) was provided a document stating that he (Dr. Gupta) is being considered for reporting to the State Licensing Board to revoke his medical license for his *alleged* misconduct (**Exhibit BB**) with use of (15) fifteen administration mishaps, most of them type-written by William Kavesh, M.D., (Dr. Kavesh, a staff physician at PVAMC), without credible evidence, from a 6-12 month period, which were used in Dr. Gupta's evidence file for his *proposed* removal.

6. On or about December 28, 2014, after Dr. Gupta's recent involuntary departure from his full-time employment at PVAMC, I (Dr. Wadhwa) had unconfirmed report that I (Dr. Wadhwa) was the next non-Caucasian physician to be targeted the same management officials at PVAMC for *proposed* removal from my 28-year full-time VA employment, and

for reporting to State Licensing Board to revoke my medical license for my *alleged* misconduct, by the **same** management officials at PVMC who had recently targeted Dr. Gupta with *proposed* removal from his 27-year full-time VA employment.

7. On January 8, 2015, I was hand-delivered (12) twelve administrative mishaps, all given to me at the same time, mostly from the last six month period, type-written by Dr. Kavesh and other administration officials at PVAMC, without credible evidence, for my *alleged* misconduct (**similar** to the type-written documents hand-delivered to Dr. Gupta, prior to his *proposed* removal from his 27-year full-time VA employment at PVAMC).

8. On January 8, 2015, the administration officials at PVAMC markedly <u>reduced</u> my performance pay by 56% ($ 8,139.33) for my *alleged* misconduct for fiscal year 2014 (**Exhibit CC**), based on 12 (twelve) administration mishaps, most of them from the last 6 month period, as stated above.

9. On January 20, 2015, I filed a civil action law suit of job discrimination under Title VII Federal Law against the management officials at PVAMC in the United States District Court for the Eastern District of Pennsylvania, Civil Action No. 15-283. (**Exhibit DD**)

Kindly provide me information surrounding the above circumstances so that I may provide to the Administrative Judge for my Civil Action No. 15-283, as supporting evidence of Title VII violation by management officials at PVAMC, during the probationary period from December 2, 2014 to February 3, 2015 (see "Notice to Employees," by Gary Devansky, dated December 2, 2014).

In your responses, dated February 6, 2015 (by Lauren Russo), and February 19, 2015 (by Jeffrey Adamson), both of you (Ms. Russo and Mr. Adamson) have requested the <u>same</u> clarification with regard to:

1. Time period covered by my request under the Freedom of Information Act (FOIA), as amended, 5 U.S.C. §552, in conjunction with the Privacy Act, 5 U.S.C. §552a., including, but not limited to, the details surrounding the <u>recent</u> Title VII Federal Law violation by management officials at PVAMC, as stated in Notice to Employees, by Gary Devansky, dated December 2, 2014.

2. Whether the individual listed (Gary Devansky, former Interim Network Director, VISN 4) is the subject of the requested records, or a potential custodian of the requested records

The time period covered for my request for above documents is, as follows:

1. For me (Dr. Wadhwa) from January 1, 2013 to the present;
2. For Dr. Jain from January 2013 to December 2014;
3. For Dr. Gupta from January 2014 to December 2014, and
4. A two-year time period for the individual(s) who was (were) subjected to employment discrimination at PVAMC which resulted in OEDCA's Final Agency decision, as stated in "Notice to Employees," by Mr. Devansky, dated December 2, 2014.

Whether Mr. Devansky is a subject or custodian of requested records discussed in his December 2, 2014 "Letter to Employees," can only be determined after I have had an opportunity to review the above records that I am entitled to under the FOIA/Privacy Act.

## Waiver of Cost

If my request is processed under the Privacy Act, I expect, as the Act provides, that no fees will be charged for locating requested files.

If for some reason you decide to deny the waiver of cost for obtaining the documents under FOIA/Privacy Act surrounding the Title VII violation of Federal Law by management officials at the Philadelphia VA Medical Center (PVAMC, Agency), which resulted in posting of "Notice to Employees" by Mr. Devansky, dated December 2, 2014, then **I request permission to review the records which are responsive to this request and select those which I want copied**.

Please allow me to review the following records which are responsive to my request:

1. Documents used as evidence in the evidence folder which resulted in removal of Mukesh Jain, M.D., from his position as Assistant Chief of Staff at PVAMC;

2. Documents used as evidence in the evidence folder for *proposed* **reporting the State Licensing Board** of *alleged* misconduct (**Exhibit CC**) and *proposed* removal of Ramesh Gupta, M.D., (who prefers to stay anonymous due to fear of retaliation) from his 27- year full-time VA employment as Staff Physician at PVAMC, on or about December 18, 2014;

3. Documents used as evidence for targeting me (Dr. Wadhwa) for *alleged* misconduct with reduction in my performance pay 56% ($ 8,139.33) on January 8, 2014, for the fiscal year 2014, i.e., a **punitive disciplinary personnel action** taken against me by the management officials at PVAMC;

4. Documents used in the evidence folder which resulted in removal or *proposed* removal, or any other incident/disciplinary action cited as Title VII violation of Federal Law of any employee, from his/her position at PVAMC, discussed in posting of "Notice to Employees" by Mr. Devansky, on December 2, 2014;

5. Documents in Mr. Devansky's custody from OEDCA of the employee(s) at PVAMC against whom the unlawful discriminatory employment practice occurred, and the circumstances, that led to the issuance of the Final Agency decision by OEDCA which found that violation of title VII occurred at this facility, as stated in Mr. Devanksy's "Notice to Employees", dated December 2, 2014.

6. Documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails, and training sessions, etc.) of all the steps taken by management officials at PVAMC (Agency) to **remedy** the discrimination found in the

OEDCAs Final Action or decision, as stated in "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expired February 3, 2015).

<u>Please note</u>: If any part of my request is denied, please list the specific exemptions which are being claimed to withhold information. If you determine that some portions of the requested material are exempt, please provide me with the remaining non-exempt portions in accordance with the Act.

Please respond to my request within twenty (20) workdays, of the date of this *second* FOIA/Privacy Act request pursuant to 5 U.S.C. §552 (a)(6)(A)(2)(i), **on or before March 16, 2015**.

As I had stated previously with my *first* FOIA/Privacy Act request, on January 21, 2015, that although an extension of time to respond may be requested, it may only be granted for 'unusual circumstance.' Predictable agency workload is not typically considered unusual circumstance, as stated in 5 U.S.C. §552 (a)(6)(C)(ii). Moreover even to the extent that an unusual circumstance could be demonstrated in this instance, the time limit for the extension is limited to '10 working days' pursuant to 38 C.F.R. §1.553 (d), **on or before March 30, 2015.**

Please be advised that **failure to respond** to this request by **March 30, 2015**, may result in filing an <u>administrative appeal</u> with office of the Secretary of the Department of Veterans Affairs pursuant to 38 C.F.R. §1.557 and 5 U.S.C. §552 (a)(6)(A)(2)(ii), <u>and</u> potentially filing a **federal lawsuit in the U.S. District Court of New Jersey**, to compel the production of this information, and be subjected to court fees in order to obtain this information, pursuant to 38 U.S.C. § 552a (g)(I) of the Privacy Act, and 38 U.S.C. §552 (a)(4)(B) of FOIA.

As I had stated previously with my *first* FOIA/Privacy Act request, on January 21, 2015, I (Dr. Wadhwa) am seeking the above documents for <u>personal use</u>, as evidence in my civil action lawsuit, Civil Action No. 15-283, and <u>not</u> for a commercial use.

Please advise me when the requested documents will be supplied to me, so that I may provide this information to the U.S. District Court for the Eastern District of Pennsylvania, for my civil action lawsuit, Civil Action No. 15-283, filed on January 20, 2015, and if I may be permitted to submit additional supplement(s) to this request (after review of the above requested documents).

If additional clarification is needed with regard to my FOIA/Privacy Act request *initiated* on January 21, 2015, please contact me on my cell phone: (609) 220-2771.

Respectfully submitted,

Dom Wadhwa, M.D., *pro se*

Dated: February 17, 2015

Enclosures: <u>Exhibits A and Exhibit B & Exhibits AA to Exhibit DD are as stated below</u>
Exhibit A – Lauren Russo's response to my *first* FOIA/Privacy Act request, dated February 6, 2015
Exhibit B – Jeffrey Adamson's response to my *first* FOIA/Privacy Act request, dated
February 10, 2015

Exhibit AA – Notice to Employees, by Gary Devansky, dated December 2, 2014
Exhibit BB - Reporting of *alleged* misconduct to the Medical State Licensing Board
Exhibit CC - Reduced my performance pay by 56% ($ 8,139.33) for my
        *alleged* misconduct for fiscal year 2014
Exhibit DD - United States District Court for the Eastern District of Pennsylvania,
        Civil Action No. 15-283, filed January 20, 2015


<u>My home address:</u>

Dom Wadhwa, M.D.
215 East Camden Avenue, H-13
Moorestown, NJ 08057
Telephone: (856) 235-7530


cc: James P. Horan, Director, FOIA Service
     VA Central Office, Washington, D.C. 20420 (Telephone: (202) 632 7543)
                         (Fax: (202) 632-7581)
   Tammy L. Kennedy, Principal Deputy General Counsel (024)
     VA Central Office, Washington, D.C. 20420
   Maxanne R. Witkin, Director
     VA Office of Employment Discrimination Complaint Adjudication (OEDCA)
     1575 I Street, NW, Washington, DC 20420



**U.S. Department**
**of Veterans Affairs**

**DEPARTMENT OF VETERANS AFFAIRS**
**Medical Center**
**University and Woodland Avenue**
**Philadelphia, Pennsylvania 19104**

February 6, 2015

FOIA Request No.: 15-06143-FP

Dom Wadhwa, M.D.
215 East Camden Ave., H-13
Moorestown, NJ 08057

**VIA 1st Class and Certified Mail, Tracking #7013 1090 0002 3225 8357**

Dear Dr. Wadhwa:

This letter acknowledges receipt of your January 21, 2105 request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to the Philadelphia VA Medical Center. Your FOIA request was received in my office on January 22, 2015. Your FOIA request was assigned the tracking number at the top of this letter. Please include tracking number in all future communications concer • this FOIA request.

This letter also seeks clarification to your January 21, 2015 request under the FOIA. The FOIA provides that agencies are to search for records responsive to FOIA requests that "reasonably describe" the records requested. Essentially, VHA will search for records responsive to a FOIA request when that request describes the records sought so that a professional agency employee familir with the subject area may identify the records that would be responsive to the FOIA request and locate those records with a "reasonable amount of effort." For example, a request for any and all documents that refer or relate in any way to a subject generally would not be considered to reasonably describe the records requested, and would impose an unduly burdensome search responsibility on VHA.

I have determined that your FOIA request does not reasonably describe the records with sufficient particularity for VHA employees to identify and search for the records with a reasonable amount of effort. . I need clarification as follows:

Item 5 requests:

[A]ll documents (including electronic versions such as emails, and also attachments to the emails) reflecting, representing and/or summarizing any communications by, between, and amr , agency personnel with respect to hiring, firing, promotion, compensson, reporting of *alleged* misconduct to the State Licensing Board, a *proposed* removal from VA

employment for *alleged* misconduct, or other terms, conditions or privileges of employment, including but not limited to:

a. Daniel Hendee, Medical Center Director, PVAMC;
b. Gary Devanksy, former Director, Interim Network [sic] VISN 4;
c. Ralph Schapiro [sic], M.D., Chief of Staff, PVAMC;
d. Elizabeth Datner, M.D., Associate Chief of Staff, PVAMC
e. Rosalinda Dirienzo, M.D., Chief of Compensation & Pension (C&P) Section, PVAMC;
f. William Kavesh, M.D., Staff Physician, C&P Section, PVAMC;
g. Ramesh Gupta, M.D., former Staff Physician; PVAMC;
h. Muken Jain, M.D., former Assistant Chief of Staff, PVAMC;
i. Chief, Patient Advocate, PVAMC;
j. Gregory Weller, Chief of Employment [sic] Labor Relations; PVAMC;
k. Richard Nelson, Chief of Human Resources, PVAMC; and
l. [A]ny other VA agency official;

Who were involved with respect to hiring, firing, promotion, compensation, reporting of *alleged* misconduct to the State Licensing Board, a *proposed removal from VA employment for* alleged misconduct, or other terms, conditions or privileges of employment of Mukesh Jain, M.D., former Assistant Chief of Staff at PVAMC, and Ramesh Gupta, M.D., former Staff Physician at PVAMC, and any other employee, which resulted in posting of "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expires February 3, 2015). This request also includes copies of all documents (electronic or hard copies) which represent copies or blind copies. (All emphasis in orginal).

With regards to Item 5, please clarify the following:

1. The time period covered by the request;
2. Please clarify, for each individual listed above, whether that individual is the subject of the requested records, or a potential custodian of the requested records;
3. The name of the employee(s) that are the subject of the requested records,
4. The subject(s) of the hiring referred to in the request;
5. The subject(s) of the firing referred to in the request;
6. The subject(s) of the promotion referred to in the request;
7. The subject(s) of the compensation action referred to in the request;
8. The subject(s) of the alleged reporting to the State Licensing Board contained in responsive records;
9. The subject(s) of the alleged proposed removal contained in responsive records;
10. Relevant search terms to be used in an email search of the potential custodians; and
11. A precise definition of "any other VA agency official." The VA employs over 300,000 employees and it is not practicable to search the records of all who may be considered "officials." Please provide a list of names, or official titles for those officials and clarify whether those individuals would be the subject of responsive records or a potential custodian of responsive

2

records. Please note, that for certain individuals, PVAMC may not be the custodian of responsive records and a request for such records may be referred to another FOIA Officer.

Item 6 requests:
[A]ll documents, by, between and among agency personnel (including electronic versions, such as emails, and also attachments to the emails) related to hiring, firing, promotion, compensation, reporting of *alleged* misconduct to the State Licensing Board, a *proposed* removal from VA employment for *alleged* misconduct, or other terms, conditions, or privleges of employment of Mukesh Jain, M.D., former Assistant chief of staff at PVAMC, and Reamesh Gupta, M.D., former Staff Physician at PVAMC, and any other employee, which resulted in posting of "Notice to Employees" by Mr. Devanksy, on December 2, 2014 (posting expires February 3, 2015). This request also includes copies of all documentts (electronic or hard copies) which represent copies or blind copies, but not limited to:
a.  Daniel Hendee, Medical Center Director, PVAMC;
b.  Gary Devanksy, former Director, Interim Network [sic] VISN 4;
c.  Ralph Schapiro [sic], M.D., Chief of Staff, PVAMC;
d.  Elizabeth Datner, M.D., Associate Chief of Staff, PVAMC
e.  Rosalinda Dirienzo, M.D., Chief of Compensation & Pension (C&P) Section, PVAMC;
f.  William Kavesh, M.D., Staff Physician, C&P Section, PVAMC;
g.  Ramesh Gupta, M.D., former Staff Physic   ¬ ҮAMC;
h.  Muken Jain, M.D., former Assistant Chief of Staff, PVAMC;
i.  Chief, Patient Advocate, PVAMC;
j.  Gregory Weller, Chief of Employment [sic] Labor Relations, PVAMC;
k.  Richard Nelson, Chief of Human Resources, PVAMC; and
l.  [A]ny other VA agency official;

All notes created or maintained by, or in the possession of the above or any other agency officials related to hiring, firing, promotion, compensation, reporting of *alleged* misconduct ot the State Licensing Board, a *proposed* removal from VA employment for *alleged* misconduct, or other terms, condictions, or privileges of employment of Mukesh Jain, M.D., fomer Assistant Chief of Staff at PVAMC, and Ramesh Gupta, M.D., fomer Staff Physician at PVAMC, and any other employee, which resulting [sic] in posting of "Notice to Employees" by Mr. Devanksy, on December 2, 2014 (posting expires February 3, 2015). (All emphasis in orginal).

With regards to Item 6, please clarify:
1.  The time period covered by the request;
2.  Please clarify, for each individual listed above, whether that individual is the subject of the requested records, or a  ¬tential custodian of the requested records;
3.  The name of the employee(s) that are the subject of the requested records;
4.  The subject(s) of the hiring referred to in the request;

3

5. The subject(s) of the firing referred to in the request;
6. The subject(s) of the promotion referred to in the request;
7. The subject(s) of the compensation action referred to in the request;
8. The subject(s) of the alleged reporting to the State Licensing Board contained in responsive records;
9. The subject(s) of the alleged proposed removal contained in responsive records;
10. Relevant search terms to be used in an email search of the potential custodians; and
11. A precise definition of "any other VA agency official." The VA employs over 300,000 employees and it is not practicable to search the records of all who may be considered "officials." Please provide a list of names, or official titles for those officials and clarify whether those individuals would be the subject of responsive records or a potential custodian of responsive records. Please note, that for certain individuals, PVAMC may not be the custodian of responsive records and a requ • .r such records may be referred to another FOIA Officer.

In your January 21, 2015 request, you included a second list of items you would like included in my response. In your request letter, the items are numbered one (1) through six (6). In order to avoid confusion and for our mutual convenience, I have renumbered those items seven (7) through twelve (12).

Item 11 requests:
[A]ll documents compiled against me by the management official at PVAMC to use as evidence for my *alleged* misconduct, and subsequent *proposed* disciplinary action, inclusive [sic] but not limited to reduction in performance pay (**Exhibits C & D**), *proposed* major disciplinary action, including but not limited to *proposed* removal from my full-time VA employments, as was done so, for Dr. Gupta [sic], on or about December 18, 2014. (All emphasis in original).

With regards to Item 11, please clarify:
1. The time period covered by the request;
2. The date(s) of each proposed disciplinary action proposal letter you received from PVAMC;
3. The date(s) of each proposed major disciplinary [sic] action proposal letter you received from PVAMC; and
4. The date(s) of each proposed removal proposal letter you received from PVAMC.

Item 12 requests:
[A]ll documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails, and training sessions etc.) of all of the steps taken by management officials at PVAMC (Agency) to **remedy** the discrimination found in OEDCAs [sic] Final Actrion or decision, as stated in "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expires February 3, 2015). (All emphasis in original).

4

With regards to Item 12, please clarify:

1. The time period covered by the request; and
2. Relevant search terms to be used in an email search of the potential custodians.

**In accordance with VA's implementing reg    ^  ons, found at 38 C.F.R § 1.554(d)(4), I am providing you with 30 calendar days to provide clarification on your request. If I have not heard from you by March 8, 2015 (reply must be postmarked on or before March 8, 2015, as it is a Sunday), I will assume that you are no longer interested in pursing your request and will take the appropriate measures to administratively close your request. Please keep in mind that the timeframe, which we have to respond to your FOIA request does not run while we are waiting for your response to our request for clarification.**

After conducting a reasonable search, I have concluded that we do not have records responsive to the following items:

1.    All documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails) reviewed by OEDCA, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies. (Emphasis in original).

2.    All documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails) considered by OEDCA, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. This r    c  st includes copies of all documents (electronic or hard copies) which represent copies or blind copies. (Emphasis in original).

3.    All documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails) supporting OEDCAs [sic], decision, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies. (Emphasis in original).

4.    All documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails) concerning, reflecting, representing and/or summarizing any findings or conclusions by OEDCA, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies. (Emphasis in original).

With regard to these items, I am issuing a "no records" response for Philadelphia VA Medical Center. However, please be advised that if the documents exist, the VA Office of Employment Discrimination Complaint Adjudication may possess the records you seek. Accordingly, I have referred your request to Laurie Karnay, FOIA Officer for furth    *  ocessing and direct response to you. Ms. Karnay may be reached at (202) 632-7465.

5

I have also concluded that PVAMC does not have records related to items 5b and 6b (documents related to Gary Devansky); therefore, I am issuing a "no records" response for Philadelphia VA Medical Center. However, please be advised that *if* the documents exist, the VISN 4 Offices may possess the records you seek. Accordingly, I have referred your request to Jeff Adamson, FOIA Officer for further processing and direct response to you. Mr. Adamson may be reached at (412) 822-1124.

In your January 21, 2015, FOIA request, you also requested a waiver of all fees in connection with your request.

The FOIA, 5 U.S.C. § 552(A)(4)(a)(II), places all FOIA requesters in one of three categories for fee purposes. The statute establishes the fees that may be charged for each category of requester. The three statutory categories of FOIA requesters are commercial use requesters; educational institutions, noncommercial scientific institutions, and representative of the news media; an '.' other requesters. Based upon information provided in your FOIA request, I have determined your request to be an "all other" requester. As an "all other" requester and in accordance with VA's implementing FOIA regulations found at 38 C.F.R. §1.561 (c)(4) an "all other" requester must be charged for the full reasonable direct cost of searching for and reproducing records that are responsive to the request, except that the first 100 pages of reproduction and the first two hours of search time will be furnished without charge. The fees associated with processing of your request will be addressed at a later date.

Based on the analysis of the information you presented in your fee waiver request, I have determined that VHA is not required to waive the fees associated with producing records responsive to your FOIA request.

Agencies are to apply the statutory test for fee waivers neutrally to all FOIA requesters to determine whether they qualify for FOIA fee waivers. The factors in determining whether an Agency should waive the fees associated with a particular FOIA request are stated in the statute, 5 U.S.C. § 552(a)(4)(a)(iii), "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of government and is not primarily in the commercial interest of the requester."

The statutory fee waiver standard contains tw      ic requirements, both of which must be met before fees can be waived. The first requirement is that "disclosure of the requested information is the public interest because it is likely to contribute significantly to the public understanding of the operations or activities of the government." The second requirement is that the "disclosure of the information is not primarily in the commercial interest of the requester." Where one or both of these requirements is not satisfied, a fee waiver is not warranted under the statute. Further, the requester should address both of the statutory requirements in sufficient detail for the agency to make an informed decision as to whether it can appropriately waive fees. In this regard, it is the requester's responsibility to provide sufficient evidence to demonstrate his or her entitlement to a fee waiver.

To waive the FOIA fees associated with producing the requested records, I must determine, based upon a review of the documents and the materials submitted by

6

requester, that the records in question: (1) concern VHA operations or activities, (2) the information in the documents is "likely to contribute" to an understanding of VHA's operations and activities, (3) after disclosure to the requester, the information in the documents will contribute to the "public understanding" of VHA operations, and (4) the contribution to the public's understanding will be "significant". I must also determine that (1) the requester does not have a commercial interest that would be furthered by the requested disclosure, or, if so, (2) the magnitude of the identified commercial interest of the requester is not sufficiently large, in comparison with the public interest in disclosure, that the disclosure would be "primarily in the commercial interest of the requester."

I have determined your request does not contain sufficient detail to meet the public interest requirement, as you do not specify how this information is likely to contribute *significantly* to the public's understanding of VHA's operations or activities in any identified area. Your request also does not describe how you are in a position to disseminate the information requested to members of the general public and therefore contribute to the general public's understanding. For these reasons, your request for a fee waiver is denied.

Please be advised you may appeal the denial of your fee waiver request or the "no records" response to:

> Office of the General Counsel (024)
> Department of Veterans Affairs
> 810 Vermont Avenue, N.W
> Washington, D.C. 2042

If you should choose to file an appeal, your appeal must be postmarked no later than sixty (60) calendar days from the date of this letter. Please include a copy of this letter with your written appeal and clearly state why you disagree with the determinations set forth in this response.

If you have any questions about your request, you may contact me at 215-823-5254.

Sincerely,

Lauren Russo
Acting FOIA Officer

7



VA PITTSBURGH HEALTHCARE SYSTEM

University Drive
Pittsburgh, PA 15240
412.822.2222

February 10, 2015                                           FOIA Request 15-06922-FP

Dom Wadhwa, M.D.
215 East Camden Ave, H-13                              •
Moorestown, NJ 08057

Dear Mr. Wadhwa:

This letter acknowledges receipt of your January 21, 2015 request under the Freedom of
Information Act (FOIA), 5 U.S.C. § 552, to the Philadelphia VA Medical Center, FOIA case #
15-06143-FP. A portion of your request was received in the VISN 4 FOIA Office on February 6,
2015 after being transferred from the Philadelphia VA Medical Center for the portion of the
request in reference to records regarding Gary Devansky, former Director Interim Network
VISN 4. Specifically you are asking for:

Item # 5

Produce all documents (including electronic versions such as Emails, and also attachments to the emails)
reflecting, representing and/or summarizing any communications by, between, and among agency
personnel with respect to hiring, firing, promotion and compensation, reporting of alleged misconduct to
the state licensing board, a proposed removal from VA for alleged misconduct, or other terms conditions
or privileges of employment including but not limited to

Gary Devansky, former Director Interim Network VISN 4

Who were involved with respect to hiring, firing, promotion, compensation, reporting of alleged
misconduct to the state licensing board, a proposed removal from VA employment for alleged
misconduct, or other terms, conditions, or privileges of employment of Mukesh Jain, MD former
assistant Chief of staff at PVAMC, and Ramesh Gupta, MD former staff physician at PVAMC and any
other employee which resulted in posting of "notice to employees" by Mr. Devansky, on December 2,
2014. This request also includes copies of all documents (electronic or hard copy) which represent
copies or blind copies.

Produce all documents, by between and among agency personnel ( including electronic versions, such as
emails and also attachments to the emails) related to hiring, firing, promotion, compensation, reporting
of alleged misconduct to the state licensing board, a proposed removal from VA employment for alleged
misconduct, or other terms, conditions or privileges of employment of Mukesh Jain MD, former
assistance chief of staff at PVAMC, and Ramesh Gupta MD staff physician at PVAMC and any other
employee which resulted in posting of "notice to employees" by Mr. Devansky on December 2, 2014.
This request also includes copies of all documents (electronic or hard copy) which represent copies or

Dom Wadhwa, M.D.
Page 2
February 10, 2015

blind copies, but not limited to

Gary Devansky, former Director Interim Network VISN 4.

All notes created or maintained by, or in the possession of the above or any other agency officials
related to hiring , firing, promotion, compensation, reporting of alleged misconduct to the state
licensing board, a proposed removal from VA employment for alleged misconduct, or other terms,
conditions or privileges of employment of Mukesh Jain MD, former assistance chief of staff at PVAMC,
and Ramesh Gupta MD staff physician at PVAMC and any other employee which resulted in posting of
"notice to employees" by Mr. Devansky on December 2, 2014.

The VISN 4 FOA Office received your FOIA request from the Philadelphia VA medical Center
on February 6, 2015. We assigned the VISN 4 portion of your FOIA request the tracking
number at the top of this letter. Please include this tracking number in all future
communications concerning this FOIA request. Also be advised that based on the amount of
time necessary for processing this FOIA request, it has ┌ ^ placed in the complex processing
track.

As the Philadelphia VA Medical center has sent you a letter seeking clarification, our office will
await your response with clarification regarding your request prior to proceeding. Specifically
we also seek clarification regarding item 5, and specifically are looking for clarification
regarding:

1. The time period covered by this request
2. For the individual listed above, whether that individual is the subject of the requested
   records, or a potential custodian of the requested records.

In accordance with VA's implementing regulations, found at 38 C.F.R. § 1.554(d) (4), I am
providing you with 30 calendar days to provide clarification on your request. If I have not heard
from you by March 10, 2015, I will assume that you are no longer interested in pursuing your
request and will take the appropriate measures to administratively close your request.  Please
keep in mind that the timeframe, which we have to respond to your FOIA request does not run
while we are waiting your response to our request for clarification.

If you have any questions about your request, you may contact me at (412)-822-1124 between
the hours of 8:00 am and 4:30 pm Monday through Frid- ^ :ept for Federal Holidays.

Dom Wadhwa, M.D.
Page 3
February 10, 2015

Sincerely,

JEFFREY ADAMSON
VAPHS Privacy/FOIA Officer
VISN 4 FOIA Officer (Acting)

**NOTICE TO EMPLOYEES**

This Notice is posted pursuant to a recent Final Agency Decision issued by the Office of Employment Discrimination Complaint Adjudication (OEDCA), which found that a violation of Title VII occurred at this facility.

Federal law requires that there be no discrimination against any employee or applicant because of the person's RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE OR PHYSICAL or MENTAL DISABILITY with respect to hiring, firing, promotion, compensation, or other terms, conditions or privileges of employment. Federal law also prohibits REPRISAL against employees who participate in EEO proceedings or otherwise oppose unlawful discriminatory employment practices.

The Department of Veterans Affairs Medical Center in Philadelphia, Pennsylvania, supports and will comply with such Federal law and will not retaliate against individuals because they have exercised their rights under law.

The Department of Veterans Affairs Medical Center in Philadelphia, Pennsylvania, has remedied the discrimination found in OEDCAs Final Action or decision.

The Department of Veterans Affairs Medical Center in Philadelphia, Pennsylvania, will ensure that officials responsible for personnel decisions and terms and conditions of employment will abide by the requirements of all federal equal employment opportunity laws and will not retaliate against employees who file EEO complaints.

The Department of Veterans Affairs Medical Center in Philadelphia, Pennsylvania, will not in any manner restrain, interfere, coerce or retaliate against any individual who exercises his or her right to oppose practices made unlawful by, or who participates in proceedings pursuant to, Federal equal employment opportunity law.

Gary W. Devansky Interim Network Director, VISN 4

Date Posted: DEC 2, 2014

Posting Expires: FEB 3, 2015

reply.  You may make arrangements for your oral reply by calling ████
████████ Human Resources Specialist, at (215) 823-████

4.  **RIGHT TO REVIEW MATERIAL:** The evid... s on which this notice of proposed
    action is based is enclosed for your review.  You will be allowed eight (8) hours of
    official duty time for reviewing the evidence relied on to support the reason in this
    notice, preparing a written reply, securing affidavits, and for making a personal
    reply.  Arrangements for the use of official time or requests for additional time
    should be made with me.

5.  **RIGHT TO REPRESENTATION:**  You may be represented by an attorney or
    other representative of your choice at all stages of this matter, up to and
    including the issuance of the decision.  Any representative must be designated in
    writing (Designation of Representative form enclosed).

6.  **DECISION:**  The final decision to effect the action proposed has not been made.
    Daniel D. Hendee, FACHE, Medical Center Director, who will make the final
    decision, will give full and impartial consideration to your reply(ies), if submitted,
    along with the Supervisor's Checklist for any Mitigating or Aggravating Factors.
    You will be informed in writing of the final decision as soon as possible after your
    reply has been considered or after the expiration of the time allowed for reply, if
    you do not reply.  If an action is effected, your right to appeal under the VA
    Grievance Procedure will be included in the decision letter.

7.  **DUTY STATUS:** You will be retained in a pay and duty status during the period
    of advance notice.

8.  **EFFECTIVE DATE:**  If it is decided to take the proposed action, such action will
    be effective not less than 30 calendar days from the day following the date you
    received this notice.

9.  **REPORTING TO STATE LICENSING BOARD:** It is the policy of the VA to
    report to the State Licensing Board those licensed healthcare professionals,
    whether currently employed or separated, voluntarily or otherwise, whose clinical
    practice during VA employment so significantly failed to meet generally accepted
    standards of clinical professional practice as to raise reasonable concerns for the
    safety of patients.  In the event you are found to not meet standards of care,
    consideration will be given whether, under these criteria, you should be reported
    to the State Licensing Board(s).

9

| VA Department of Veterans Affairs | **PERFORMANCE PAY RECOMMENDATION & APPROVAL** |
|---|---|

| PERIOD COVERED | SERVICE/LOCATION |
|---|---|
| 10/1/13 to 9/30/14 | Philadelphia VA Medical Center |

| NAME | LAST 4 DIGITS OF SSN | PAY TABLE/TIER |
|---|---|---|
| WADHWA, Dom. | | |

| ANNUAL PAY | MAXIMUM TARGET PERFORMANCE PAY | % OF ANNUAL PAY |
|---|---|---|
| | | 7.5% |

| 1 | PROFESSIONALISM (SEE ATTACHED): 2% |
|---|---|
| 2 | QUALITY (SEE ATTACHED): 2% |
| 3 | TIMELINESS (SEE ATTACHED): 2% |
| 4 | COLLATERAL DUTIES/SPECIAL CONTRIBUTIONS (SEE ATTACHED): 1.5% |
| 5 | |

| SUPERVISORY OFFICIAL (Print name below) | SIGNATURE | DATE |
|---|---|---|
| | | 1-8-15 |

| EMPLOYEE (Print name below) | SIGNATURE | DATE |
|---|---|---|
| | | |

| RECOMMENDED PERFORMANCE PAY | 6500. | % OF ANNUAL PAY | |
|---|---|---|---|

DESCRIBE THE DEGREE TO WHICH GOALS AND OBJECTIVES WERE MET

C SSC coordinator for C+P
Regularly Assists NPs with C+P Assignment.
Several complaints from veterans/staff.

| RECOMMENDING OFFICIAL (Print name and title ) | SIGNATURE | DATE |
|---|---|---|
| | | |

| APPROVED AMOUNT (if different than recommended amount) | | |
|---|---|---|

| APPROVING OFFICIAL (Print name and title) | SIGNATURE | DATE |
|---|---|---|
| | | |

VA FORM **10-0432**
DEC 2005

United States District Court Eastern District of Pennsylvania

Page 1 of 1

STANDARD

## United States District Court
### Eastern District of Pennsylvania (Philadelphia)
### CIVIL DOCKET FOR CASE #: 2:15-cv-00283-WB
### Internal Use Only

WADHWA v. SECRETARY, U.S. DEPARTMENT OF
VETERANS AFFAIRS
Assigned to: HONORABLE WENDY BEETLESTONE
Cause: 42:2000e Job Discrimination (Employment)

Date Filed: 01/20/2015
Jury Demand: None
Nature of Suit: 442 Civil Rights:
Employment
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**DOM WADHWA**
*M.D.*

represented by **DOM WADHWA**
215 E. CAMDEN AVE., APT. H-13
MOORESTOWN, NJ 08057
PRO SE

V.

**Defendant**

**SECRETARY, U.S. DEPARTMENT
OF VETERANS AFFAIRS**
*(AGENCY)*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/20/2015 | 1 | COMPLAINT against SECRETARY, U.S. DEPARTMENT OF VETERANS AFFAIRS ( Filing fee $ 400 receipt number 114786.), filed by DOM WADHWA. (Attachments: # 1 Civil Cover Sheets)(tj, ) (Entered: 01/22/2015) |
| 01/20/2015 | | Summons 3 Issued; 2 Mailed to Pro Se and 1 Forwarded to the U.S. Attorney's Office 1/22/15 as to SECRETARY, U.S. DEPARTMENT OF VETERANS AFFAIRS. (tj, ) (Entered: 01/22/2015) |
| 01/20/2015 | 🔒 | (Court only) Standard Case Management Track (tj, ) (Entered: 01/22/2015) |

Ms. Russo,                                2/17/15

    Typographic Corrections
        - Please discard the previous
          fax few minutes ago

    Dom Wadhwa MD
                    Total pages 7
                    (Includes cover)

P.S. Please share this fax with
    exhibits with Laurie Karnay
                    Thanks
                        Dom Wadhwa MD

**Dom Wadhwa, M.D.**
Philadelphia VA Medical Center
3900 Woodland Avenue
Philadelphia, PA 19104
Telephone: (215) 823-5859

February 17, 2015

Lauren Russo, Acting FOIA & Privacy Officer
Philadelphia VA Medical Center (PVAMC)
3900 Woodland Avenue, Philadelphia, PA 19104
Telephone: (215) 823-5800; Fax: (202) 632-7581
**FIOA Request No. 15-06143-FP (Exhibit A)**

Jeffrey Adamson, Acting FOIA & Privacy Officer, VISN 4
VAPHS FOIA Officer, University Drive
Pittsburgh, PA 15240
Telephone: (412) 822-1124; Fax: (202) 632-7581
**FIOA Request No. 15-06922-FP (Exhibit B)**

**cc: Laurie Karnay, FOIA Officer**
  VA Office of Employment Discrimination Complaint Adjudication (**OEDCA**)
  1100 First Street, NE, 005RIC
  Washington, D.C. 20420
  Telephone: (202) 632-7465

**SECOND FORMAL FOIA/PRIVACY ACT REQUEST**
**In Response to PVAMC FOIA Officer Letter, dated February 6, 2015**
**& VISN 4 FOIA Officer Letter, dated February 10, 2015**

Dear Ms. Russo and Mr. Adamson,

I have received your responses (Exhibit A & Exhibit B) to my *first* FOIA/Privacy Act request, dated
January 21, 2015.

Both of you (Lauren Russo and Jeffrey Adamson) in the letters dated February 6, 2015 (Exhibit A)
and February 10, 2015 (Exhibit B), have decided to delay providing me the information I requested
by using the same VA regulation 38 C.F.R. 1.554 (d) (4), which states:

*The time limit for VA to process the FOIA request will not start until the FOIA Officer determines that the requester has
reasonably described the records sought in the FOIA request. If the FOIA Officer seeks additional clarification regarding the
request and does not receive the requester's written response within thirty (30) calendar days of the date of its communication
with the requester, he or she will conclude that the requester is no longer interested in pursuing the request and will close VA's
files on the request.*

I am making my *second* formal request for the same information, under the Freedom of Information Act (FOIA), as amended, 5 U.S.C. §552, in conjunction with the Privacy Act, 5 U.S.C. §552a, based on the following information in regard to my request:

1. "Notice to Employees" by Gary Devansky (Mr. Devansky), former Interim Network Director, VISN 4, dated December 2, 2014 (**Exhibit AA**), states:

   a. The **recent** Final Agency decision issued by the VA Office of Employment Discrimination Complaint Adjudication (OEDCA) found that a violation of Title VII Federal Law occurred at the Philadelphia VA Medical Center (PVAMC).

   b. PVAMC has remedied the discrimination with respect to hiring, firing, promotion, compensation, either terms, conditions or privileges of employment based on the person's race, color, religion, sex, national origin, age, or physical or mental disability, found in OEDCA's (recent) Final Action or decision.

   Based on the above information in the "Notice to Employees," dated December 2, 2014, it is obvious to me that Mr. Devansky had custody of the OEDCA's Final Agency decision prior to his issuance of this notice.

2. Mukesh Jain, M.D., (Dr. Jain) and Ramesh Gupta, M.D., (Dr. Gupta) were involuntarily removed from their full-time VA employment by the management officials at PVAMC, and they (Dr. Jain and Dr. Gupta) are no longer employees at PVAMC, and both (Dr. Jain and Dr. Gupta) are non-Caucasian physicians, who appear to be over the age of 55, with a brown skin color, foreign born, and are Asian-Indian Americans, like myself.

3. Sometime in the year 2013, Dr. Jain was removed from his position as Associate Chief of Staff at PVAMC, and he (Dr. Jain) was replaced by a Caucasian female physician by the management officials at PVAMC.

4. I have unconfirmed report that after Dr. Jain transferred to another VA facility, he (Dr. Jain) *allegedly* filed an employment discrimination complaint against the management officials at PVAMC.

5. I have unconfirmed report that on or about December 18, 2014, Dr. Gupta (who prefers to stay anonymous due to fear of retaliation) was issued *proposed* removal from his 27-year full-time VA employment, and he (Dr. Gupta) was provided a document stating that he (Dr. Gupta) is being considered for reporting to the State Licensing Board to revoke his medical license for his *alleged* misconduct (**Exhibit BB**) with use of (15) fifteen administration mishaps, most of them type-written by William Kavesh, M.D., (Dr. Kavesh, a staff physician at PVAMC), without credible evidence, from a 6-12 month period, which were used in Dr. Gupta's evidence file for his *proposed* removal.

6. On or about December 28, 2014, after Dr. Gupta's recent involuntary departure from his full-time employment at PVAMC, I (Dr. Wadhwa) had unconfirmed report that I (Dr. Wadhwa) was the next non-Caucasian physician to be targeted by the **same** management officials at PVAMC for *proposed* removal from my 28-year full-time VA employment, and

for reporting to the State Licensing Board to revoke my medical license for my *alleged* misconduct, by the **same** management officials at PVMC who had recently targeted Dr. Gupta with *proposed* removal from his 27-year full-time VA employment.

7. On January 8, 2015, I was hand-delivered (12) twelve administrative mishaps, all given to me at the same time, mostly from the last six month period, type-written by Dr. Kavesh and other administration officials at PVAMC, without credible evidence, for my *alleged* misconduct (**similar** to the type-written documents hand-delivered to Dr. Gupta, prior to his *proposed* removal from his 27-year full-time VA employment at PVAMC).

8. On January 8, 2015, the administration officials at PVAMC markedly reduced my performance pay by 56% ($ 8,139.33) for my *alleged* misconduct for fiscal year 2014 (**Exhibit CC**), based on 12 (twelve) administration mishaps, most of them from the last 6 month period, as stated above.

9. On January 20, 2015, I filed a civil action law suit of job discrimination under Title VII Federal Law against the management officials at PVAMC in the United States District Court for the Eastern District of Pennsylvania, Civil Action No. 15-283. (**Exhibit DD**)

Kindly provide me information surrounding the above circumstances so that I may provide to the Administrative Judge for my Civil Action No. 15-283, as supporting evidence of Title VII violation by management officials at PVAMC, during the probationary period from December 2, 2014 to February 3, 2015 (see "Notice to Employees," by Gary Devansky, dated December 2, 2014).

In your responses, dated February 6, 2015 (by Lauren Russo), and February 19, 2015 (by Jeffrey Adamson), both of you (Ms. Russo and Mr. Adamson) have requested the same clarification with regard to:

1. Time period covered by my request under the Freedom of Information Act (FOIA), as amended, 5 U.S.C. §552, in conjunction with the Privacy Act, 5 U.S.C. §552a., including, but not limited to, the details surrounding the recent Title VII Federal Law violation by management officials at PVAMC, as stated in Notice to Employees, by Gary Devansky, dated December 2, 2014.

2. Whether the individual listed (Gary Devansky, former Interim Network Director, VISN 4) is the subject of the requested records, or a potential custodian of the requested records

The time period covered for my request for above documents is, as follows:

1. For me (Dr. Wadhwa) from January 1, 2013 to the present;
2. For Dr. Jain from January 2013 to December 2014;
3. For Dr. Gupta from January 2014 to December 2014, and
4. A two-year time period for the individual(s) who was (were) subjected to employment discrimination at PVAMC which resulted in OEDCA's Final Agency decision, as stated in "Notice to Employees," by Mr. Devansky, dated December 2, 2014.

Whether Mr. Devansky is a subject or custodian of requested records discussed in his December 2, 2014 "Letter to Employees," can only be determined after I have had an opportunity to review the above records that I am entitled to under the FOIA/Privacy Act.

### Waiver of Cost

If my request is processed under the Privacy Act, I expect, as the Act provides, that no fees will be charged for locating requested files.

If for some reason you decide to deny the waiver of cost for obtaining the documents under FOIA/Privacy Act surrounding the Title VII violation of Federal Law by management officials at the Philadelphia VA Medical Center (PVAMC, Agency), which resulted in posting of "Notice to Employees" by Mr. Devansky, dated December 2, 2014, then **I request permission to review the records which are responsive to this request and select those which I want copied**.

Please allow me to review the following records which are responsive to my request:

1. Documents used as evidence in the evidence folder which resulted in removal of Mukesh Jain, M.D., from his position as Assistant Chief of Staff at PVAMC;

2. Documents used as evidence in the evidence folder for *proposed* **reporting the State Licensing Board** of *alleged* misconduct (**Exhibit CC**) and *proposed* removal of Ramesh Gupta, M.D., (who prefers to stay anonymous due to fear of retaliation) from his 27- year full-time VA employment as Staff Physician at PVAMC, on or about December 18, 2014;

3. Documents used as evidence for targeting me (Dr. Wadhwa) for *alleged* misconduct with reduction in my performance pay 56% ($ 8,139.33) on January 8, 2014, for the fiscal year 2014, i.e., a **punitive disciplinary personnel action** taken against me by the management officials at PVAMC;

4. Documents used in the evidence folder which resulted in removal or *proposed* removal, or any other incident/disciplinary action cited as Title VII violation of Federal Law of any employee, from his/her position at PVAMC, discussed in posting of "Notice to Employees" by Mr. Devansky, on December 2, 2014;

5. Documents in Mr. Devansky's custody from OEDCA of the employee(s) at PVAMC against whom the unlawful discriminatory employment practice occurred, and the circumstances, that led to the issuance of the Final Agency decision by OEDCA which found that violation of title VII occurred at this facility, as stated in Mr. Devanksy's "Notice to Employees", dated December 2, 2014.

6. Documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails, and training sessions, etc.) of all the steps taken by management officials at PVAMC (Agency) to **remedy** the discrimination found in the

OEDCAs Final Action or decision, as stated in "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expired February 3, 2015).

Please note: If any part of my request is denied, please list the specific exemptions which are being claimed to withhold information. If you determine that some portions of the requested material are exempt, please provide me with the remaining non-exempt portions in accordance with the Act.

Please respond to my request within twenty (20) workdays, of the date of this *second* FOIA/Privacy Act request pursuant to 5 U.S.C. §552 (a)(6)(A)(2)(i), **on or before March 16, 2015**.

As I had stated previously in my *first* FOIA/Privacy Act request, on January 21, 2015, that although an extension of time to respond may be requested, it may only be granted for 'unusual circumstance.' Predictable agency workload is not typically considered unusual circumstance, as stated in 5 U.S.C. §552 (a)(6)(C)(ii). Moreover even to the extent that an unusual circumstance could be demonstrated in this instance, the time limit for the extension is limited to '10 working days' pursuant to 38 C.F.R. §1.553 (d), **on or before March 30, 2015**.

Please be advised that **failure to respond** to this request by **March 30, 2015**, may result in filing an administrative appeal with office of the Secretary of the Department of Veterans Affairs pursuant to 38 C.F.R. §1.557 and 5 U.S.C. §552 (a)(6)(A)(2)(ii), and potentially filing a **federal lawsuit in the U.S. District Court of New Jersey**, to compel the production of this information, and be subjected to court fees in order to obtain this information, pursuant to 38 U.S.C. § 552a (g)(I) of the Privacy Act, and 38 U.S.C. §552 (a)(4)(B) of FOIA.

As I had stated previously with my *first* FOIA/Privacy Act request, on January 21, 2015, I (Dr. Wadhwa) am seeking the above documents for personal use, as evidence in my civil action lawsuit, Civil Action No. 15-283, and not for a commercial use.

Please advise me when the requested documents will be supplied to me, so that I may provide this information to the U.S. District Court for the Eastern District of Pennsylvania, for my civil action lawsuit, Civil Action No. 15-283, filed on January 20, 2015, and if I may be permitted to submit additional supplement(s) to this request (after review of the above requested documents).

If additional clarification is needed with regard to my FOIA/Privacy Act request *initiated* on January 21, 2015, please contact me on my cell phone: (609) 220-2771.

Respectfully submitted,

Dom Wadhwa MD

Dom Wadhwa, M.D., *pro se*

Dated: February 17, 2015

Enclosures: Exhibits A and Exhibit B & Exhibits AA to Exhibit DD are as stated below
Exhibit A -- Lauren Russo's response to my *first* FOIA/Privacy Act request, dated February 6, 2015
Exhibit B – Jeffrey Adamson's response to my *first* FOIA/Privacy Act request, dated
        February 10, 2015

Exhibit AA – Notice to Employees, by Gary Devansky, dated December 2, 2014
Exhibit BB - Reporting of *alleged* misconduct to the Medical State Licensing Board
Exhibit CC - Reduced my performance pay by 56% ($ 8,139.33) for my
             *alleged* misconduct for fiscal year 2014
Exhibit DD - United States District Court for the Eastern District of Pennsylvania,
             Civil Action No. 15-283, filed January 20, 2015

<u>My home address:</u>

Dom Wadhwa, M.D.
215 East Camden Avenue, H-13
Moorestown, NJ 08057
Telephone: (856) 235-7530

cc: James P. Horan, Director, FOIA Service
       VA Central Office, Washington, D.C. 20420 (Telephone: (202) 632 7543)
                                              (Fax: (202) 632-7581)
    Tammy L. Kennedy, Principal Deputy General Counsel (024)
       VA Central Office, Washington, D.C. 20420
    Maxanne R. Witkin, Director
       VA Office of Employment Discrimination Complaint Adjudication (OEDCA)
       1575 I Street, NW, Washington, DC 20420

# Exhibit D

# Exhibit E



**VA** | U.S. Department
of Veterans Affairs

**DEPARTMENT OF VETERANS AFFAIRS**
**Medical Center**
**University and Woodland Avenue**
**Philadelphia, Pennsylvania 19104**

March 6, 2015

FOIA Request No.: 15-06143-FP

Dom Wadhwa, M.D.
215 East Camden Ave., H-13
Moorestown, NJ 08057

**VIA Email, 1st Class, and Certified Mail, Tracking #7013 1090 0002 3225 8364**

Dear Dr. Wadhwa:

This is the initial agency decision on your January 21, 2105 request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to the Philadelphia VA Medical Center. Your FOIA request was received in my office on January 22, 2015.

As I stated in my February 6, 2015 correspondence, Philadelphia VA Medical Center did not have records responsive to items 1-4,5b, and 6b, and referred those items to other agency components. The Office of Resources Management will respond to items 1-3; the FOIA service, on behalf of OEDCA will respond to item 4; and the VISN 4 FOIA Office will respond to items 5b and 6b.

A comprehensive search for documents responsive to your request has concluded. A thorough search has been conducted and provided are five (5) pages that are responsive to your request for item 10. All information is provided in its entirety. No portions of the requested records have been withheld either in whole or in part. This concludes VHA's response to your FOIA request.

My review of the documents responsive to item 11 revealed that they contained information that falls within the disclosure protections of FOIA Exemption 6, 5 U.S.C. § 552(b)(6). FOIA Exemption 6 permits VA to withhold a document or information contained within a document if disclosure of the information would constitute a clearly unwarranted invasion of a living individual's personal privacy. Stated another way, VA may withhold information under FOIA Exemption 6 where disclosure of the information, either by itself or in conjunction with other information available to either the public or the FOIA requester, would result in an unwarranted invasion of an individual's personal privacy without contributing significantly to the public's understanding of the activities of the federal government.

Specifically, the information I am withholding, as indicated on the enclosed documents, under FOIA Exemption 6 consists of personally identifiable information, such as partial social security numbers, as the individuals associated with this information have a personal privacy interest in it.

The coverage of FOIA Exemption 6 is absolute unless the FOIA requester can demonstrate a countervailing public interest in the requested information by demonstrating that the individual is in a position to provide the requested information to members of the general public and that the information requested contributes significantly to the public's understanding of the activities of the Federal government. Additionally, the requester must demonstrate how the public's need to understand the information significantly outweighs the privacy interest of the person to whom the information pertains. Upon consideration of the materials provided, I have not been able to identify a countervailing public interest of sufficient magnitude to outweigh the privacy interest in this case. The individuals associated with this information have a personal privacy interest in information that outweighs any public interest served by disclosure of their identities under FOIA. Consequently, I am denying your request for this information under FOIA Exemption 6, 5 U.S.C. § 552 (b)(6).

In my letter dated February 6, 2015, I sought clarification to your January 21, 2015 request under the FOIA. The FOIA provides that agencies are to search for records responsive to FOIA requests that "reasonably describe" the records requested. I determined that your FOIA request does not reasonably describe the records with sufficient particularity for VHA employees to identify and search for the records with a reasonable amount of effort, with respect to several items. As of today's date, you have not provided clarification with regards to the items listed below:

Item 5 requests:

[A]ll documents (including electronic versions such as emails, and also attachments to the emails) reflecting, representing and/or summarizing any communications by, between, and among agency personnel with respect to hiring, firing, promotion, compensation, reporting of *alleged* misconduct to the State Licensing Board, a *proposed* removal from VA employment for *alleged* misconduct, or other terms, conditions or privileges of employment, including but not limited to:

a. Daniel Hendee, Medical Center Director, PVAMC;
b. Ralph Schapiro [sic], M.D., Chief of Staff, PVAMC;
c. Elizabeth Datner, M.D., Associate Chief of Staff, PVAMC
d. Rosalinda Dirienzo, M.D., Chief of Compensation & Pension (C&P) Section, PVAMC;
e. William Kavesh, M.D., Staff Physician, C&P Section, PVAMC;
f. Ramesh Gupta, M.D., former Staff Physician; PVAMC;
g. Muken Jain, M.D., former Assistant Chief of Staff, PVAMC;
h. Chief, Patient Advocate, PVAMC;
i. Gregory Weller, Chief of Employment [sic] Labor Relations; PVAMC;
j. Richard Nelson, Chief of Human Resources, PVAMC; and
k. [A]ny other VA agency official;

2

Who were involved with respect to hiring, firing, promotion, compensation, reporting of *alleged* misconduct to the State Licensing Board, a *proposed removal from VA employment for* alleged misconduct, or other terms, conditions or privileges of employment of Mukesh Jain, M.D., former Assistant Chief of Staff at PVAMC, and Ramesh Gupta, M.D., former Staff Physician at PVAMC, and any other employee, which resulted in posting of "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expires February 3, 2015). This request also includes copies of all documents (electronic or hard copies) which represent copies or blind copies. (All emphasis in orginal).

With regards to Item 5, please clarify the following:

1. The time period covered by the request;
2. Please clarify, for each individual listed above, whether that individual is the subject of the requested records, or a potential custodian of the requested records;
3. The name of the employee(s) that are the subject of the requested records;
4. The subject(s) of the hiring referred to in the request;
5. The subject(s) of the firing referred to in the request;
6. The subject(s) of the promotion referred to in the request;
7. The subject(s) of the compensation action referred to in the request;
8. The subject(s) of the alleged reporting to the State Licensing Board contained in responsive records;
9. The subject(s) of the alleged proposed removal contained in responsive records;
10. Relevant search terms to be used in an email search of the potential custodians; and
11. A precise definition of "any other VA agency official." The VA employs over 300,000 employees and it is not practicable to search the records of all who may be considered "officials." Please provide a list of names, or official titles for those officials and clarify whether those individuals would be the subject of responsive records or a potential custodian of responsive records. Please note, that for certain individuals, PVAMC may not be the custodian of responsive records and a request for such records may be referred to another FOIA Officer.

Item 6 requests:

[A]ll documents, by, between and among agency personnel (including electronic versions, such as emails, and also attachments to the emails) related to hiring, firing, promotion, compensation, reporting of *alleged* misconduct to the State Licensing Board, a *proposed* removal from VA employment for *alleged* misconduct, or other terms, conditions, or privleges of employment of Mukesh Jain, M.D., former Assistant chief of staff at PVAMC, and Reamesh Gupta, M.D., former Staff Physician at PVAMC, and any other employee, which resulted in posting of "Notice to Employees" by Mr. Devanksy, on December 2, 2014 (posting expires February 3, 2015). This request also includes copies of all documentts

3

(electronic or hard copies) which represent copies or blind copies, but not limited to:

a. Daniel Hendee, Medical Center Director, PVAMC;
b. Ralph Schapiro [sic], M.D., Chief of Staff, PVAMC;
c. Elizabeth Datner, M.D., Associate Chief of Staff, PVAMC
d. Rosalinda Dirienzo, M.D., Chief of Compensation & Pension (C&P) Section, PVAMC;
e. William Kavesh, M.D., Staff Physician, C&P Section, PVAMC;
f. Ramesh Gupta, M.D., former Staff Physician; PVAMC;
g. Muken Jain, M.D., former Assistant Chief of Staff, PVAMC;
h. Chief, Patient Advocate, PVAMC;
i. Gregory Weller, Chief of Employment [sic] Labor Relations; PVAMC;
j. Richard Nelson, Chief of Human Resources, PVAMC; and
k. [A]ny other VA agency official;

All notes created or maintained by, or in the possession of the above or any other agency officials related to hiring, firing, promotion, compensation, reporting of *alleged* misconduct ot the State Licensing Board, a *proposed* removal from VA employment for *alleged* misconduct, or other terms, condictions, or privileges of employment of Mukesh Jain, M.D., fomer Assistant Chief of Staff at PVAMC, and Ramesh Gupta, M.D., fomer Staff Physician at PVAMC, and any other employee, which resulting [sic] in posting of "Notice to Employees" by Mr. Devanksy, on December 2, 2014 (posting expires February 3, 2015). (All emphasis in orginal).

With regards to Item 6, please clarify:

1. The time period covered by the request;
2. Please clarify, for each individual listed above, whether that individual is the subject of the requested records, or a potential custodian of the requested records;
3. The name of the employee(s) that are the subject of the requested records;
4. The subject(s) of the hiring referred to in the request;
5. The subject(s) of the firing referred to in the request;
6. The subject(s) of the promotion referred to in the request;
7. The subject(s) of the compensation action referred to in the request;
8. The subject(s) of the alleged reporting to the State Licensing Board contained in responsive records;
9. The subject(s) of the alleged proposed removal contained in responsive records;
10. Relevant search terms to be used in an email search of the potential custodians; and
11. A precise definition of "any other VA agency official." The VA employs over 300,000 employees and it is not practicable to search the records of all who may be considered "officials." Please provide a list of names, or official titles for those officials and clarify whether those individuals would be the subject of responsive records or a potential custodian of responsive records. Please note, that for certain individuals, PVAMC may not be the custodian of responsive records and a request for such records may be referred to another FOIA Officer.

In accordance with VA's implementing regulations, found at 38 C.F.R § 1.554(d)(4), I provided you with 30 calendar days to provide clarification on your request. I have not received clarification, sufficient to reasonably described the records sought on the two items above. If I have not heard from you by March 8, 2015 (reply must be postmarked on or before March 8, 2015, as it is a Sunday), I will assume that you are no longer interested in pursing your request and will take the appropriate measures to administratively close your request.

Please be advised, that we can neither confirm nor deny records responsive to your request for items 7, 8, 9, and 12. The information you requested concerns an identifiable individual. For requests that are formulated in such a way that even acknowledgement of the existence of responsive records would cause harm to a protectable privacy interest, then only refusing to confirm or deny that any responsive records exist can protect the records subject's privacy. This approach is known as a "Glomar" approach, see MacLean v. DOD, No. 042425, slip op. at 18 (S.D. Cal. June 2, 2005). Since you are seeking records pertaining to a named individual, and it is not possible to protect their privacy interest, I am providing a "Glomar" response, citing Exemption 6.

FOIA Exemption 6, 5 U.S.C. § 552(b)(6). FOIA Exemption 6 permits VA to withhold a document or information contained within a document if disclosure of the information would constitute a clearly unwarranted invasion of a living individual's personal privacy. Stated another way, VA may withhold information under FOIA Exemption 6 where disclosure of the information, either by itself or in conjunction with other information available to either the public or the FOIA requester, would result in an unwarranted invasion of an individual's personal privacy without contributing significantly to the public's understanding of the activities of the federal government.

If you disagree with my determinations made in this letter, you may file an appeal within sixty (60) calendar days of the date of this adverse determination to:

> Office of the General Counsel (024)
> Department of Veterans Affairs
> 810 Vermont Avenue, N.W.
> Washington, D.C. 20420

If you should choose to file an appeal, your appeal must be postmarked no later than sixty (60) calendar days from the date of this letter. Please include a copy of this letter with your written appeal and clearly state why you disagree with the determinations set forth in this response.

Sincerely,

Lauren Russo
Acting FOIA Officer

| **Department of Veterans Affairs** | **PERFORMANCE PAY RECOMMENDATION & APPROVAL** |
|---|---|

| PERIOD COVERED | SERVICE/LOCATION |
|---|---|
| 10/1/13 to 9/30/14 | Philadelphia VA Medical Center |

| NAME | LAST 4 DIGITS OF SSN | PAY TABLE/TIER |
|---|---|---|
| WADHWA, Dom | | |

| ANNUAL PAY | MAXIMUM TARGET PERFORMANCE PAY | % OF ANNUAL PAY |
|---|---|---|
| 199,854 | | 7.5% |

1. PROFESSIONALISM (SEE ATTACHED): ● *see below*

2. QUALITY (SEE ATTACHED): 2%

3. TIMELINESS (SEE ATTACHED): 2%

4. COLLATERAL DUTIES/SPECIAL CONTRIBUTIONS (SEE ATTACHED): 1.5%

5.

| SUPERVISORY OFFICIAL (Print name below) | SIGNATURE | DATE |
|---|---|---|
| Rosalinda D. Rienzo | Rosalinda D. R... | 1-8-15 |
| EMPLOYEE (Print name below) | SIGNATURE | DATE |
| | | |

| RECOMMENDED PERFORMANCE PAY | 6500 | % OF ANNUAL PAY | |
|---|---|---|---|

DESCRIBE THE DEGREE TO WHICH GOALS AND OBJECTIVES WERE MET

CSSC coordinator for C+P.
Regularly assists NP(s) with interpretation + completion of C+P Assignments
professionalism - > 6 complaints from veterans /staff.

| RECOMMENDING OFFICIAL (Print name and title) | SIGNATURE | DATE |
|---|---|---|
| Rosalinda D. Rienzo | D. R... | 1-8-15 |

APPROVED AMOUNT (if different than recommended amount)

| APPROVING OFFICIAL (Print name and title) | SIGNATURE | DATE |
|---|---|---|
| | | |

VA FORM
DEC 2005   **10-0432**

| **VA** Department of Veterans Affairs | **PROFICIENCY REPORT** |
|---|---|

## SECTION A - INDIVIDUAL REPORTED ON

| 1. NAME (Last-first-middle) | 2. SOCIAL SECURITY NO. | 3. NAME AND LOCATION OF FACILITY | 4. FACILITY NO. |
|---|---|---|---|
| Wadhwa, Dom. | | | |

| 5. GRADE/STEP | 6. POSITION TITLE | | 7. PROB. REV. DUE | 8. PERIOD COVERED BY REPORT |
|---|---|---|---|---|
| | | | | FROM 9-30-13  TO 10-1-14 |

| 9. SERVICE | 10. DATE OF BIRTH | 11. NO. OF YEARS IN VA MED. SERVICE |
|---|---|---|
| C + P | | |

12. DUTY BEING PERFORMED

C + P Exams.

## SECTION B - REPORT OF PROFICIENCY

**INSTRUCTIONS TO RATER**

Carefully read Instructions in Part 6 before completing form. Rate one or more of the categories (items 13 through 16) as appropriate to duties and responsibilities of the individual and in all instances Personal Qualities (Category V). Narrative summary to support overall evaluation is required in Section D. Refer to Supplement to MP-5, Part II, Chapter 6, concerning procedures for low satisfactory and unsatisfactory ratings.

**LEGEND**

Unsatisfactory - Has not met reasonable expectations.

Low Satisfactory - Usually met reasonable expectations but performance sometimes marginal.

Satisfactory - Fully met and sometimes exceeded expectations.

High Satisfactory - Usually exceeded reasonable expectations by a substantial margin.

Outstanding - Consistently exceeded reasonable expectations to an exceptional degree.

13. CATEGORY I - CLINICAL COMPETENCE (Includes examination, diagnosis, therapeuticability, effectiveness in emergencies, patient management, consultations, specialty skills and record keeping)

| UNSATISFACTORY | LOW SATISFACTORY | ☑ SATISFACTORY | HIGH SATISFACTORY | OUTSTANDING |
|---|---|---|---|---|

14. CATEGORY II - EDUCATIONAL COMPETENCE (Includes effectiveness in teaching, monitoring and coordinating educational activities (planning, evaluating and documenting))

| UNSATISFACTORY | LOW SATISFACTORY | SATISFACTORY | ☑ HIGH SATISFACTORY | OUTSTANDING |
|---|---|---|---|---|

15. CATEGORY III - RESEARCH AND DEVELOPMENT (Includes ability to identify and define significant Research and Development problems, to plan and execute a precise research program and to generate effective reports worthy of publication. Communicates and promotes the broad use of the results of Research and Development)

| UNSATISFACTORY | LOW SATISFACTORY | SATISFACTORY | HIGH SATISFACTORY | OUTSTANDING |
|---|---|---|---|---|

NA.

16. CATEGORY IV - ADMINISTRATIVE COMPETENCE (Includes supervisory ability, effectiveness in planning, program planning, administrative judgment, decision willingness and correspondence and reporting)

| UNSATISFACTORY | LOW SATISFACTORY | SATISFACTORY | ☑ HIGH SATISFACTORY | OUTSTANDING |
|---|---|---|---|---|

17. CATEGORY V - PERSONAL QUALITIES (Includes emotional stability, dependability, relations with staff and community, eliciting cooperation, handling groups and adherence to ethical standards)

| UNSATISFACTORY | ☑ LOW SATISFACTORY | SATISFACTORY | HIGH SATISFACTORY | OUTSTANDING |
|---|---|---|---|---|

## SECTION C - OVERALL EVALUATION

18. OVERALL RATING

| UNSATISFACTORY | LOW SATISFACTORY | ☑ SATISFACTORY | HIGH SATISFACTORY | OUTSTANDING |
|---|---|---|---|---|

## SECTION D - NARRATIVE SUMMARY OF RATING OFFICIAL

19. COMMENTS (Comments are required for each rated category and particularly on those elements in which the individual shows exceptional strengths or weaknesses or a change from previous rating. Briefly describe the employee's potential for advancement to higher clinical or executive positions. If in a supervisory capacity, comment on employee's concern for the VA mission and responsiveness to public and agency policies, including such areas as equal employment opportunity, employment of disabled veterans and other handicapped individuals).

(SSC coordinator

Regularly Assists NRS) + PA with interpretation + completion
of C + P assignments.

There have been multiple complaints from clients + patients + VSR's)
About interactions with Dr Wadhwa over last year. These have been
discussed + recommendations made for improvement. Therefore,
personal qualities are rated in low-satisfactory - satisfaction range.

| VA FORM MAR 1989   10-2623a | SUPERSEDES VA FORM 10-2623a, SEP 1980, WHICH WILL NOT BE USED. | PAGE 1 |
|---|---|---|

19. COMMENTS *(Continued)*

20. CONTINUING EDUCATION ACTIVITIES ARE

☑ SATISFACTORY          ☐ UNSATISFACTORY

21. ENTRIES ON THIS FORM ARE BASED ON

☑ A. FREQUENT OR DAILY CONTACT          ☐ C. FREQUENT OBSERVATION OF WORK RESULTS

☐ B. INFREQUENT CONTACT                ☐ D. INFREQUENT OBSERVATION OF WORK RESULTS

22. NO. OF MONTHS UNDER MY SUPERVISION

| 23A. SIGNATURE OF RATING OFFICIAL | 23B. POSITION | 23C. DATE |
|---|---|---|
| *Rosalinda D. Kienzw.* | *Section Chief C + P* | *1 –* |

## SECTION E - COMMENTS OF APPROVING OFFICIAL
*(If in disagreement with rating, refer to VHA Supplement to MP-5, Part II, Chapter 6, App. 6A, General Instructions)*

24. COMMENTS

| 25A. SIGNATURE OF APPROVING OFFICIAL | 25B. POSITION | 25C. DATE |
|---|---|---|
|  |  |  |

## SECTION F - RATED EMPLOYEE

26. I HAVE SEEN THE APPROVED RATING AND HAVE HAD THE OPPORTUNITY TO DISCUSS IT

☐ YES   ☐ NO

27. I Am Interested In Advancement To A Higher Clinical Or Administrative Position

☐ YES   ☐ NO

NOTE - Comments concerning your rating may be submitted in writing to your supervisor and will be filed in your Official Personnel Folder and/or Board Action Folder.

PROFESSIONAL CAREER DEVELOPMENT PROGRAM - Physicians and Dentists who are interested in assignment to centralized positions, and incumbents of centralized positions and staff Dentists interested in reassignment.

I have been provided with VA Form 10-5349   ☐ ( Check if applicable)

| 28A. SIGNATURE OF EMPLOYEE | 28B. DATE |
|---|---|
|  |  |

PAGE 2

VA FORM 10-2623A

Updated December 9, 2014

# FY 2015 PHYSICIAN & DMD PAY FOR PERFORMANCE

***Factors to assess all MD and DMD providers*** *(as relevant):*

### ELECTRONIC MEDICAL RECORD DELINQUENCIES

- OPEN CONSULTS

- OPEN ENCOUNTERS

- UNSIGNED PROGRESS NOTES and UNCOSIGNED PROGRESS NOTES

- POST-OPERATIVE and POST-PROCEDURE NOTES

- DISCHARGE SUMMARIES

### GENERAL CRITERIA

- MANDATORY TRAINING DELINQUENCIES (ex: PRIVACY and INFORMATION SECURITY)

- CITIZENSHIP AND PROFESSIONALISM: WORKPLACE COLLEGIALITY, WORKPLACE INCIDENTS (ex: INVOLVING POLICE, PVAMC EMPLOYEES OR TRAINEES); INCIDENTS EXHIBITING UNPROFESSIONALISM AS DETERMINED BY SERVICE CHIEF OR COS; UNAPPROVED CANCELLATIONS OF CLINIC OR LATENESS THAT RESULTS IN POOR CUSTOMER (PATIENT CARE OR INTERNAL) SERVICE; INAPROPRIATE CONDUCT ON E-MAIL; DELAYS IN RESPONSE TO VA BUSINESS DUE TO INABILIT TO HAVE REMOTE ACCESS TO VA NETWORK; ISSUES BROUGHT TO SERVICE CHIEF BY PATIENT ADVOCATE'S OFFICE REGARDING PROVIDER CONDUCT

- ALL LEAVE OR CHANGES IN TOUR APPROVED IN ADVANCE IN ACCORDANCE WITH VHA REQUIREMENTS

### PROVIDER-SPECIFIC CRITERIA (in addition to those above)

- THESE INCLUDE ACCOMPLISHMENTS IN CLINICAL CARE (ex: STARTING NEW CLINICAL PROGRAMS AS DEFINED BY FACILITY SUCH AS TELEHEALTH; ACCESS); RESEARCH (ex: SUBMITTING VA OR OTHER FEDERAL RESEARCH GRANTS); EDUCATION (NEW CURRICULUM OR EDUCATIONAL PROGRAMS).  FOR SERVICE CHIEFS, THESE INCLUDE SPECIFIC CRITERIA IDENTIFIED BY COS IN COLLABORATION WITH LEADERSHIP THAT ARE EXPECTED OF THE SERVICE.

# PERFORMANCE MEASURES FY 15

**PROFESSIONALISM 2%**

0.5% TIMELY COMPLETION OF TMS EDUCATION REQUIREMENTS

0.5% ATTENDANCE AT SCHEDULED STAFF MEETINGS (UNLESS EXCUSED): 100%

0.5% PARTICIPATION IN MONTHLY PEER REVIEW QA/QI PROJECTS: 100%

0.5% PATIENT COMPLAINTS <6 /YFEAR (VALIDATED BY LEADERSHIP/PAL)

**QUALITY: 2%**

0.5% DMA MONTHLY QA: <3 FAILING SCORES/YEAR (VALIDATED BY LEADERSHIP)

0.5% INTERNAL MONTHLY DEPARTMENTAL QA/QI AUDITS: >90% CUMULATIVE SCORE FOR YEAR

1% INSUFFICIENT EXAMS AS DEEMED BY RO: <5 PER YEAR

**TIMELINESS: 2%**

1% COMPLETION OF EXAMS: FAILURE IF ON DELINQUENCY REPORT >5 TIMES

1% COMPLETION OF OPINIONS: FAILURE IF ON DELINQUENCY REPORT >5 TIMES

**EXTRA PROJECTS: 1.5%**

1.5% SPECIAL CONTRIBUTION TO THE DEPARTMENT (TO INCLUDE COLLATERAL DUTIES)

Refused to S

NAME_____     DATE_____

Compensation and Pension Patient Advocate Encounter 02/27/2014

Name of Veteran: ███████████
Name of provider contact(s): Dom Wadhwa MD
Background: I received a call on 2/27/14 from Rosalinda Dirienzo MD stating that she had received an          Exemption 6
email that day from Fern Billet that a complaint had been lodged with the Director regarding care
provided by Dr. Wadhwa on 2/25/14. I called and talked with veteran's wife, ███████████ on 2/27
and 2/28/14.

Veteran's statement:
1. The veteran is significantly impaired and the veteran's wife communicated with me.  Mrs.
   Burrows and I talked briefly on 2/27 and at more length on 2/28/14.
2. 2/27/14 conversation: Mrs. B███ was very upset that Dr. Wadhwa said "you can walk, you
   can walk" when he arrived in a stretcher.  "He had me crying—even the ambulance driver was
   very upset that I should be treated like that".
   2/28/214 conversation: Mrs. B████ reported that the veteran was on a stretcher and came by
   ambulance because he can't walk since his legs give way after a mini-stroke in January.  Mrs.
   B██████ said that after she said that "The doctor got mad at me, told me I should have taken
   him to the hospital immediately. She said it was 2AM and that she called the hospice nurse since
   he is on hospice. The nurse came at 3AM and examined the veteran, said it looks like another
   mini-stroke and it was up to Mrs. B████ to take him to the hospital but would lose hospice
   care and they wouldn't do any more in the hospital. She said she didn't want to loses hospice
   care because "they are my angels" and told Dr. Wadhwa that but he got "kind of angry at me"
   and said "I can not make a decision to approve this benefit [Aid and Attendance]".  She reported
   this was very upsetting to her since she has been fighting for this benefit for 5 years. He husband
   was just approved for 100% SC in Oct 2013 and she now wanted to get assistance. She reported
   that the ambulance driver tried to tell the doctor "did yo think we would have to bring him in on
   a stretcher if he could walk?"  She reports that Dr. Wadhwa said he could not approve the
   benefits unless he has proof from Dr Michael Testa, the veteran's primary doctor, that her
   husband is unable to walk and is totally disabled.  She says she showed letters from Dr. Testa
   and a neurologist saying how disabled he was but Dr. Wadhwa said "that's not good enough".
   "He wants my husband to see the private doctor" but she can't get him to a private doctor
   because VA only approves ambulance services to VA doctors.  At this point, she says, repeated
   several times that he can't approve the claim but finally called Dr. Festa's office where they said
   they would fax all information to Dr. Wadhwa. He then said "I can not make a decision, can't
   approve it. I'll see what I can do". He then sent them to a female neurology specialist for
   examination. Then they left.
        At this point in the conversation, Mrs. B██████ started crying.

Patient Advocate Response:
1. I listened to her concerns and told her I would help
2. I talked to Dr Michael Davenport to try to get Audiology C and P examination here since wife
   was worried how she would get him to contract Audiologist in Langhorne and whether VA
   would pay for the ambulance.
3. I called Mrs. B██████ back that we would temporarily cancel the Audiology appointment and try
   to schedule it here at PVAMC and also schedule his C and P Mental Health evaluation here on
   the same day.  She seemed relieved and appreciative.
4. I talked to Alethea Abney who is working to schedule both these appointments the same day.

I called back Mrs. B▇▇▇ to let her know we are still working on this. She said she got a call from the private audiology company cancelling the 3/10/14 contract audiology appt. I assured her we would get this coordinated and she was appreciative.

5. Dr. Rosalinda Dirienzo will talk to Dr. Wadhwa.

Assessment and Recommendations:

1. Mrs. B▇▇▇ reports are concerning.  We await the results of Dr. Dirienzo's discussion with Dr. Wadhwa.
2. We will continue to work closely with scheduling regarding the two appointments.
3. We will continue to communicate with Mrs. B▇▇▇▇

William Kavesh MD,MPH  March 4, 2014

Hello Dr. Dirienzo,

Wanted to share the following information from a Veteran. The front office received a complaint that was forwarded by The American Legion. Here is the information.

Earlier today I contacted ▇▇▇▇▇▇▇▇▇▇▇▇ on his cell phone ▇▇▇▇▇▇ The Veteran was kind enough to explain in more detail his concern with the treatment he received here at our hospital. The Veteran reports being seen by Dr. Wadha for a
C & P evaluation for a "presumptive disease". The Veteran reports serving in the Gulf War and his symptoms were consistent with Gulf War Syndrome. During the C & P the Veteran rep▁ ▁Dr. Wadha began questioning him about certain things, some associated with his illness and others about the Gulf War. The Veteran said he felt mistreated and frustrated. Dr. Wadha raised his voice to during the evaluation and questioned the validity of the Veteran's answers to some of the questions. At one point the Veteran was told to sit outside the room because Dr. Wadha was going to schedule an evaluation with a psychiatrist to determine if he really suffers from PTSD. The appointment was never made.

The Veteran's claim was initially denied, but eventually found in his favor on appeal. The Veteran also stated "I see a lot of other providers at Ft. Dix and some at Philadelphia. All of the providers are very nice and the care is excellent, other than the C & P doctor. I like the care at the VA". I apologized to the Veteran for the treatment he received and thanked him for his service. The Veteran greatly appreciated the phone call from the Patient Advocate Office. He will contact the Patient Advocate in the future for any other issues or concerns. He may write a letter about Dr. Wadha.

Respectfully,

TK

7/2014

██████████████

Mr. ██████ was satisfied with the concerns and how they were addressed.

I reviewed this examination. He was seen for gulf war syndrome which is a presumptive condition for veterans in the Gulf War. He was examined and asked about his illness and things associated with the Gulf War. The veteran felt that he was not believed because of this questioning and that Dr. Wadhwa yelled at him.

I discussed this with Dr. Wadhwa who denies this. He did have a question about whether he had PTSD but a PTSD exam had already been done.

I counseled Dr. Wadhwa on being sensitive to the manner in which veterans are approached.   Questions can be misconstrued and therefore should be explained in a calm informative manner.

Interaction with ▮▮▮▮   7/10/2015    *sent to me by C'OS office.*
~~Patient Called~~

Mr. S was upset because Dr. Wadhwa used Wikipedia to look up information about chronic fatigue. He thought that his VA examiner should not have to use public internet sources to research a topic. He added that Dr. Wadhwa was professional throughout the exam.

I counseled Dr. Wadhwa about being sensitive to this. He denies that this happened.

Resolution: I asked him to be sensitive to the veteran's perceptions during the exam. Information from professional sources are best shared rather than public internet sources which may give the perception of incompetence.

Compensation and Pension Patient Advocate Encounter 07/16/14

Name of Veteran: ███████████████████
Name of provider contact(s): Dom Wadhwa MD
Veteran's statement:

> Dr. Wadhwa asked if I might talk with Ms. R████ because she seemed upset at the visit to him.
> I talked with Ms. R████ She said she was concerned that Dr. Wadhwa seemed focused on
> events in 2007 rather than now.  She was upset he ask  ⌐  out what medicines she was on
> because she couldn't remember them.  Something about the tone of the interaction was also
> bothersome—that she was being questioned as to whether she should file a claim for
> fibromyalgia.  She also was upset at the VA generally, felt that Dr. Pullman-Moaar didn't know
> anything.

Patient Advocate Response:

> I explained that some of the forms we are required to use contain specific questions that the C
> and P provider has to answer.  I told her that I was sympathetic to her multiple medical problems—
> which do restrict her life. I told her we want to make the VA a comfortable experience for her.  I am
> impressed that Dr. Wadhwa initiated this effort to respond to her discomfort.  I told the Veteran
> that I would report this to the Chief of Compensation and Pension.   She seemed happy at the
> outreach effort.

William Kavesh MD,MPH July 16, 2014

## Report by Employee Involved

*Patient Ad office*

*This document may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this document or the information herein by anyone other than the intended recipient or for official internal VHA and/or VA business is prohibited. This document is covered under the Patient Representation Program Records-VA(100VA10NS10).*

Date Range Selected:  10/01/2013  to  09/30/2014

**Institution**      642   PHILADELPHIA, PA VAMC

**Employee**      WADHWA, DOM MD

    **Facility Service Section**      MEDICINE

        **ROC Number**      642.201402197                                            **Date of Contact**    08/22/2014
        **Patient**      ███████████

        **Issue Text**      Spouse of Veteran reported she was treated rudely by physician when trying to discuss medical issues that Veteran has been having related to his C & P exam.

        **Issue Code**      SC01    Patient not Treated w/Dignity and Respect/Perceived Rudeness

Report Date:  10/28/2014    2:12:57PM                                                                    Page  1

Compensation and Pension Patient Advocate Encounter 10/01/⸍ ₒ

Name of Veteran: ███████████

Name of provider contact(s): Dom Wadhwa MD

Veteran's statement:

> Veteran's was referred by the Director's Office through Dr. Rosalinda Dirienzo, Chief of Comp and Pension.  The letter asserts that Dr. Wadhwa 's Compensation and Pension Examination on 7/8/2014 neglected to document that he has both erectile dysfunction and urinary incontinence.  He also reports that he had rectal bleeding that was documented at VA to be caused by an ulcer due to radiation.

Patient Advocate response:

> I attempted to reach the Veteran several times on 10/01/14 but the phone number listed in CPRS was persistently busy.  I shared the Veteran's letter with Dr. Wadhwa for his response.  I will continue to try to reach the Veteran.

> William Kavesh MD,MPH  October 1, 2014

> Addendum:  Dr.  Wadhwa amended his report prior to my reaching Mr. ██████ and provided documentation from the record on October 2 to support the conclusions of his prior C and P report.  I reached Mr. ██████ later that day who said he felt he wasn't treated "respectfully".  I attempted to reach Dr. Wadhwa on 10/6 verbally and by email and by email 10/20 to respond but have not heard back.

> William Kavesh MD,MPH October 23, 2014

On November 19, 2014 I had two appointments at the Philadelphia Veterans Administration scheduled by the Compensation and Pension Rating Board of my VA Regional Office.

I had an 8:00 am appointment scheduled with Doctor Santram (**who treated me with the utmost respect**). Doctor Santram interviewed me and subsequently referred me to radiology for X-rays.

My second scheduled appointment was with Doctor Wadhwa at 9:00 am. From the onset of my meeting with Dr. Wadhwa I felt slighted. The reason being is that when he came into the waiting room to get me, although Doctor Wadhwa introduced himself when I extended my hand to him introducing myself he turned, walked out of the room & down the hall leading me to the exam room. Perhaps Doctor Wadhwa **DID NOT** see me extend my hand. If he didn't I honestly find that hard to believe since both the waiting room and the corridor of the C&P section of the hospital is not as massive as the rest of the hospital so in comparison has limited space, so much so that any encounter you have with someone is more intimate.

During my interview with Doctor Wadhwa he asked if I had been to Iraq? I confirmed that I had been to Iraq twice both Kirkuk & Balad. I also confirmed that I was in the Gulf region on several other tours serving in Afghanistan, Kuwait and the United Arab Emirates. As we were going through our interview Doctor Wadhwa would ask me questions and as I was attempting to answer he kept cutting me off before I could finish my responses.

Doctor Wadhwa asked me 3 more times if I'd ever served in Iraq. I was perplexed as to why he kept asking me that question because that was the very first question he asked me when our interview started. When he asked me the fourth time, it annoyed me because I felt as though not only was he **NOT** listening to me but I know for certain that my files reflect my prior tours to the Gulf which he had in front of him.

I asked Dr. Wadhwa " Why do you keep asking me that same question? I further stated that I've answered that several times. I also asked him" If you're going to ask me a question why don't you either write down or input in the computer? Doctor Wadhwa response to me was **"I AM A DOCTOR NOT A TYPIST?** His response infuriated me, which sparked a heated exchange between us. I told him his response to me was extremely disrespectful and reiterated to him that I had provided him with my tour dates in Iraq as well as the exact locations which was Kirkuk and Balad. His response to me was **"How am I supposed to know where Balad is?** He further stated that what you did in the Gulf was honorable **"BUT".** I have absolutely no idea what he was about to say after the **"BUT"** because I could no longer contain my anger.

Doctor Wadhwa , rolled his chair back and just stared at me. He then stated to me that I needed to schedule another appointment because he **COULD NOT** help me and I needed to come back to the VA when I was calm? My response to him was that I would absolutely not schedule another appointment, I explained to him that I took the day off from work to attend the appointments that I was scheduled for and the reason that I am **NOT** calm is because I felt

he was being disrespectful and dismissive . I further stated "Your treating me as if I am trying to scam the system?

Doctor Wadhwa stood up,   excused himself and walked out of the exam room. He returned approximately 10 minutes later  and stood on the other side of the room and stared at me. He then stated , I'm going to ask that you go back into the waiting room Dr. Santram is going to finish your appointment.

I returned to the waiting room and waited for Dr. Santram who did in fact come back into the room to escort me back into the exam room and he finished the appointment.

I just want to add that I am extremely disappointed in the service I was provided  by Dr. Wadhwa. I am under no illusion that I should receive any special treatment when I come to the VA but at a minimum I have expectations of  **RESPECT**.  The most recent occurrence with Dr. Wadhwa is the second time that I have encountered a problem with a Doctor at the VA.



# Exhibit F

**From:** Wadhwa, Dom
**Sent:** Tuesday, March 10, 2015 1:50 PM
**To:** Russo, Lauren A.; Adamson, Jeffrey B; Karnay, Laurie
**Cc:** Wadhwa, Dom; Horan, James; Kennedy, Tammy; Witkin, Maxanne R.
**Subject:** Fourth Formal Request for Same Documents under the FOIA/Privacy Act

March 10, 2015

<u>**VIA e-mail & FAX:**</u>

Lauren Russo, Acting FOIA Officer, Philadelphia VA Medical Center
         Telephone: (215) 823-5254; Fax: (215) 823-4050


cc:  Laurie Karnay, FOIA Officer, **OEDCA**
          Telephone: (202) 632-7465; Fax: (202) 632-7581
    Jeffrey Adamson, Acting FOIA Officer, VISN 4
          Telephone: (412) 822-1124; Fax: (412) 822-1185

**Fourth Formal Request for the <u>Same</u> Documents**
**Under the FOIA/Privacy Act**

**FIOA Request No. 15-06922-FP (VISN4)**
**FIOA Request No. 15-06143-FP (PVAMC)**

**In Response to PVAMC FOIA Officer Letter, dated March 6, 2015 (Exhibit A)**

Dear Ms. Russo,

         At 6:08pm on Friday, March 6, 2015, you sent a response (**Exhibit A**) to my
FOIA/Privacy Act request from January 21, 2015, stating that if I do <u>not</u> respond to this email by
Sunday, March 8, 2015, you will <u>**assume that I am no longer interested in pursuing my**</u>
<u>**request**</u> and you will take appropriate measures to administratively <u>**close**</u> this case.

         Please be advised that I have not changed my intention to pursue my request under the
FOIA/Privacy Act. Please be advised that to date I have <u>not received any documents</u> I have
requested under the FOIA/Privacy Act on January 21, 2014.

I am making my *fourth* formal request for the same information, under the Freedom of Information
Act (FOIA), as amended, 5 U.S.C. §552, in conjunction with the Privacy Act, 5 U.S.C. §552a,
based on the following information in regard to my request:

1. "Notice to Employees" by Gary Devansky (Mr Devansky), former Interim Network
   Director, VISN 4, dated December 2, 2014 (**Exhibit B**), states:

a. The **recent** Final Agency decision issued by the VA Office of Employment
Discrimination Complaint Adjudication (OEDCA) found that a **violation of Title VII
Federal Law occurred** at the Philadelphia VA Medical Center (PVAMC).

b. PVAMC has remedied the discrimination with respect to hiring, firing, promotion,
compensation, either terms, conditions or privileges of employment based on the person's
**race, color, religion, sex, national origin, age, or physical or mental disability,** found
in OEDCA's (recent) Final Action or decision.

Based on the above information in the "Notice to Employees," dated December 2, 2014,
it is obvious to me that Mr. Devansky had custody of the OEDCA's Final Agency
decision prior to his issuance of this notice.

2.  On January 20, 2015, I filed a civil action law suit o  ʳ  discrimination under Title VII
Federal Law against the management officials at PVAMC in the United States District
Court for the Eastern District of Pennsylvania, Civil Action No. 15-283.

Kindly provide me information surrounding the above circumstances so that I may provide to the
Administrative Judge for my Civil Action No. 15-283, as supporting evidence of Title VII violation
by management officials at PVAMC, during the probationary period from December 2, 2014 to
February 3, 2015 (see "Notice to Employees," by Gary Devansky, dated December 2, 2014).

In your March 6, 2015 email you state that the Agency has decided to withhold documents
or information for reasons, as follows:

**FOIA Exemption 6, 5 U.S.C. § 552(b)(6). FOIA Exemption 6 permits VA to
withhold a document or information contained within a document if disclosure of the
information would constitute a clearly unwarranted invasion of a living individual's
personal privacy. Stated another way, VA may withhold information under FOIA
Exemption 6 where disclosure of the information, either by itself or in conjunction with
other information available to either the public or the FOIA requester, would result in an
unwarranted invasion of an individual's personal privacy without contributing
significantly to the public's understanding of the activi    of the federal government.**

Please provide the documents **redacted** without identifying the living individual so the personal
privacy is preserved.

**REQUEST TO REVIEW RECORDS RESPONSIVE TO MY FOIA/PRIVACY ACT DISCUSSED
BY MR. DEVANSKY IN EXHIBIT B**

I request permission to review the records which are responsive to this request and select those
which I want copied, discussed below:

1.  Documents in Mr. Devansky's custody from OEDCA of the employee(s) at PVAMC
against whom the unlawful discriminatory employment practice occurred, and the

circumstances, that led to the issuance of the Final Agency decision by OEDCA which found that violation of title VII occurred at this facility, as stated in Mr. Devanksy's "Notice to Employees", dated December 2, 2014.

2.  Documents of all the steps taken by management officials at PVAMC (Agency) to **remedy** the discrimination found in the OEDCAs Final Action or decision, as stated in "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expired February 3, 2015).

Please respond to my request this *fourth* FOIA/Privacy Act request pursuant to 5 U.S.C. §552 (a)(6)(A)(2)(i), on or before March 16, 2015.

If unusual circumstance could be demonstrated in this instance, the time limit for the extension is limited to '10 working days' pursuant to 38 C.F.R. §1.553 (d), **on or before March 30, 2015.**

Please be advised that failure to respond to this request by March 30, 2015, may result in filing an administrative appeal with office of the Secretary of the Department of Veterans Affairs pursuant to 38 C.F.R. §1.557 and 5 U.S.C. §552 (a)(6)(A)(2)(ii), and potentially filing a **federal lawsuit in the U.S. District Court of New Jersey**, to compel the production of this information, and be subjected to court fees in order to obtain this information, pursuant to 38 U.S.C. § 552a (g)(I) of the Privacy Act, and 38 U.S.C. §552 (a)(4)(B) of FOIA.

Respectfully submitted,

Dom Wadhwa, M.D., *pro se*

Dated: March 10, 2015

Enclosures: Exhibits A & B

My home address:
Dom Wadhwa, M.D.
215 East Camden Avenue, H-13
Moorestown, NJ 08057
Telephone: (856) 235-7530
email: dom.wadhwa@va.gov

cc: James P. Horan, Director, FOIA Service
      VA Central Office, Washington, D.C. 20420 (Telephone: (202) 632 7543)
                                                              (Fax: (202) 632-7581)
    Tammy L. Kennedy, Principal Deputy General Counse   ,  ___4)
      VA Central Office, Washington, D.C. 20420
    Maxanne R. Witkin, Director
      VA Office of Employment Discrimination Complaint Adjudication (OEDCA)
      1575 I Street, NW, Washington, DC 20420

# Exhibit G

 **VA** | **U.S. Department of Veterans Affairs**

**DEPARTMENT OF VETERANS AFFAIRS**
**Medical Center**
**University and Woodland Avenue**
**Philadelphia, Pennsylvania 19104**

March 16, 2015

FOIA Request No.: 15-09469-FP

Dom Wadhwa, M.D.
215 East Camden Ave., H-13
Moorestown, NJ 08057

**VIA Email, 1st Class, and Certified Mail, Tracking #7013 1090 002 3225 8388**

Dear Dr. Wadhwa:

This letter acknowledges receipt of your March 10, 2105 request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to the Philadelphia VA Medical Center. Your FOIA request was received in my office on March 10, 2015. Your FOIA request was assigned the tracking number at the top of this letter. Please include this tracking number in all future communications concerning this FOIA request.

As I stated in my February 6, 2015 correspondence, Philadelphia VA Medical Center did not have records responsive to items 1-4,5b, and 6b, and referred those items to other agency components. The Office of Resources Management will respond to items 1-3; the FOIA service, on behalf of OEDCA will respond to item 4. Laurie Karnay is your point of contact for this part of the request and should be able to assist you. Ms. Karnay may be reached at (202) 632-7465.

I am closing this request as a duplicate request as you are, as you state in your letter of March 10, 2015, requesting the same documents as you requested in your January 21, 2105 request. As a courtesy, I am attaching my Initial Agency Decision on that request and the responsive records.

As I stated in my letter of March 6, 2015, if you disagree with my determinations, you may file an appeal within sixty (60) calendar days of the date of the adverse determination to:

Office of the General Counsel (024)
Department of Veterans Affairs
810 Vermont Avenue, N.W.
Washington, D.C. 20420

If you should choose to file an appeal, your appeal must be postmarked no later than sixty (60) calendar days from the date of this letter.  Please include a copy of this letter with your written appeal and clearly state why you disagree with the determinations set forth in this response.

Sincerely,

Lauren Russo
Acting FOIA Officer

2