UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DOM WADHWA, M.D. | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 1:15-cv-02777-RBK |
| KMW | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT MCDONALD, SECRETARY | ) | |
| DEPARTMENT OF VETERANS | ) | |
| AFFAIRS, | ) | |
| Defendant | ) | |
| | ) | |

<u>DECLARATION OF LAURIE L. KARNAY</u>

I, Laurie L. Karnay, make the following declaration pursuant to 28 U.S.C. § 1746:

1.  I am the Lead Management Analyst at the Department of Veterans Affairs (VA), Freedom of Information Act (FOIA) Service and the FOIA Officer for the Office of the VA Assistant Secretary for Information Technology.

2.  On February 5, 2015, I received an email from Lauren Russo, then Acting FOIA Officer at the Philadelphia VA Medical Center, identifying four (4) items in Dr. Wadhwa's January 21, 2015 request that concerned a staff office (Office of Employment Discrimination Complaint Adjudication (OEDCA)) here in VA's Central Office (VACO) and that the VA's FOIA Contact List did not show as that did not show that they had a designated FOIA Officer.  On February 6, 2015, I informed Lauren Russo by email to assign those four (4) items to me in my capacity as the Lead Management Analyst for the FOIA Service until I could determine if there was a designated FOIA Officer for OEDCA.

3.  On February 11, 2015, I contacted the FOIA Officer for the Office of Resolution Management (ORM) and asked him to review Dr. Wadhwa's request and determine if his office had jurisdiction over the four (4) items assigned to me.  The ORM FOIA

Officer informed me that ORM has jurisdiction over items 1 - 3 but that OEDCA has jurisdiction over item 4.  (Exhibit A)  The Director, OEDCA confirmed that her office has jurisdiction over item 4.

4.  On February 18, 2015 Jeanne Long of OEDCA informed me that the Director, OEDCA had located responsive records and on February 19, 2015 I physically went to the offices of OEDCA and was provided copies of responsive records to item 4.

5.  On April 6, 2015 I completed my review of the records responsive to item 4 and determined that the records were exempt from release under FOIA Exemption 6, 5 U.S.C. § 552 (b)(6) and of those pages 219 pages were also exempt from release pursuant to FOIA Exemption 5, 5 U.S.C. § 552(b)(5). I prepared the response letter or initial agency decision for signature by the Director, FOIA Service with a date of April 6, 2015 and placed it in the outgoing mailbox that day.  (Exhibit B)

I declare under penalty of perjury that all of the forgoing statements are true and correct to the best of my knowledge and belief.

EXECUTED this 25th Day of June 2015.

Laurie L. Karnay

EXHIBIT A

**Dom Wadhwa, M.D.**
Philadelphia VA Medical Center
3900 Woodland Avenue
Philadelphia, PA 19104
Telephone: (215) 823-5859

January 21, 2015

VIA E-MAIL & FAX

Ed Grzenda, FOIA & Privacy Officer
Department of Veterans Affairs Medical Center
3900 Woodland Avenue
Philadelphia, PA 19104
Telephone: (610) 384-7711, ext. 2239; Fax: (202) 632-7581

Civil Action Lawsuit – filed January 20, 2015
U.S. District Court for the Eastern District of Pennsylvania

*Dom Wadhwa, M.D., pro se*
*v. Secretary for Veterans Affairs*
Department of Veterans Affairs (Agency)

**Title VII Violation**
**False Reporting to State Medical Licensing Board to revoke Medical License**
**And Proposed Removal from Employment for *alleged* Misconduct**

Dear Mr. Grzenda,

Please be advised that I, Dom Wadhwa, M.D., as pro se plaintiff, filed a civil action lawsuit on January 20, 2015, against management officials at the Philadelphia VA Medical Center (Agency), with regard to Title VII violation of Federal law, "**False Reporting to State Medical Licensing Board to revoke Medical License And Proposed Removal from Employment of VA Physicians, including myself, for *alleged* Misconduct.**"

As part of the civil action lawsuit that I filed on January 20, 2015, I am making a formal request for documents under the Freedom of Information Act (FOIA), as amended, 5 U.S.C. §552, in conjunction with the Privacy Act, 5 U.S.C. §552a., including, but not limited to, the details surrounding the Title VII violation by management officials at the Philadelphia VA Medical Center (PVAMC, Agency), which resulted in posting of "Notice to Employees" by Gary W. Devansky (Mr. Devansky), former Interim Network Director, VISN 4, dated December 2, 2014, which expires on February 3, 2015. (**Exhibit A**)

If this request has been misdirected, I request that you inform me immediately in writing and either apprise me of the proper individual to whom this request should be made, or, in the alternative, direct this Freedom of Information Act/Privacy Act request to the appropriate official. If any part of my request is denied, please list the specific exemptions which are being claimed to withhold information. If you determine that some portions of the requested material are

exempt, please provide me with the remaining non-exempt portions in accordance with the Act. I reserve my right to appeal any decision to withhold information and request that you inform me of the address and office where such an appeal can be sent.

**Please number the items furnished to correspond with my request.** If any of the requested information does not exist, please so state.

I agree to pay all reasonable costs for locating the requested information and reproducing it. However, in the interests of justice, I request that you waive all fees in connection with this request. If this request is processed under the Privacy Act, I expect, as the Act provides, that no fees will be charged for locating requested files. If the fee waiver is not granted and fees will exceed $50.00, I request permission to review the records which are responsive to this request and select those which I want copied. In the event a delay is encountered with regard to any portion of the requested information, I request that the remaining portions be sent to me without delay.

For the purposes of this **Freedom of Information Act (FOIA)/Privacy Act** request, the term "document", or "documents" means any written, electronic, computer stored, recorded, filmed, or graphic matter, whether produced, reproduced or on paper, cards, tapes, films, electronic facsimile, computer storage devices or any other media, including, but not limited to, memoranda, notes, emails, minutes, records, photographs, correspondence, faxes, diaries, reports, studies, charts, graphs, statements, notebooks, handwritten notes, appointment calendars, notes, records and recordings of oral conversations, work papers, and also including, but not limited to, originals and all copies which are different in any way from the original ...ther by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise, and drafts which are in the possession, custody or control of your present or former agents, representatives, or attorneys or any and all persons acting on their behalf, including documents at any time in the possession, custody or control of such individuals or entities known by you to exist.

This FOIA/Privacy Act request concerns information and documents related to the details surrounding the Final Agency Decision issued by the Office of Employment Discrimination Complaint Adjudication (OEDCA), which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. Title VII Federal law requires that there is no discrimination against any employee or applicant because of the person's **race, color, religion, sex, national origin, age or physical or mental disability** with respect to hiring, firing, promotion, compensation, or other terms, conditions or privileges of employment. Federal law also **prohibits reprisal** against employees who participate in EEO proceedings or otherwise oppose unlawful discriminatory employment practices.

Mr. Devanksy's "Notice to Employees" dated December 2, 2014 (**Exhibit A**), states, "The Department of Veterans Affairs Medical Center in Philadelphia, supports and **will comply** with such Federal law and will **not retaliate** against individuals because they exercised their rights under law. The Department of Veterans Affairs Medical Center in Philadelphia, Pennsylvania, has **remedied** the discrimination found in the OEDCAs Final Action or decision. The Department of Veterans Affairs Medical Center in Philadelphia, Pennsylvania, will **not** in any manner restrain, interfere, coerce or **retaliate** against any individual who exercises his or her right to oppose practices made

unlawful by, or who participate in proceedings pursuant to, Federal Equal Employment Opportunity law."

The documents requested under the FOIA/Privacy Act are described below.

1.      Produce all documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails) reviewed by OEDCA, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

2.      Produce all documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails) considered by OEDCA, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

3.      Produce all documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails) supporting OEDCAs decision, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. This request also includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

4.      Produce all documents (including electronic versions, such as emails, and also attachments to the emails) concerning, reflecting, representing and/or summarizing any findings or conclusions by OEDCA, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

5.      Produce all documents (including electronic versions such as emails, and also attachments to the emails) reflecting, representing and/or summarizing any communications by, between and among agency personnel with respect to hiring, firing, promotion, compensation, reporting of *alleged* misconduct to the State Licensing Board, a *proposed* removal from VA employment for *alleged* misconduct, or other terms, conditions or privileges of employment, including, but not limited to:

a. Daniel Hendee, Medical Center Director, PVAMC;

b. Gary Devansky, former Director, Interim Network VISN 4;

c. Ralph Schapiro, M.D., Chief of Staff, PVAMC;

d. Elizabeth Datner, M.D., Associate Chief of Staff, PVAMC;

e. Rosalinda Dirienzo, M.D., Chief of Compensation & Pension (C&P) Section, PVAMC;

f. William Kavesh, M.D., Staff Physician, C&P Section, PVAMC;

g. Ramesh Gupta, M.D., former Staff Physician, PV. ..... .;

h. Mukesh Jain, M.D., former Assistant Chief of Staff, PVAMC;

i. Chief, Patient Advocate, PVAMC;

j. Gregory Weller, Chief of Employment Labor Relations, PVAMC;

k. Richard Nelson, Chief of Human Resources, PVAMC; and

l. any other VA agency official;

who were involved with respect to hiring, firing, promotion, compensation, reporting of *alleged* misconduct to the State Licensing Board, a *proposed* removal from VA employment for *alleged* misconduct, or other terms, conditions or privileges of employment of Mukesh Jain, M.D., former Assistant Chief of Staff at PVAMC, and Ramesh Gupta, M.D., former Staff Physician at PVAMC, and any other employee, which resulted in posting of "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expires February 3, 2015). This request also includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

6. Produce all documents by, between and among ...ncy personnel (including electronic versions, such as emails, and also attachments to the emails) related to hiring, firing, promotion, compensation, reporting of *alleged* misconduct to the State Licensing Board, a *proposed* removal from VA employment for *alleged* misconduct, or other terms, conditions or privileges of employment of Mukesh Jain, M.D., former Assistant Chief of Staff at PVAMC, and Ramesh Gupta, M.D., former Staff Physician at PVAMC, and any other employee, which resulted in posting of "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expires February 3, 2015). This request also includes copies of all documents (electronic or hard copies) which represent copies or blind copies, but not limited to:

a. Daniel Hendee, Medical Center Director, PVAMC;

b. Gary Devansky, former Director, Interim Network VISN 4;

c. Ralph Schapiro, M.D., Chief of Staff, PVAMC;

d. Elizabeth Datner, M.D., Associate Chief of Staff, PVAMC;

e. Rosalinda Dirienzo, M.D., Chief of Compensation & Pension (C&P) Section, PVAMC;

f. William Kavesh, M.D., Staff Physician, C&P Section, PVAMC;

g. Ramesh Gupta, M.D., former Staff Physician, PVAMC;

h. Mukesh Jain, M.D., former Assistant Chief of Staff, PVAMC;

i. Chief, Patient Advocate, PVAMC;

j. Gregory Weller, Chief of Employment Labor Relations, PVAMC;

k. Richard Nelson, Chief of Human Resources, PVAMC; and

l. any other VA agency official;

All notes created or maintained by, or in the possession of the above or any other agency officials related to hiring, firing, promotion, compensation, reporting of *alleged* misconduct to the State Licensing Board, a *proposed* removal from VA emplo ~ ent for *alleged* misconduct, or other terms, conditions or privileges of employment of Mukesh Jain, M.D., former Assistant Chief of Staff at PVAMC, and Ramesh Gupta, M.D., former Staff Physician at PVAMC, and any other employee, which resulting in posting of "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expires February 3, 2015).

Also, please include the following documents:

1. Produce all documents used as evidence in the evidence folder which resulted in removal of Mukesh Jain, M.D., from his position as Assistant Chief of Staff at PVAMC;

2. Produce all documents used as evidence in the evidence folder for *proposed* **reporting the State Licensing Board** of *alleged* misconduct (**Exhibit B**) and *proposed* removal of Ramesh Gupta, M.D., from his 27- year full-time VA employment as Staff Physician at PVAMC, on or about December 18, 2014;

3. Produce all documents used as evidence in the evidence folder which resulted in removal or *proposed* removal, or any other incident/disciplinary action cited as Title VII violation of any employee, from his/her position at PVAMC, that resulted in posting of "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expires February 3, 2015). (**Exhibit A**);

4. Produce all documents used as evidence in charging me (Dr. Wadhwa) for *alleged* misconduct with reduction in my performance pay by 21% on February 25, 2014 for the fiscal year 2013 (**Exhibit C**), and a further reduction in my performance pay by 56% on January 8, 2014 for the fiscal year 2014 (**Exhibit D**), i.e., a **progressive punitive disciplinary action** taken against me by the management officials at PVAMC;

5. Produce all documents compiled against me by the management officials at PVAMC, to use as evidence for my *alleged* misconduct, and subsequent *proposed* disciplinary action, inclusive but not limited to reduction in performance pay (**Exhibits C & D**), *proposed* major disciplinary action, including but not limited to *proposed* removal from my full-time VA employment, as was done so, for Dr. Gupta, on or about December 18, 2014;

6. Produce all documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails, and training sessions, etc.) of all the steps taken by management officials at PVAMC (Agency) to **remedy** the discrimination

found in the OEDCAs Final Action or decision, as stated in "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expires Feb  ary 3, 2015).

Please note, as stated above, this request of documents is being made pursuant to the Privacy Act, 5 U.S.C. § 552, and FOIA, 5 U.S.C. §552a, as well as 38 C.F.R. §1.550 and 38 C.F.R. §1.577. Please respond to this request within twenty (20) days of the date of this request pursuant to 5 U.S.C. §552 (a)(6)(A)(2)(i).

Additionally, although an extension of time to respond may be requested, it may only be granted for 'unusual circumstance.' Predictable agency workload is not typically considered unusual circumstance, as stated in 5 U.S.C. §552 (a)(6)(C)(ii). Moreover even to the extent that an unusual circumstance could be demonstrated in this instance, the time limit for the extension is limited to '10 working days' pursuant to 38 C.F.R. §1.553 (d).

Please be advised that failure to respond to this request within twenty (20) days may result in filing an administrative appeal with office of the Secretary of the Department of Veterans Affairs pursuant to 38 C.F.R. §1.557 and 5 U.S.C. §552 (a)(6)(A)(2)(ii), and potentially filing a federal lawsuit in the U.S. District Court of New Jersey, to compel the production of this information, and be subjected to court fees in compelling production of this information, pursuant to 38 U.S.C. § 552a (g)(I) of the Privacy Act, and 38 U.S.C. §552 (a)(4)(B) of FOIA.

I am an individual seeking the above limited docum   e . for personal use as evidence in my civil lawsuit of the prohibited personnel practices, employment discrimination based on a physician's race, color, national origin, age, and repeated title VII violation of Federal Law, by management officials at PVAMC, and not for commercial use. Please advise me when the requested documents will be supplied, so that I may provide this information to the U.S. District Court for the Eastern District of Pennsylvania, and if I may be permitted to submit a supplement to this request (after receipt of the requested documents).

Please do not hesitate to call me on my cell phone (609) 220-2771.

Respectfully submitted,

Dom Wadhwa MD

Dom Wadhwa, M.D., *pro se*

Dated: January 21, 2015

Enclosures: Exhibit A – Notice to Employees by Gary W. Devansky, Interim Network Director, VISN 4

Exhibit B - False reporting to State Licensing Board of *alleged* misconduct
Exhibit C - 21% reduction in performance pay for *alleged* misconduct FY 2013
Exhibit D - 56% reduction in performance pay for *alleged* misconduct FY 2014

<u>Please mail the above requested documents for personal use to my home address:</u>

Dom Wadhwa, M.D.
215 East Camden Avenue, H-13
Moorestown, NJ 08057
Telephone: (856) 235-7530

cc: Timothy Burke, M.D., Acting Chief Medical Officer (CMO), VISN 4
                                (Telephone: (724) 477 5003)
    Gary Devansky, former Interim Network Director, VISN 4
    James P. Horan, Director, FOIA Service
        VA Central Office, Washington, D.C. 20420 (Telephone: (202) 632 7543)
                                (Fax: (202) 632-7581)
    Tammy L. Kennedy, Principal Deputy General Counsel (024)
        VA Central Office, Washington, D.C. 20420
    Sloan Gibson, Deputy Secretary of Veterans Affairs
        VA Central Office, Washington. D.C. 20420
    Maxanne R. Witkin, Director
        VA Office of Employment Discrimination Complaint Adjudication (OEDCA)
        1575 I Street, NW, Washington, DC 20420

# Exhibit A

## NOTICE TO EMPLOYEES

This Notice is posted pursuant to a recent Final Agency Decision issued by the Office of Employment Discrimination Complaint Adjudication (OEDCA), which found that a violation of Title VII occurred at this facility.

Federal law requires that there be no discrimination against any employee or applicant because of the person's RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE OR PHYSICAL or MENTAL DISABILITY with respect to hiring, firing, promotion, compensation, or other terms, conditions or privileges of employment. Federal law also prohibits REPRISAL against employees who participate in EEO proceedings or otherwise oppose unlawful discriminatory employment practices.

The Department of Veterans Affairs Medical Center in Philadelphia, Pennsylvania, supports and will comply with such Federal law and will not retaliate against individuals because they have exercised their rights under law.

The Department of Veterans Affairs Medical Center in Philadelphia, Pennsylvania, has remedied the discrimination found in OEDCAs Final Action or decision.

The Department of Veterans Affairs Medical Center in Philadelphia, Pennsylvania, will ensure that officials responsible for personnel decisions and terms and conditions of employment will abide by the requirements of all federal equal employment opportunity laws and will not retaliate against employees who file EEO complaints.

The Department of Veterans Affairs Medical Center in Philadelphia, Pennsylvania, will not in any manner restrain, interfere, coerce or retaliate against any individual who exercises his or her right to oppose practices made unlawful by, or who participates in proceedings pursuant to, Federal equal employment opportunity law.

Gary W. Devansky Interim Network Director, VISN 4

Date Posted: Dec 2, 2014

Posting Expires: Feb. 3, 2015

Exhibit B

reply.  You may make arrangements for your oral reply by calling ████████ ███████████ Human Resources Specialist, at (215) 823█████

4.   **RIGHT TO REVIEW MATERIAL:**  The evidence on which this notice of proposed action is based is enclosed for your review.  You will be allowed eight (8) hours of official duty time for reviewing the evidence relied on to support the reason in this notice, preparing a written reply, securing affidavits, and for making a personal reply.  Arrangements for the use of official time or requests for additional time should be made with me.

5.   **RIGHT TO REPRESENTATION:**  You may be represented by an attorney or other representative of your choice at all stages of this matter, up to and including the issuance of the decision.  Any representative must be designated in writing (Designation of Representative form enclosed).

6.   **DECISION:**  The final decision to effect the action proposed has not been made. Daniel D. Hendee, FACHE, Medical Center Director, who will make the final decision, will give full and impartial consideration to your reply(ies), if submitted, along with the Supervisor's Checklist for any Mitigating or Aggravating Factors. You will be informed in writing of the final decision as soon as possible after your reply has been considered or after the expiration of the time allowed for reply, if you do not reply.  If an action is effected, your right to appeal under the VA Grievance Procedure will be included in the decision letter.

7.   **DUTY STATUS:**  You will be retained in a pay and duty status during the period of advance notice.

8.   **EFFECTIVE DATE:**  If it is decided to take the proposed action, such action will be effective not less than 30 calendar days from the day following the date you received this notice.

9.   **REPORTING TO STATE LICENSING BOARD:**  It is the policy of the VA to report to the State Licensing Board those licensed healthcare professionals, whether currently employed or separated, voluntarily or otherwise, whose clinical practice during VA employment so significantly failed to meet generally accepted standards of clinical professional practice as to raise reasonable concerns for the safety of patients.  In the event you are found to not meet standards of care, consideration will be given whether, under these criteria, you should be reported to the State Licensing Board(s).

9

# Exhibit C

JAN-22-2015 09:44    From:215-823-6309                                    Page:14/16

## Department of Veterans Affairs

### PERFORMANCE PAY
### RECOMMENDATION & APPROVAL

| PERIOD COVERED | SERVICE/LOCATION |
|---|---|
| 10/1/12-9/30/13 | Compensation and Pension |

| NAME | LAST 4 DIGITS OF SSN | PAY TABLE/TIER |
|---|---|---|
| Wadhwa  Dom | | VM 15/14 |

| ANNUAL PAY | MAXIMUM TARGET PERFORMANCE PAY | % OF ANNUAL PAY |
|---|---|---|
| | 14,684 | 7.5 |

| | | | | |
|---|---|---|---|---|
| | Mandatory Training (See Attached) | | | |
| 2 | Professionalism (See Attached) | | | |
| 3 | Timeliness (See Attached) | | | |
| 4 | Quality of Reports (See Attached) | | | |
| 5 | Special Contributions (See Attached) | | | |

| SUPERVISORY OFFICIAL (Print name below) | SIGNATURE | DATE 2-25-14 |
|---|---|---|
| EMPLOYEE (Print name below) | SIGNATURE | DATE |

| RECOMMENDED PERFORMANCE PAY | 12,350  $11722  /M/ | % OF ANNUAL PAY | 6.75 |
|---|---|---|---|

DESCRIBE THE DEGREE TO WHICH GOALS AND OBJECTIVES WERE MET

Please see attached supporting document

| RECOMMENDING OFFICIAL (Print name and title ) | SIGNATURE | DATE 12 30 13 |
|---|---|---|

APPROVED AMOUNT (if different than recommended amount)

| APPROVING OFFICIAL (Print name and title) | SIGNATURE  Daniel D Hedee | DATE 3/12/14 |
|---|---|---|
| DANIEL D. HEDEE, FACHE, Director | | |

VA FORM
DEC 2005    **10-0432**

JAN-22-2015 08:41AM   FAX:215 823 6309        ID:HR           PAGE:014  R=100%

Exhibit D

JAN-22-2015 09:45    From:215-823-6309                                    Page:16/16

| **VA** Department of Veterans Affairs | **PERFORMANCE PAY**<br>**RECOMMENDATION & APPROVAL** |
|---|---|

| PERIOD COVERED | SERVICE/LOCATION |
|---|---|
| 10/1/13 to 9/30/14 | Philadelphia VA Medical Center |

| NAME | | |
|---|---|---|
| WADhWA, Dim. | | |
| | LAST 4 DIGITS OF SSN | PAY TABLE/TIER |

| ANNUAL PAY | MAXIMUM TARGET PERFORMANCE PAY | % OF ANNUAL PAY |
|---|---|---|
| | | 7.5% |

1. PROFESSIONALISM (SEE ATTACHED): 2%

2. QUALITY (SEE ATTACHED):  2%

3. TIMELINESS (SEE ATTACHED):  2%

4. COLLATERAL DUTIES/SPECIAL CONTRIBUTIONS (SEE ATTACHED): 1.5%

5.

| SUPERVISORY OFFICIAL (Print name below) | SIGNATURE | DATE |
|---|---|---|
| | | 1-8-15 |
| EMPLOYEE (Print name below) | SIGNATURE | DATE |

| RECOMMENDED PERFORMANCE PAY | 6500· | % OF ANNUAL PAY | |
|---|---|---|---|

DESCRIBE THE DEGREE TO WHICH GOALS AND OBJECTIVES WERE MET

CSSC coordinator for C+P
Regularly Assists NRS) with C+P Assignments.
Several complaints from vedrans/ staff.

| RECOMMENDING OFFICIAL (Print name and title ) | SIGNATURE | DATE |
|---|---|---|
| | | |

| APPROVED AMOUNT (if different than recommended amount) | | |
|---|---|---|
| APPROVING OFFICIAL (Print name and title) | SIGNATURE | DATE |

JAN-22-2015 09:42AM    FAX:215 823 6309           ID:HR                PAGE:016  R=100%

EXHIBIT B



**DEPARTMENT OF VETERANS AFFAIRS**
**Washington DC 20420**

APR 0 6 2015

Mr. Dom Wadhwa, M.D.
215 East Camden Avenue, H-13
Moorestown, NJ 08057

Dear Dr. Wadhwa:

This is in response to your Freedom of Information Act (FOIA) request dated January 21, 2015, which was addressed to the Philadelphia VA Medical Center.  The Philadelphia VA Medical Center Acting FOIA Officer referred that portion of your request to the VA FOIA Service as the Office of Employment Discrimination Complaint Adjudication (OEDCA) does not have a designated FOIA Officer, by letter dated February 6, 2015, for the following requested items:

1.      Produce all documents (of any date, no matter when created, including electronic versions, such as emails and also attachments to the emails) reviewed by OEDCA, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

2.      Produce all documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails) considered by OEDCA, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

3.      Produce all documents (of any date, no matter when created, including electronic versions, such as emails and also attachments to the emails) supporting by OEDCA, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center.  This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

4.      Produce all documents (including electronic versions, such as emails and also attachments to the emails) concerning, reflecting, representing and/or summarizing any findings or conclusions by OEDCA, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center.  This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

We have assigned FOIA Tracking Number **15-06889-FP** to your request.  Please refer to it whenever communicating with this office about your request.

The records you are requesting fall under the Privacy Act system of records maintained in EEOC/GOVT-1 and titled "Equal Employment Opportunity in the Federal Government

Mr. Dom Wadhwa, M.D
Page Two


Complaint and Appeal Records." This system of records has been exempted from several provisions of the Privacy Act, including the access, amendment, and accounting of disclosures provisions of the Act in accordance with 29 C.F.R. § 1611.13 as published on March 14, 1991, in Federal Register Volume 56, Number 50 on pages 10900 through 10901.

The Federal Register publication cited above states that "Pursuant to subsection (k)(2) of the Privacy Act, 5 U.S.C. 552a(k)(2), this system of records is exempt from subsections (c)(3); (d); (e)(1), (e)(4)(G), (e)(4)(H), (e)(4)(I); and (f) of the Act. Consequently, you do not have a right of access to these records under the Privacy Act and we will be processing your request in accordance with the FOIA.

FOIA provides that Federal agencies must disclose records requested unless they may be withheld in accordance with one or more of nine statutory exemptions (5 U.S.C. § 552(b)). My review of the documents revealed that they contain information that falls within the disclosure protections of FOIA Exemption 5 (5 U.S.C. § 552(b)(5)) and FOIA Exemption 6 (5 U.S.C. § 552(b)(6)). I am therefore withholding these records in their entirety.

FOIA Exemption 6 permits VA to withhold a document or information contained within a document if disclosure of the information would constitute a clearly unwarranted invasion of a living individual's personal privacy. In other words, VA may withhold information under FOIA Exemption 6 where disclosure of the information, either by itself or in conjunction with other information available to either the public or the FOIA requester, would result in an unwarranted invasion of an individual's personal privacy without contributing significantly to the public's understanding of the activities of the federal government.

Specifically, the information I am withholding under FOIA Exemption 6 consists of the entire OEDCA file (827 pages) concerning their finding that a violation of Title VII EEO occurred at the Philadelphia VA Medical Center. The coverage of FOIA Exemption 6 is absolute unless the FOIA requester can demonstrate a countervailing public interest in the requested information by demonstrating that the requester is in a position to provide the requested information to members of the general public and that the information requested contributes significantly to the public's understanding of the activities of the Federal government. Additionally, the requester must demonstrate how the public's need to understand the information significantly outweighs the privacy interest of the person to whom the information pertains. Upon consideration of the materials provided, I have not been able to identify a countervailing public interest of sufficient magnitude to outweigh the privacy interest in this case. The individuals associated with this information have a personal privacy interest in information that outweighs any public

Mr. Dom Wadhwa, M.D
Page Three

interest served by disclosure of their identities under FOIA.  Consequently, I am denying
your request for this information under FOIA Exemption 6, 5 U.S.C. § 552 (b)(6).

Portions (219 pages) of the OEDCA file are also being withheld pursuant to FOIA
Exemption 5, 5 U.S.C. § (b)(5).  Exemption 5 permits the Government to withhold "inter-
agency or intra-agency memorandums or letters which would not be available by law to
a party in litigation with the agency." The most commonly invoked privilege incorporated
within Exemption 5 is the deliberative process privilege.  This privilege protects the
decision-making processes of Government agencies, and protects advisory opinions,
recommendations, and deliberations.  Specifically, three policy purposes consistently
have been held to constitute the basis for this privilege: (1) to encourage open, frank
discussions on matters of policy between subordinates and supervisors; (2) to protect
against premature disclosure of proposed policies before they are finally adopted; and
(3) to protect against public confusion that might result from disclosure of reason and
rationales that were not in fact ultimately the ground for an agency action.  I have
determined that (draft Final Agency Decision and certain emails) must be withheld
pursuant to Exemption 5 of the FOIA, 5 U.S.C. 552(b)(5).

One of the other privileges incorporated into Exemption 5, the attorney-work product
privilege; protects documents and other memoranda prepared by an attorney in
contemplation of litigation.  I have determined that a portion (320 pages; draft Final
Agency Decision and certain emails) of the OEDCA file must also be withheld under this
exemption.

Your request was processed by the undersigned.  You may appeal the determination
made in this response to:

                    General Counsel (024)
                    Department of Veterans Affairs
                    810 Vermont Avenue, N.W.
                    Washington, D.C. 20420

If you should choose to make an appeal, your appeal must be postmarked no later than
sixty (60) calendar days after the date of the adverse determination.  It must clearly
identify the determination being appealed and must include any assigned request
number.

Mr. Dom Wadhwa, M.D
Page Four


The appeal should include:

1.    The name of the FOIA Officer
2.    The address of the component
3.    The date of the component's determination, if any, and
4.    The precise subject matter of the appeal

The appeal should include a copy of the request and VA's response, if any.
The appeal should be marked "Freedom of Information Act Appeal".

If you have questions about this letter, please contact Laurie Karnay of my staff at
202-632-7465.

Sincerely,

James P. Horan
Director, FOIA Service