NOT FOR PUBLICATION (Doc. No. 12)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| DOM WADHWA, M.D. | : | |
| Plaintiff, | : | Civil No. 15-2777 (RBK-KMW) |
| v. | : | **OPINION** |
| SECRETARY, DEPARTMENT OF VETERANS AFFAIRS | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Plaintiff Dom Wadhwa's ("Plaintiff") Motion to Compel Discovery on the Agency Officials at the Philadelphia VA Medical Center ("PVAMC") and Motion to Deny Resubmission of Summary Judgment by the Agency Officials at PVAMC. Plaintiff's Motion also appears to contain a Motion for Reconsideration as to this Court's March 11, 2016 Opinion (Doc. No. 10). Plaintiff, proceeding *pro se*, alleges that the Defendant Secretary for the Department of Veterans Affairs ("Department") has failed to comply with his multiple Freedom of Information Act ("FOIA") requests, and asks that this Court compel the Department to respond to his requests and award Plaintiff damages. Plaintiff seeks production of documents related to employment discrimination claims brought against the Philadelphia VA by three other physicians. Plaintiff appears to be pursuing his own claims of discrimination against the PVAMC and seeks these documents for use in his pending civil action. *See generally* Compl. (Doc. No. 1). For the reasons discussed below, Plaintiff's Motion to

Compel Discovery is **GRANTED** and Plaintiff's Motion to Deny Resubmission of Summary Judgment is **DENIED AS MOOT**. Plaintiff's Motion for Reconsideration is **DENIED**.

I.    FACTUAL BACKGROUND

On or around January 21, 2015, Plaintiff filed a FOIA request with the Philadelphia VA outlining twelve specific document requests. Russo Decl., Ex. A (Doc. No. 6-3). Items One through Four requested a number of documents concerning a Title VII violation that occurred at the Philadelphia VA, including documents related to the decision of Office of Employment Discrimination Complaint Adjudication ("OEDCA").[1] *Id.* at ¶¶1-4. He also sought documents concerning the employment of more than twenty-two individuals employed with the Philadelphia *Id.* ¶¶ 5-6. Lastly, Plaintiff requested documents relating to the removal of Mukesh Jain, M.D., the discipline of any individual that resulted in a Title VII violation, and any documents relating to the discipline of Plaintiff himself. *Id.* ¶¶ 6-12.

Lauren Russo ("Russo"), the Acting FOIA Officer at the Philadelphia VA, responded to Plaintiff after conducting a search for the records he requested. Russo Decl. Ex. B. She informed Plaintiff that she needed clarification on his requests in Items 5 and 6 pertaining to employment records for the Philadelphia VA employees and his requests in Items 11 and 12 concerning disciplinary actions taken against him. *Id.* She also determined that the Philadelphia VA did not possess documents responsive to Items 1-4, which concern the Title VII violation and the related OEDCA determination. She therefore issued Plaintiff a "no records" response, forwarding the request to FOIA Officer Laurie Karnay for further processing. *Id.* Finally, she forwarded

---

1. Plaintiff's FOIA request is itemized in two lists of six. The FOIA Officers renumbered the second of Plaintiff's list Items 7-12. For clarity's sake, the Court will also refer to Plaintiff's second list of 1-6 as Items 7-12.

Plaintiff's request for documents related to Gary Devansky in 5h and 6b to Jeffrey Adamson after she determined that the Philadelphia VA did not have the documents in its possession. *Id.*

By way of letter dated February 10, 2015, FOIA Officer Jeffrey Adamson ("Adamson") also requested clarification from Plaintiff on that request. Russo Decl., Ex. C. Plaintiff responded to Adamson and Russo in a joint letter dated February 17, 2015, wherein he reiterated his requests but provided only some of the clarification Adamson and Russo requested. Russo Decl., Ex. C. He also accused Russo and Adamson of intentionally delaying his request. *Id.* Thereafter, Adamson made a good faith effort to understand Plaintiff's request, notifying Plaintiff of the scope of his request as Adamson understood it. Adamson Decl., Ex. C (Doc. No. 6-2). Adamson produced seventeen pages of documents responsive to Plaintiff's request but redacted portions containing personal identification information exempt under FOIA Exemption 6. Adamson Decl., Ex. D.

On March 6, 2015, Russo sent Plaintiff the Department's initial agency decision on his FOIA request. Russo Decl., Ex. E. The decision resulted in the production of documents responsive to Plaintiff's request concerning his performance pay reduction. *Id.* The remaining requests were not satisfied either because the Philadelphia VA was not in possession of the records (Items 1-4, 5b, and 6b) or the records were exempt under FOIA Exemption 6 (Item 11). *Id.* Russo also issued a "refusing to confirm or deny" response to Items 7, 8, 9, and 12 because either a confirmation or denial would compromise the subject's personal privacy. *Id.* Russo gave Plaintiff additional time to clarify his requests regarding Items 5 and 6. *Id.*

On March 10, 2015, Plaintiff again wrote to Russo reiterating many of his previous FOIA requests. Russo Decl., Ex. F. He requested documents related to Devansky, as well as documents related to the Title VII violation that occurred at the Philadelphia VA. *Id.* He further asked that

3

the exempted documents be provided with the personal identification information redacted. *Id.* Shortly thereafter, Russo notified Plaintiff that his FOIA request was being terminated as a duplicate, and provided the contact information for Ms. Karnay, who was then processing the documents outside of the Philadelphia VA's possession. Russo Decl., Ex. G.

On April 6, 2015, Plaintiff received a determination on his request concerning the OEDCA finding that a Title VII violation had occurred at the Philadelphia VA. Karnay Decl. Ex. B (Doc. No. 6-4). The FOIA Service Director informed Plaintiff that the 827-page OEDCA file was exempt under FOIA Exemption 6, and 219 pages of the file were also exempt under Exemption 5. *Id.* Plaintiff was provided with the information necessary to appeal the Director's determination. *Id.*

Plaintiff brought suit seeking to compel the production of documents he claims have been unlawfully withheld. Defendant moved for summary judgment regarding the production of all documents. Def.'s Summary Judgment Mot. (Doc. No. 6). This Court granted partial summary judgment for the defendant as to Items 7 and 8 and denied the motion in-part with regard to Items 1-4, 9, and 12. Mar. 11, 2016 Op. at 11, 13. Plaintiff filed the instant Motion to Compel Discovery and Motion to Deny Resubmission of Summary Judgement on March 24, 2016. *See* Pl.'s Mot. (Doc. No. 12). Defendant has not filed opposition to Plaintiff's motion.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(A), "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." The FOIA generally provides a judicially enforceable right to obtain access to federal agency records, except to the extent that such records, or portions thereof, fall within one of nine exceptions. *See* 5 U.S.C. § 552(a)(3); 5 U.S.C. § 552(b)(1)-(9); *Lame v. U.S.*

*Dep't of Justice*, 767 F.2d 66, 68 n.1 (3d Cir. 1985). When an agency receives a request for information, the FOIA requires the agency to conduct a "reasonable search" for records that might be responsive to the request. *See Abdelfattah v. U.S. Dep't of Homeland Sec.*, 488 F.3d 178, 182 (3d Cir. 2007).

### III. DISCUSSION

When this Court denied Defendant's Motion for Summary Judgment in-part on March 11, 2016, Defendant was instructed to provide the Court with "an affidavit that reasonably details which exemptions apply as well as the basis for those exemptions" with any future motion for summary judgment. Mar. 11, 2016 Op. at 13. Such an affidavit would allow the Court to render a decision regarding the applicability of exemptions 5 and 6 to Items 1-4. However, Defendant has not filed any documents with this Court since August 5, 2015. Similarly, the Court denied without prejudice Defendant's Motion for Summary Judgement pertaining to Items 9 and 12 because Russo's affidavit gave the Court no justification as to why Defendant's *Glomar* response declining to produce the documents was appropriate as to Items 9 and 12. *Id.* Because Defendant has not produced any additional explanations as to why Items 1-4, 9, and 12 should not be produced, the Court will grant Plaintiff's Motion to Compel Discovery. As such, Plaintiff's Motion to Deny Resubmission of Summary Judgment is denied as moot.

As a final matter, Plaintiff requests reconsideration of this Court's Order and Opinion dated March 11, 2016, granting-in-part and denying-in-part Defendant's Motion for Summary Judgment. Local Civil Rule 7.1(i) states that any motion for reconsideration shall be accompanied by "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." Plaintiff has simply requested reconsideration, but

5

he has not submitted any documentation of a matter or controlling decision that this Court has overlooked. Accordingly, Plaintiff's Motion for Reconsideration is denied.

### IV. CONCLUSION

Plaintiff's Motion to Compel Discovery is **GRANTED**. Plaintiff's Motion to Deny Resubmission of Summary Judgment is **DENIED AS MOOT**. Plaintiff's Motion for Reconsideration is **DENIED**.

Dated: 11/22/2016                                                s/Robert B. Kugler
                                                                                                                 ROBERT B. KUGLER
                                                                                                                 United States District Judge