UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **DOM WADHWA, M.D.** | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 1:15-cv-02777-RBK-KMW |
| | ) | |
| v. | ) | |
| | ) | |
| **ROBERT MCDONALD, SECRETARY** | ) | |
| **DEPARTMENT OF VETERANS** | ) | |
| **AFFAIRS,** | ) | |
| Defendant | ) | |
| | ) | |

## DECLARATION OF NIGEL COLLIE

I, Nigel Collie, make the following declaration pursuant to 28 U.S.C. §1746:

1. I am employed by the Department of Veterans Affairs at the Office of Resolution Management (ORM) located in Washington, DC.

2. I was the FOIA Officer at ORM from February 2015 through April 2015 and processed Dr. Wadhwa's FOIA/Privacy Act Request.

3. I received items 1-3 of Dr. Wadhwa's FOIA/Privacy Act Request via the VA's FOIA Service email account on February 11, 2015 (see Exhibit 1, attached), and determined that ORM had jurisdiction for these three items on March 6, 2015.

4. In a phone conversation with Dr. Wadhwa in which I was seeking clarification, Dr. Wadhwa stated that he was looking specifically for the equal employment opportunity (EEO) complaint filed by Dr. Mukesh Jain for which a violation of Title VII was found in the fall of 2014.

5. I searched ORM's Complaints Automated Tracking System which contains the EEO complaint files processed by ORM, a Privacy Act system of records maintained in EEOC/GOVT-1, and located and retrieved the responsive records – the complete investigative file of the complaint filed by Dr. Jain for which a violation of Title VII was found in 2014.

6. I reviewed the records and determined that 63 pages of documents consisted of e-mails, letters, and other documents from and between staff members of the Office of Employment Discrimination and Complaint Adjudication and ORM, constituting a deliberative, pre-decisional process, or which

were attorney work product, the release of which would endanger the integrity of the agency's decision-making process. These records fall under FOIA Exemption 5, and were withheld.

7. I further determined that under FOIA Exemption 6 that permits the withholding of documents or information which, if disclosed, would constitute a clearly unwarranted invasion of a living individual's personal privacy, the identifying information of individuals, i.e., names, phone numbers, email addresses, and other information that could lead someone familiar with the Philadelphia VA Medical Center to determine the identity of an individual involved in the case or in the compilation of the EEO investigative files, should be withheld. I redacted all identifying information of individuals, i.e., names, phone numbers, email addresses, and other information that could lead someone familiar with the Philadelphia VA Medical Center to determine the identity of an individual, involved in the case or in the compilation of the EEO investigative file. In addition, I determined that FOIA Exemption 7(C) was applicable to the same documents as Exemption 6 (above). Exemption 7 (C) permits the agency to withhold a document or information compiled for a law enforcement purpose which if disclosed could reasonably be expected to constitute an unwarranted invasion of living individual's personal privacy.

8. I determined that the identities of the top leadership of the medical center, in this case, the director, acting directors, acting associate director, and the chief of staff did not fall under Exemptions 6 and 7(C), as their actions and decisions as executive leaders lie in the public interest. I therefore did not withhold their testimonies or communications.

9. My review of the documents revealed that there were 651 pages with information subject to Exemptions 6 and 7(C). I withheld in their entirety the testimony of the complainant and the witnesses called. I redacted the identifying information in the remaining documents and released them (see Exhibit 2, Initial Agency Decision for FOIA Request No. 15-03258-F, dated April 6, 2015, attached).

I declare under penalty of perjury that all of the forgoing statements are true and correct to the best of my knowledge and belief.

EXECUTED this 6th Day of December, 2016

Nigel J. Collie