

**DEPARTMENT OF VETERANS AFFAIRS**
OFFICE OF RESOLUTION MANAGEMENT
WASHINGTON DC 20420

April 6, 2015

FOIA Request No.: **15-03258-F**

Dom Wadhwa, MD
Philadelphia VA Medical Center
3900 Woodland Avenue
Philadelphia, PA 19104

Dear Dr. Wadhwa:

This letter is the initial agency decision on your January 21, 2015, request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for the first 3 items of your request:

1. All documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails) reviewed by OEDCA, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

2. All documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails) considered by OEDCA, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

3. All documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails) supporting OEDCA's decision, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

In a follow-up phone conversation with me on March 30, 2015, you stated that you were looking for the complaint filed by Dr. Mukesh Jain for which a violation of Title VII was found in the fall of 2014.

Your request was forwarded to my office and received on March 6, 2015. It has been assigned the tracking number written at the top of this letter. Please use it in any future correspondence you may have regarding this request.

The records you are requesting fall under the Privacy Act system of records maintained in EEOC/GOVT-1 and titled "Equal Employment Opportunity in the Federal Government Complaint and Appeal Records." This system of records has been exempted from several provisions of the Privacy Act, including the access, amendment, and accounting of disclosures provisions of the Act in accordance with 29 C.F.R. § 1611.13 as published on March 14, 1991 in *Federal Register* Volume 56, Number 50 on pages 10900 through 10901.

Page 2

Dom Wadhwa, M.D.

The *Federal Register* publication cited above states that "Pursuant to subsection (k)(2) of the Privacy Act, 5 U.S.C. 552a(k)(2), this system of records is exempt from subsections (c)(3); (d); (e)(1), (e)(4)(G), (e)(4)(H), (e)(4)(I); and (f) of the Act.  Consequently, you do not have a right of access to these records under the Privacy Act and we will be processing your request in accordance with the FOIA.

FOIA provides that Federal agencies must disclose records requested unless they may be withheld in accordance with one or more of nine statutory exemptions (5 U.S.C. § 552(b)).  My review of the documents revealed that they contain information that falls within the disclosure protections of FOIA Exemption 5 (5 U.S.C. §552(b)(5), FOIA Exemption 6 (5 U.S.C. §552(b)(6)), and FOIA Exemption 7(C) (5 U.S.C. §552(b)(7)(C)).

FOIA Exemption 5 permits VA to withhold a document or information contained within a document as "pre-decisional" if two requirements are met.  First, if there is an identifiable deliberative process.  Second, the agency generated the information or document as part of the agency decision process.  Stated another way, VA may withhold information under Exemption 5 where the document or its content makes recommendations or expresses opinions about legal or policy matters during a decision-making process and the document is not the decision document or incorporated into the decision document.  Another part of Exemption 5 permits VA to withhold documents under the Attorney Work-Product Privilege.  This privilege protects documents that were created by or at the direction of an attorney and that were created in reasonable anticipation of litigation.  Finally, as a matter of Federal policy, the agency must state an articulable, foreseeable harm to the agency or its activities that could occur as a result of release of the document or information.

My review of the documents identified as responsive to your FOIA request reveals several documents contain information that fall within the protection of Exemption 5.  This information consists of 63 pages of e-mails, letters, and other documents from and between staff members of the Office of Employment Discrimination and Complaint Adjudication (OEDCA), and Office of Resolution Management (ORM) employees.  These documents were part of a deliberative, pre-decisional process, or were attorney work product, the release of which would discourage open and frank discussion, and would endanger the integrity of the agency's decision-making process.  Consequently, VA denies your request for this information under FOIA Exemption 5, 5 U.S.C. § 552(b)(5), and we are withholding them in their entirety.

FOIA Exemption 6 permits VA to withhold a document or information contained within a document if disclosure of the information would constitute a clearly unwarranted invasion of a living individual's personal privacy.  In other words, VA may withhold information under FOIA Exemption 6 where disclosure of the information, either by itself or in conjunction with other information available to either the public or the FOIA requester, would result in an unwarranted invasion of an individual's personal privacy without contributing significantly to the public's understanding of the activities of the federal government.

Page 3

Dom Wadhwa, M.D.

Specifically, the information I am withholding under FOIA Exemption 6 consists of all identifying information of individuals, i.e., names, phone numbers, email addresses, and other information that could lead someone familiar with the Philadelphia VA Medical Center to determine the identity of an individual, involved in the case or in the compilation of the EEO investigative file. Other documents included in this withholding involve emails and documents created by OEDCA during this case.

The coverage of FOIA Exemption 6 is absolute unless the FOIA requester can demonstrate a countervailing public interest in the requested information by demonstrating that the requester is in a position to provide the requested information to members of the general public and that the information requested contributes significantly to the public's understanding of the activities of the Federal government. Additionally, the requester must demonstrate how the public's need to understand the information significantly outweighs the privacy interest of the person to whom the information pertains. It is commonly held that a public servant has a right to the privacy of their own identity, to avoid potential harassment if the information was released to the public. I have not been able to identify a countervailing public interest of sufficient magnitude to outweigh these privacy interests. Their information will, therefore, be redacted from the documents provided, pursuant to FOIA Exemption 6, 5 U.S.C. § 552 (b)(6). This protection does not accrue, however, to the identities of the top leadership of the medical center. An argument can be made that the identities of executive level leadership in these cases is in the public interest. I am therefore not withholding the testimony or communications of the director, acting directors, acting associate director, or the chief of staff.

Exemption 7(C) permits VA to withhold a document or information in a document if the Agency compiled the document for a law enforcement purpose and if disclosure of the information could be reasonably expected to constitute an unwarranted invasion of a living individual's personal privacy. Stated another way, VA may withhold information under Exemption 7(C) where there is a reasonable likelihood that disclosure of the information, either by itself or in conjunction with other information available to either the public or the FOIA requester, could result in an unwarranted invasion of an individual's personal privacy without contributing significantly to the public's understanding of the activities of the Federal government. This exemption continues to apply to information after completion or cessation of the law enforcement activity in which the information was gathered.

Our review of the records revealed that they contain information that falls within the protection of FOIA Exemption 7(C). The information covered by Exemption 7(C) is similar to that of Exemption 6. It consists of all identifying information of individuals, i.e., names, phone numbers, email addresses, and other information that could lead someone familiar with the Philadelphia VA Medical Center to determine the identity of an individual, involved in the case or in the compilation of the EEO investigative file.

Page 4

Dom Wadhwa, M.D.

Other documents included in this withholding involve emails and documents created by OEDCA staff members during its deliberations on this case.  Individuals associated with this information have a personal privacy interest in it, particularly when held in records compiled for law enforcement purposes, as in this case.  Apart from the medical center executives, we have not been able to identify a countervailing public interest of sufficient magnitude to outweigh the privacy interest in this case.  Consequently, information that could reveal their identities has been redacted under FOIA Exemption 7(C), 5 U.S.C. § 552 (b)(7)(C).  As in Exemption 6, this protection does not extend to the executives of the facility.  The identities of the director, acting directors, acting associate director, and the chief of staff, therefore, have not been withheld.

My review of the documents reveals that there are 651 pages of documents involving redactions pursuant to FOIA Exemptions 6 and 7c that I am releasing to you.  I am withholding 4 documents in their entirety-the testimony of the complainant and witnesses called, comprising 84 pages.

If you disagree with my determinations to withhold the information under FOIA Exemptions 5, 6, and 7(C), please be advised that you may appeal to:

> General Counsel (024)
> Department of Veterans Affairs
> 810 Vermont Avenue, N.W.
> Washington, D.C.  20420

If you should choose to make an appeal, your appeal must be postmarked no later than sixty (60) calendar days after the date of the adverse determination.  It must clearly identify the determination being appealed and must include any assigned request number.  The appeal should include:

1. The name of the FOIA Officer
2. The address of the component
3. The date of the component's determination, if any
4. The precise subject matter of the appeal

If you choose to appeal only a portion of the determination, you must specify which part of the determination you are appealing.  The appeal should include a copy of the request and VA's response, if any.  The appeal should be marked "Freedom of Information Act Appeal".

Page 5

Dom Wadhwa, M.D.

If you have any questions regarding your request, please contact Mr. Nigel Collie at (202) 461-0227. We at ORM take customer service seriously. It has been a pleasure to serve you.

Sincerely,

*Thomas L. Maddux*

Thomas L. Maddux
Policy and Compliance Manager

Enclosures

| | |
|---|---|
| 29c-08.29.14 | 5 pages |
| 30-10.20.14 | 11 pages |
| 32-10.17.14 | 11 pages |
| 35a-10.17.14 | 21 pages |
| 37-089.12.14 | 15 pages |
| 40-10.17.14 | 11 pages |
| 40a-10.17.14 | 10 pages |
| 40b-10.17.14 | 10 pages |
| 40c-10.17.14 | 1 page |
| 40d-10.17.14 | 11 pages |
| 40e-10.17.14 | 11 pages |
| 40f-08-18.14 | 1 page |
| 40g-08-11.14 | 9 pages |
| 40h-08-11.14 | 11 pages |
| 40i-08-11.14 | 8 pages |
| 40j-08-18.14 | 1 page |
| 47-10.22.14 | 8 pages |
| 48-A0 | 23 pages |
| 48-A1 | 19 pages |
| 48-A2 | 15 pages |
| 48-A3 | 8 pages |
| 48-A4 | 22 pages |
| 48-A5 | 9 pages |
| 48-A6 | 58 pages |
| 48-A7 | 14 pages |
| 48-A8 | 6 pages |
| 48-A9 | 12 pages |
| 48-A10 | 40 pages |
| 48-A11 | 18 pages |
| 48-B4 | 33 pages |
| 48-B5 | 21 pages |
| 48-B6 | 7 pages |

Page 6

Dom Wadhwa, M.D.

| | |
|---|---|
| 48-B7 | 5 pages |
| 48-C1 | 13 pages |
| 48-C2 | 6 pages |
| 48-C3 | 37 pages |
| 48-C4 | 5 pages |
| 48-C5 | 11 pages |
| 48-C6 | 22 pages |
| 48-C7 | 93 pages |