UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOM WADHWA, MD<br><br>Plaintiff<br><br>KMW<br><br>v.<br><br>ROBERT MCDONALD,<br>SECRETARY DEPARTMENT OF<br>VETERANS AFFAIRS<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:15-cv 02777-RBK<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DECLARATION OF JAMES KILLENS III

I, James Killens III, make the following declaration pursuant to 28 U.S.C. § 1746:

1. I am employed as the Lead Management Analyst at the Department of Veterans Affairs (VA), Freedom of Information Act (FOIA) Service and the FOIA Officer for the Office of the VA Assistant Secretary for Information Technology located in Washington, DC. I began serving in this position on June 12, 2016 so my knowledge of this FOIA request is only from what I have gathered from researching history of the files and emails associated with the request.

2. On, December 7, 2016 I received an email from the Director, FOIA Service, James Horan, which he received from Assistant United States Attorney Anthony J. LaBruna identifying item 4 in Dom Wadhwa's letter dated January 21, 2015 which needed to be addressed. Item 4 of the letter states: "Produce all documents (including electronic versions, such as emails, and also attachments to the emails) concerning, reflecting, representing and/or <u>summarizing any findings or conclusions</u> by OEDCA, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies."

3. I have reviewed the FOIA request and all responsive documents at issue in this litigation and discovered the OEDCA file withheld consisted of only 819 pages rather than 827 which was stated in the final decision letter to Dom Wadhwa, dated

April 6, 2015. This entire file was withheld under Exemption 5 citing deliberative process and attorney work product privileges, and Exemption 6 citing an unwarranted invasion of individual personal privacy.

4. I conducted an additional, extensive review of all 819 pages and determined that the final agency decision document regarding the violation of Title VII complaint and associated memorandums which consist of 70 pages (attached) can be released in full.

5.  My determination after review of the remaining 749 pages is that these pages should remain withheld. The documents in these 749 pages consist of emails, letters and other documents from, to and between staff employees of the Office of Employment Discrimination and Complaint Adjudication and the Office of Resolution Management, to include financial information such as bank account numbers, deposit slips, copies of cleared checks, and pay statements.  These documents also contain testimonies of involved parties and all witnesses called.

6. I have determined the entire 749 pages be withheld under Exemption 5 as they constitute a deliberative, pre-decisional process or which were attorney work product and release of these documents would compromise the integrity and consistency of the agency's decision-making process. Exemption 6 is also used to withhold these documents to protect the personal privacy and identifying information of the individuals involved in the case in the capacity of compiling investigative files, and if disclosed would clearly constitute an unwarranted invasion of their personal privacy, Finally, Exemption 7(c) was also applied as these documents and the information in them was compiled for a law enforcement purpose which if disclosed could reasonably be expected to cause an unwarranted invasion of the individual personal privacy of participants in this investigation.

   I declare under the penalty of perjury that all of the forgoing statements are true and correct to the best of my knowledge and belief.

   EXECUTED this 2nd Day of February, 2017

   _____