UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOM WADHWA, M.D. ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> ROBERT MCDONALD, SECRETARY ) <br> DEPARTMENT OF VETERANS AFFAIRS ) <br> ) <br> Defendant ) <br> ) | Civil Action No. 1:15-cv-02777-RBK-KMW |

## DECLARATION OF LAUREN RUSSO

I, Lauren Russo, make the following declaration pursuant to 28 U.S.C. §1746:

1. I am employed by the Department of Veterans Affairs at the Office of Chief Counsel located in Philadelphia, Pennsylvania.

2. I was the Acting FOIA Officer at the Philadelphia VA Medical Center during from August 2014 through April 2015 and processed Dr. Wadhwa's FOIA/Privacy Act Request.

3. I received Dr. Wadhwa's FOIA/Privacy Act Request via the Philadelphia VA Medical Center's FOIA email account on January 21, 2015.

4. I consulted with VHA FOIA Service prior to issuing an Initial Agency Decision on the FOIA/Privacy Act Request at issue.

5. I reviewed the Court's Opinion and Order dated March 11, 2016, my declarations dated June 19, 2015 and April 11, 2016, the Court's Opinion and Order dated November 22, 2016, and re-reviewed Items 9 and 12 and my original responses to them.

6. Item 9 requested "*all documents used as evidence in the evidence folder which resulted in removal or proposed removal, or any other incident/disciplinary action cited as Title VII violation of any employee, from his/her position at PVAMC, that resulted in posting of "Notice to employees" by Mr. Devansky, on December 2, 2014 (posting expires February 3, 2015).*" I determined that a GLOMAR response was appropriate under the b6 exemption which states that withholding is proper when "[t]he individuals associated with this information have a personal privacy interest in information that outweighs any public interest served by disclosure of their identities under FOIA." I issued the GLOMAR response on the basis of guidance I received from the VHA FOIA Service. It should have stated that the b6 exemption was used as the basis for protecting the privacy of individuals whose disciplinary records were being requested indirectly, through description of those actions and their subject matter, rather than naming specific individuals.

7. The "Notice to Employees" referred to in Plaintiff's request is not merely a general notice to employees of Agency policy. Rather, it is a notice required in response to a finding of discrimination on a specific case,

pertaining to a specific individual. In item 9, Plaintiff is not merely requesting information regarding the events leading to the posting of the notice, but is requesting the specific documents presented as evidence in the adverse/disciplinary action or proposed adverse/disciplinary action that the employee contested as discriminatory. Plainly put, Plaintiff is asking for the adverse personnel action evidence file of another employee, who contested the action as discriminatory and prevailed on at least part of the claim. The employee is not specifically named, but is described by the subject matter of the request. The employee's disciplinary file is clearly covered by exemption 6 and the revelation of any details of the underlying personnel action would allow Plaintiff (or others) to deduce the identity of the individual whose complaint led to the posting of the "Notice to Employees."

8. Item 12 requested "*all documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails, and training sessions, etc.) of all the steps taken by management officials at PVAMC (Agency) to* ***remedy*** *the discrimination found in the OEDCAs Final Action or decision, as stated in "Notice to employees" by Mr. Devansky, on December 2, 2014 (posting expires February 3, 2015)*(emphasis in original). I determined that a GLOMAR response was appropriate under the b6 exemption which states that withholding is proper when, "[t]he individuals associated with this information have a personal privacy interest in information that outweighs any public interest served by disclosure of their identities under FOIA." I issued the GLOMAR response on the basis of guidance I received from the VHA FOIA Service. It should have stated that the b6 exemption was used as the basis of protecting the privacy of the individual who filed the EEO complaint that resulted in the posting of the "Notice to Employees." While a specific individual is not named, as discussed above, the "Notice to Employees" is posted in response to a finding of discrimination against a specific individual. Releasing any details of the remedial actions taken by the Agency in response to OEDCA's finding of discrimination would allow Plaintiff (or others) to deduce not only the identity of the individual whose complaint led to the posting of the "Notice to Employees," but the specifics of the Agency action(s) found to be discriminatory.

*I declare under penalty of perjury that all of the forthgoing statements are true and correct to the best of my knowledge and belief.*

EXECUTED this 12th Day of January 2017,

Lauren Russo