UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DOM WADHWA, M.D. ) | ) | |
| Plaintiff ) | ) | Civil Action No. 1:15-cv-02777-RBK-KMW |
| v. ) | ) | |
| ROBERT MCDONALD, SECRETARY ) DEPARTMENT OF VETERANS AFFAIRS ) | ) | |
| Defendant ) | ) | |

## SUPPLEMENTAL DECLARATION OF LAUREN RUSSO

I, Lauren Russo, make the following declaration pursuant to 28 U.S.C. §1746:

1. I am employed by the Department of Veterans Affairs at the Office of Chief Counsel located in Philadelphia, Pennsylvania.

2. I was the Acting FOIA Officer at the Philadelphia VA Medical Center during from August 2014 through April 2015 and processed Dr. Wadhwa's FOIA/Privacy Act Request.

3. I received Dr. Wadhwa's FOIA/Privacy Act Request dated January 21, 2015, via the Philadelphia VA Medical Center's FOIA email account on January 21, 2015.  It appears that Dr. Wadhwa initially failed to send the request to the VAMC FOIA Inbox as required, but later sent the request to the proper inbox at approximately 3:25p.m. (EST). In my February 6, 2015, acknowledgement letter, I stated that the request was received on January 22, 2015. Whether this was a typographical error or a reference to the request not being perfected until January 22, 2015 is not clear.

4. I consulted with VHA FOIA Service prior to issuing an Initial Agency Decision on the FOIA/Privacy Act Request at issue.

5. I reviewed the Court's Opinion and Order dated March 11, 2016, my declarations dated June 19, 2015 and April 11, 2016, the Court's Opinion and Order dated November 22, 2016, and re-reviewed Items 9 and 12 and my original responses to them.

6. On February 6, 2015 I issued a letter acknowledging receipt of the January 21 request and requested clarification of Items 5 and 6, as both were so overly broad, vague, and confusing, we could not determine what records were sought. I also requested clarification of Items 11 and 12, which were overly broad and impermissibly vague. I issued a "no records" response to Items 1-4, 5b, and 6b, and notified Dr. Wadhwa that I had transferred those requests to Laurie Karnay for processing of the Office of Employment Discrimination Complaint Adjudication ("OEDCA") records and Jeff Adamson for processing of the VISN records. Finally, I

denied his fee waiver in my February 6, 2015 letter and provided information on his appeal rights for denial of the fee waiver.

7. On or about February 18, 2015 Dr. Wadhwa filed an appeal with the VA Office of General Counsel ("OGC").

8. On March 6, 2015 I issued the Initial Agency Decision ("IAD") reiterating that Items 1-3 would be handled by the Office of Resolution Management, Item 4 would be handled by the FOIA Service on behalf of OEDCA, and items 5b and 6b would be handled by the VISN FOIA Service. I provided documents responsive to item 10 and documents responsive to Item 11, subject to redaction of personally identifiable information. I reminded Dr. Wadhwa that he had not responded to my request for clarification as to items 5b and 6b and that if he did not respond by March 8, 2015, I would consider his request closed as to those items. I also provided information on his appeal rights.

9. On March 10, 2015, I received what purported to the fourth request for the same documents. Dr. Wadhwa stated that he was still interested in pursuing his requests for Items 5 and 6, but provided no further clarification, and challenged the "no records" response as to the OEDCA file. He also claimed that he had not received any records responsive to his January 21, 2015 request. He ended by stating that if we did not respond by March 30, 2015, he would file an administrative appeal or a civil action in the US District Court for the District of New Jersey.

10. On April 6, 2015 Thomas Maddux, Policy Compliance Manager, Office of Resolution Management ("ORM"), issued the Initial Agency Response for ORM. This letter included information on how to appeal the decision.

11. On April 20, 2015 Dr. Wadhwa filed a civil action in the U.S. District Court for the District of New Jersey.

12. On or about April 30, 2015 Dr. Wadhwa filed an appeal with OGC.

13. On May 26, 2015 I was assigned to provide litigation assistance task in this case.

14. On May 28, 2015 I sent an email to Barya Offer, who was handling the Final Agency Decision ("FAD") for OGC asking for a status on the FAD. She stated that no FAD had been issued yet.

15. On December 14, 2015 Melinda Perritano, VA Chief Counsel, Information Law Group, issued the FAD on Dr. Wadhwa's FOIA request covering both the January 21, 2015 request and my March 6, 2015 response. The FAD remanded Dr. Wadhwa's FOIA request back to the facility for a revised IAD letter.

16. On April 4, 2016 Tanya Earle completed a revised IAD for issuance to Dr. Wadhwa. (See Attachment A).

*I declare under penalty of perjury that all of the forthgoing statements are true and correct to the best of my knowledge and belief.*

EXECUTED this 26th Day of January 2017,

*Lauren Russo*
Lauren Russo

**ATTACHMENT A**



**DEPARTMENT OF VETERANS AFFAIRS**
Medical Center
University and Woodland Avenues
Philadelphia, PA  19104

In Reply Refer To:  642/00

April 4, 2016

FOIA Request No.:  **15-06143-FP**

Dom Wadhwa, M.D
215 East Camden Avenue H-13
Moorestown, NJ 08057

Dear Mr. Wadhwa,

This letter is the revised agency decision on your January 21, 2015 request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and clarified on February 17, 2015 for a copy of:

*Details surrounding the Title VII violation by management officials at the Philadelphia VA Medical Center (PVAMC, Agency), which resulted in posting of "Notice to Employees" by Gary W. Devansky (Mr. Devansky), former Interim Network Director, VISN 4, dated December 2, 2014, which expires on February 3, 2015 (Exhibit A)." Specifically, you requested that the VAMC do the following:*

1. "Produce all documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails) reviewed by OEDCA, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

**Response:**  *No facility records found, referred to Offices of Resources Management for further processing*

2. Produce all documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails) considered by OEDCA, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

**Response:**  *No facility records found, referred to Offices of Resources Management for further processing*

3. Produce all documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails) supporting by OEDCAs

1 | Page

decision, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

**Response:** No facility records found, referred to Offices of Resources Management for further processing

4. Produce all documents ( including electronic versions, such as emails, and also attachments to the emails) concerning, reflecting, representing and/or summarizing any findings or conclusions by OEDCA, which found that a violation of Title VII occurred at the Philadelphia VA Medical Center. This request includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

**Response:** No facility records found referred to OEDCA for further processing

5. Produce all documents (including electronic versions, such as emails, and also attachments to the emails) reflecting, representing and/or summarizing any communications by, between and among agency personnel with respect to hiring, firing, promotion, compensation, reporting of alleged misconduct to the State Licensing Board, a proposed removal from VA employment for alleged misconduct, or other terms, conditions or privileges of employment, including, but not limited to:

a. Daniel Hendee, Medical Center Director, PVAMC
b. Gary Devansky, Former Director, Interim Network VISN 4- referred to VISN FOIA
c. Ralph Schapiro, M.D., Chief of Staff, PVAMC
d. Elizabeth Datner, M.D., Associate Chief of Staff, PVAMC
e. Rosalinda Dirienzo, M.D., Chief of Compensation & Pension (C&P) Section, PVAMC
f. William Kavesh, M.D., Staff Physician, C&P Section, PVAMC
g. Ramesh Gupta, M.D., Former Staff Physician, PVAMC
h. Mukesh Jain, M.D., Former Assistant Chief of Staff, PVAMC
i. Chief, Patient Advocate, PVAMC
j. Gregory Weller, Chief of Employment Labor Relations, PVAMC
k. Richard Nelson, Chief of Human Resources, PVAMC; and
l. Any other VA agency officials who were involved with respect to hiring, firing, promotion, compensation, reporting of alleged misconduct to the state Licensing Board, a proposed removal from VA employment for alleged misconduct, or other terms, conditions or privileges of employment of Mukesh Jain, M.D., former Assistant Chief of Staff at PVAMC, and Ramesh Gupta, M.D., former Staff Physician at PVAMC, and any other employee, which resulted in posting of "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expires February 3, 2015). This request also includes copies of all documents (electronic or hard copies) which represent copies or blind copies.

**Response:** The facility cannot confirm or deny records responsive for your request therefore rendering a GLOMAR response under exemption (b) (6).

6. Produce all documents by, between and among agency personnel (including electronic versions, such as emails, and also attachments to the emails) related to hiring, firing, promotion, compensation, reporting of alleged misconduct to the State Licensing Board, a proposed removal from VA employment for alleged misconduct, or other terms, conditions or privileges of employment of Mukesh Jain, M.D., former Assistant Chief of Staff at PVAMC, and Ramesh Gupta, M.D., former Staff Physicians at PVAMC, and any other employee, which resulted in posting of "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expires February 3, 2015).

**Response:** The facility cannot confirm or deny records responsive for your request therefore rendering a GLOMAR response under exemption (b) (6).

7. This request also includes copies off all documents (electronic or hard copies) which represent copies or blind copies, but not limited to:

a. Daniel Hendee, Medical Center Director, PVAMC
b. Gary Devansky, Former Director, Interim Network VISN 4
c. Ralph Schapiro, M.D., Chief of Staff, PVAMC no records found
d. Elizabeth Datner, M.D., Associate Chief of Staff, PVAMC
e. Rosalinda Dirienzo, M.D., Chief of Compensation & Pension (C&P) Section, PVAMC no records found
f. William Kavesh, M.D., Staff Physician, C&P Section, PVAMC
g. Ramesh Gupta, M.D., Former Staff Physician PVAMC
h. Mukesh Jain, M.D., Former Assistant Chief of Staff, PVAMC
i. Chief, Patient Advocate, PVAMC
j. Gregory Weller, Chief of Employment Labor Relations, PVAMC
k. Richard Nelson, Chief of Human Resources, PVAMC
l. Any other VA agency official; and,

**Response:** The facility cannot confirm or deny records responsive for your request therefore rendering a GLOMAR response under exemption (b) (6).

8. All notes created or maintained by, or in the possession of the above or any other agency officials related to hiring, firing, promotion, compensation, reporting of alleged misconduct to the State Licensing Board, a proposed removal from VA employment for alleged misconduct, or other terms, conditions or privileges of employment of Mukesh Jain, M.D., former Assistant Chief of Staff at PVAMC, and Ramesh Gupta, M.D., former Staff Physician at PVAMC, and any other employee, which resulting in posting of "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expires February 3, 2015).

**Response:** The facility cannot confirm or deny records responsive for your request therefore rendering a GLOMAR response under exemption (b) (6).

Also, please include the following documents:

9. Produce all documents used as evidence in the evidence folder which resulted in removal of Mukesh Jain, M.D., from his position as Assistant Chief of Staff at PVAMC

**Response:** The facility cannot confirm or deny records responsive for your request therefore rendering a GLOMAR response under exemption (b) (6).

10. Produce all documents used as evidence in the evidence folder for proposed reporting the State Licensing Board of alleged misconduct (Exhibit B) and proposed removal of Ramesh Gupta, M.D., from his 27 year full-time VA employment as Staff Physician at PVAMC, on or about December 18, 2014

**Response:** We cannot confirm or deny records responsive for your request therefore a GLOMAR response under exemption (b)(6).

11. Produce all documents used as evidence in the evidence folder which resulted in removal or proposed removal, or any other incident/disciplinary action cited as Title VII violation of any employee, from his/her position at PVAMC, that resulted in posting of "Notice to employees" by Mr. Devansky, on December 2, 2014 (posting expires February 3, 2015). (Exhibit A).

**Response**: We cannot confirm or deny records responsive for your request therefore rendering a GLOMAR response under exemption (b6)

12. Produce all documents used as evidence in charging me (Dr. Wadhwa) for alleged misconduct with reduction in my performance pay by 21% on February 25, 2014 for the fiscal year 2013 (Exhibit C), and further reduction in my performance pay by 56% on January 8, 2014 for fiscal year 2014 (Exhibit D), i.e., a progressive punitive disciplinary action taken against me by the management officials at PVAMC.
Produce all documents compiled against me by the management officials at PVAMC, to use as evidence for my alleged misconduct, and subsequent proposed disciplinary action, inclusive but not limited to reduction in performance pay (Exhibits C&D), proposed major disciplinary action, including but not limited to proposed removal from my fulltime VA employment, as was done so, for Dr. Gupta, on or about December 18, 2014.

**Response:** Attached and redacted under exemption (b)(6) 00-15 pages attached- pay for performance records (00-05) ,Patient Advocate encounter files (006-015)

13. Produce all documents (of any date, no matter when created, including electronic versions, such as emails, and also attachments to the emails, and training sessions, etc.) of all the steps taken by management officials at PVAMC (Agency) to remedy the discrimination found in the OEDCAs Final Action or decision, as stated in "Notice to Employees" by Mr. Devansky, on December 2, 2014 (posting expires February 3, 2015)."

**Response:** no local records found referred to VISN FOIA office for further processing

Please be advised, that we can neither confirm nor deny records responsive to your request in items 5, 6, 7, 8, 9, 10 and 11. The information you requested concerns n identifiable individuals. For requests that are formulated in such a way that even acknowledgement of the existence of responsive records would cause harm to a protectable privacy interest, then only refusing to confirm or deny that any responsive records exist can protect the records subject's privacy. This approach is known as a "Glomar" approach, see MacLean v. DOD, No. 042425, slip op. at 18 (S.D. Cal. June 2, 2005). Since you are seeking records pertaining to a named individuals, and it is not possible to protect their privacy interest, I am providing a "Glomar" response, citing specifically, the information I am withholding, as indicated on the enclosed documents, under FOIA Exemption 6 consists named individuals: as the individuals associated with this information have a personal privacy interest in it.

The coverage of FOIA Exemption 6 is absolute unless the FOIA requester can demonstrate a countervailing public interest in the requested information by demonstrating that the individual is in a position to provide the requested information to members of the general public and that the information requested contributes significantly to the public's understanding of the activities of the Federal government. Additionally, the requester must demonstrate how the public's need to understand the information significantly outweighs the privacy interest of the person to whom the information pertains. Upon consideration of the materials provided, I have not been able to identify a countervailing public interest of sufficient magnitude to outweigh the privacy interest in this case. The individuals associated with this information have a personal privacy interest in information that outweighs any public interest served by disclosure of their identities under FOIA. Consequently, I am denying your request for this information under FOIA Exemption 6, 5 U.S.C. § 552 (b) (6).

If you disagree with my determinations under FOIA Exemption 6, 5 U.S.C, you may file an appeal within sixty (60) calendar days of the date of this adverse determination to:

> General Counsel (024)
> Department of Veterans Affairs
> 810 Vermont Avenue, NW
> Washington, DC 20420

If you choose to file an appeal, please include a copy of this letter with your appeal and clearly state why you disagree with my determination.

If you have any further questions, please feel free to contact me at (215) 823-4311.

Sincerely,

*Tanya Earle*

Tanya E. Earle
FOIA Officer